IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 MAY 11  A 9:56
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Emily C. Jackson,
Plaintiff

Vs.                                             Case Number: 2:07cv315-MEF

Easter Seals Central Alabama,
Defendant

MOTION TO AMEND COMPLAINT

**Motion to Amend Complaint**

Plaintiff, Emily C. Jackson, files this motion to amend complaint against Defendant as recent information has been received by Plaintiff since claim was filed on April 12, 2007:

1. Based on recent information received by Plaintiff, Defendant's Attorney conducted a board meeting and invited Easter Seals Board Members, Staff, and Employees. During the board meeting Defendant's Attorney made false and defamatory words concerning Plaintiff. Defendant's Attorney made an oral statement at the board meeting that Plaintiff had filed a discrimination case against Defendant.

1

2. Recent information also revealed that Defendant's Attorney stated that Plaintiff's first attorney refused to represent her because she did not have a case against Defendant. This statement is absolutely false and defamatory. Plaintiff relieved her attorney from the case after he expressed concerns about money, time, and a trial jury.

3. Recent information also revealed that Defendant's Attorney stated that Plaintiff had another attorney. This statement is also false. Plaintiff does not have an attorney because she cannot afford one.

4. Recent information further revealed that Defendant's Attorney stated that Plaintiff blamed Defendant for her personal debt. This statement by Defendant is defamatory, false, and slanderous. Plaintiff never blamed Defendant for her debt. Plaintiff's debt is a result of medical bills from previous critical illnesses and surgeries, student loans from graduate school, and debt from taking care of her family. Plaintiff and her family suffered a financial hardship as a result of the stock market crash which caused depletion of family member's retirement.

5. Recent information also revealed that Defendant's Attorney stated that Defendant offered Plaintiff the job. Defendant never offered Plaintiff the job. Defendant only gave Plaintiff letters regarding budget cuts and her employment ending as a result of these budget issues.

6. Based on these false, defamatory, and slanderous statements that recent information revealed and based on those submitted to the Court in writing, Plaintiff is asking the Court to add charges of defamation and slander and publication in a false light to the original complaint against Defendant. Oral

2

statements by Defendant's attorney at a recent board meeting and those submitted to the Court in writing are harmful, highly offensive, intentional, negligent, and reckless.

7. Plaintiff is also asking the Court to add disparate treatment to the charges. Defendant treated others differently than they treated the Plaintiff. Defendant permitted other employees to give recommendations for its decision making process, but would not acknowledge Plaintiff's recommendations. Defendant attended memorial services for other employees' family members and would not attend memorial service for Plaintiff's family member. Defendant also collected monies from employees and gave birthday parties for others, but never did the same for Plaintiff. Based on Defendant repeatedly making differences between Plaintiff and others, Plaintiff claims disparate treatment.

8. Defendant continues to make false and defamatory statements against Plaintiff. Defendant claims that Plaintiff's claims are false, incomplete, and frivolous, and that Plaintiff is only making claim to harass Defendant. Plaintiff denies these claims made by the Defendant as false and unwarranted. Plaintiff is filing a racial and gender discrimination claim against Defendant because Plaintiff was a full-time employee and well qualified for the micro enterprise specialist position when Defendant eliminated her position and hired a less qualified White male unlicensed and uninsured independent contractor.

9. Defendant claims that Plaintiff resigned to devote time to her business, Premiere Business Consultants, LLC. As noted in the EEOC Charge, Plaintiff did not resign. Enclosed is a letter addressed to Defendant dated September 11, 2006 as

3

evidence that Plaintiff did not resign. In this letter, Plaintiff was responding to a letter dated August 15, 2006 informing her about a problem with funds for the ACE Micro Enterprise Program and her position as a micro enterprise specialist.

10. In a letter dated September 18, 2006, Defendant notified Plaintiff that her position of a micro-enterprise specialist had been eliminated. This letter confirms that Plaintiff did not resign, but was terminated by the elimination of her position. Therefore, the statement that the Defendant made in their answer about Plaintiff resigning is totally false and defamatory.

11. During the two years that Plaintiff worked for Easter Seals Central Alabama, Defendant went through four administrators due to mismanagement of business operations and misappropriation of federal grant monies. Defendant did not renew grants for programs in a timely manner and Defendant misappropriated funds causing programs to close and employees to lose their jobs in the Cafeteria, TRACKS, and Physical Therapy Areas. Enclosed is a copy of Defendant's employee turnover rate which indicates serious problems in management.

12. Based on information contained in the Defendants accounting records, tens of thousands of dollars were missing and unaccounted for from Defendants TRACKS Program. Defendant was audited and could not account for the money that was missing. As a result, the Business And Finance Director was given the option to resign or be terminated. Defendant's accounting records from 2004-2006 will confirm that this information is true.

13. As a result of numerous financial problems, poor accounting practices, mismanagement of business operations, and instability at Easter Seals Central

4

Alabama, Defendant's employees started looking for other employment opportunities including Plaintiff who decided to start her own home-based business, Premiere Business Consultants, LLC. However, Plaintiff did not plan on quitting her job at Easter Seals until she could replace her income with her business. Plaintiff is currently working towards a self-employment goal and is conducting research and developing training programs for her business.

14. Defendant continues to make false and defamatory statements against Plaintiff. Enclosed is letters of recommendation and a performance appraisal to show that the Defendant has again made false statements against Plaintiff. Plaintiff assisted Defendant's Micro Enterprise Program with exceeding its projected annual goal of servicing 10 clients over a five year period to servicing 35 clients per year. Defendant used performance and statistical results from the Micro Enterprise Program to request the continuance of the Program. Defendant also reported a full-time micro enterprise salary as part of expenses needed to maintain the ACE Micro Enterprise Program and, therefore, extend the grant through March 2007.

15. Defendant claims that management made a decision to out source their program to an independent contractor due to funding and staffing needs. Defendant misled the Federal Government in believing that they were going to pay a salary for a full-time micro enterprise specialist when, in fact, they outsourced it to and independent contractor which is contrary to the stipulations of the ACE Grant. As a result, Defendant violated the agreement in the grant. Defendant intentionally claimed a full-time salary as an expense in order to obtain grant funding and divert funds in unauthorized areas other than those specified by the ACE Grant.

5

Grant is approximately 50 pages long. If the Court requests a copy of the ACE Grant, Plaintiff will promptly submit a copy to the Court.

16. Plaintiff claims that the EEOC did not receive all evidence submitted to previous attorney, David Arendall, thereby, the EEOC was unable to make a ruling in favor of Plaintiff.

17. Defendant claims that the ACE Grant was terminated in its letter dated August 11, 2006. The ACE Grant was not terminated, but was extended for six months, and this is the time that Defendant could have retained Plaintiff in her position as a micro enterprise specialist since she was currently working in the position and well qualified for the position. In fact, Plaintiff was better qualified than Bill Hanes, the individual who claim to be an independent contractor.

18. On the contrary, Bill Hanes was not an independent contractor. Based on the Internal Revenue Service 20-Factor Analysis which determines whether someone is an employee or an independent contractor, Mr. Hanes failed to meet these factors. Defendant provided office space within Easter Seals Central Alabama and paid Mr. Hanes office rent and utilities. Defendant also provided equipment and supplies for Mr. Hanes. Defendant scheduled Mr. Hanes office hours and controlled his work assignments. Hanes was under the principal control of Defendant. Since Defendant paid for office rent and utilities, provided office space, provided equipment and supplies, and had the right to direct and control the work assignments for Mr. Hanes, was not an independent contractor by the IRS 20-Factor Test and by its test of the Defendant's right to control the means and details of his work. Other factors also indicate that Mr. Hanes was not an

       independent contractor, such as he did not have a business license and he did not have commercial business insurance. However, Defendant classified him as an independent contractor.

19. Defendant continues to make defamatory and false statements against Plaintiff claiming that she resigned. Letters of notification, August 15th and September 18th of 2006, by Defendant to Plaintiff, confirm that Plaintiff did not resign from her position with Defendant, but that Plaintiff's position was eliminated and thereby, Plaintiff was terminated.

20. Defendant claims that Plaintiff resigned to start her own business. However, it was the Defendant's mismanagement of business operations, misappropriation of federal funds, and poor accounting procedures that caused its programs to close, employees to lose their jobs, and Plaintiff to seek another career opportunity.

21. Plaintiff denies Defendant's claim that she has made false statements and/or incomplete claims to the Court. Plaintiff has provided the Court with factual and truthful facts evidence and documentation as requested by the Court regarding her claim against Defendant. Defendant has no evidence that Plaintiff made any false statements.

22. Plaintiff denies Defendant's claim that she is only filing this claim to cause Defendant to incur court and legal expenses and to harass Defendant. Plaintiff is filing this claim because Defendant discriminated against her based on her race, Black, and her gender, female. Defendant knowing and willingly eliminated her position, where she was well qualified and available for the position, and Defendant hired a less qualified White male who is unlicensed and uninsured and

who fails to meet the Internal Revenue Service 20 Factor test for determining individuals as independent contractors.

23. Plaintiff denies Defendant's claim that she elected not to remain with Easter Seals after receiving notice of grant denial. Plaintiff never elected not to remain with Easter Seals. Plaintiff only left after receiving notification dated August 15th and September 18, 2006 that her job had been eliminated.

24. Defendant claims that Plaintiff did not state what she was entitled to. Plaintiff satisfied the Prima Facie Case for Racial Discrimination, Gender Discrimination, Publication in a False Light, and Disparate Treatment: a) Plaintiff is a Black, female; therefore, she is a member of two protected classes. b) Plaintiff was already employed and qualified for the position when the Defendant sought an applicant for the job. (c) Despite Plaintiff's qualifications, she was rejected and terminated as a result of her job being eliminated. (d) After Plaintiff was terminated, the position remained open and Defendant continued to seek an applicant from an individual with, not only Plaintiff's similar qualifications, but also viewer qualifications than Plaintiff. Plaintiff completely satisfied her claim of defamation, slander, and publication in a false light because Defendant's words against Plaintiff were false, defamatory, and slanderous; and, Defendants words were made orally and in writing. Defendant's publication of false words against Plaintiff was also harmful, highly offensive, intentional, negligent, and reckless.

25. Plaintiff is, therefore, seeking the following damages from Defendant for (1) Racial Discrimination, (2) Gender Discrimination, (3) Defamation/Slander, (4) Publication in a False Light, and (5) Disparate Treatment in employment which

are violations of Title VII of the Civil Rights Act of 1964. The Civil Rights Act of 1991 permits Plaintiff to seek monetary damages for discrimination. Plaintiff requests Back Pay Compensatory Damages of $1,000 for each of the above five charges which total $5,000. Plaintiff requests Pain & Suffering Compensatory Damages of $25,000 for each of the above five charges which total $125,000. Plaintiff requests Punitive Damages of $25,000 for each of the above five charges which total $125,000. Plaintiff is asking the Court to consider all of the evidence that has been submitted and to award her total remedies in the amount of $255,000 from Defendant, Easter Seals Central Alabama.

Emily C. Jackson

605 Wesley Drive

Montgomery, AL 36111

(334) 288-4675

## Certification of Service

I, Emily C. Jackson, do hereby certify on this <u>11th</u> day of May 2007, that the information contained in this correspondence to the Court is accurate and true to the best of my abilities, and that I have submitted a copy of this document by United States Postal Service Certified Mail # 7006 0100 0003 6639 7174 to the following:

Michael W. Rountree, Counsel for Defendant
Easter Seals Central Alabama
Rountree & Associates, LLC
448 Saint Lukes Drive
Montgomery, Alabama 36117

*Emily C. Jackson*
Emily C. Jackson

September 11, 2006

Mrs. Debbie Wallace-Lynn, Administrator
Easter Seals Central Alabama
2125 East South Boulevard
Montgomery, AL 36116-2454

Dear Mrs. Lynn:

On Monday, August 21, 2006, upon my return from funeral leave, a letter noted, "Confidential," was left on my desk informing me that the ACE Micro Enterprise Program was ending effective Friday, September 29, 2006, and that efforts to obtain a "no-cost extension" were not granted.

First and foremost, I want to express my appreciation and gratitude to Easter Seals for implementing the ACE Micro Enterprise Program and for hiring me as a Micro Enterprise Specialist. During my two-year tenure, I was blessed and honored to help and work with some extraordinary people. I also had the opportunity to build some trustworthy relationships both on and off the job, and nothing could ever replace those relationships.

What was most rewarding was the time that I had working with clients and helping them achieve their self-employment goals. Despite their disabilities, they were willing to learn and to take on the responsibilities of business ownership. The excitement in their eyes, once their business plans were completed, gave me internal satisfaction that is priceless.

Since I have not been notified that there are any employment opportunities for me here at Easter Seals, I will need time to transition to a new career. Therefore, my last day will be Monday, September 25, 2006. I have enclosed a leave request slip for four hours of annual leave to cover my time from September 26th through September 29th. Therefore, my employment with Easter Seals will officially end, as noted in the letter that I received, on September 29, 2006.

Congratulations on your new position as Easter Seals Central Alabama Administrator. My prayers and thoughts will be with you as you take on new challenges ahead. Also, I admire your courage and your autonomous leadership style, and I wish I could have had the opportunity to work with you.

Take care and God Bless.

Sincerely,

*Emily C. Jackson*
Emily C. Jackson

Cc: Larry F. Lewis, Interim Administrator



*Creating solutions, changing lives*

*Services for children and adults
with disabilities in Central Alabama*

**Easter Seals**

**Central Alabama**
2125 East South Boulevard
Montgomery, Alabama 36116-2454
334-288-0240
FAX 334-288-7171

**Larry Lewis**
**CEO**

# MEMO

TO: Emily Jackson

FROM: Larry F. Lewis

DATE: 8/15/06

RE: Customized Employment grant

I received notification today from ADECA that the Customized Employment Grant will end at the end of September. Their efforts to get an extension funded has failed. Please be advised that your employment with Ester Seals Central Alabama will end on Friday, September 29, 2006. I regret that this grant could not be continued.

Thank you for being a part of our program and for the many things you have done for the clients you have been able to help.

Sincerely,

Larry F. Lewis
CEO

Autauga • Barbour • Bullock • Butler • Conecuh • Coosa • Crenshaw • Elmore • Lowndes • Macon • Montgomery • Pike



*Creating solutions, changing lives*

*Services for children and adults with disabilities in Central Alabama*

Easter Seals

**Central Alabama**
2125 East South Boulevard
Montgomery, Alabama 36116-2454
334-288-0240
FAX 334-288-7171

Debbie W. Lynn
Administrator

September 18, 2006

Mr. Emily Jackson
605 Wesley Drive
Montgomery, Alabama 36116

Dear Emily:

Due to funding cuts by ADECA, the position of micro-enterprise specialist with Easter Seals Central Alabama has been eliminated. Your position will end as of Sept. 29, 2006.

We wish you great success in your future endeavors.

Sincerely,

Debbie Lynn, Administrator

Autauga • Barbour • Bullock • Butler • Conecuh • Coosa • Crenshaw • Elmore • Lowndes • Macon • Montgomery • Pike

Case No 2:07-cv-315-MEF
Jackson vs Easter Seals Central Alabama

Employee Turnover Rate 2004-2006

Resignations (10)

Cassandra Cooper (Micro Enterprise)
Michelle Crowe (CNA Instructor)
Richard Evans (Maintenance)
Vivian Sayles (Business Office)
Diedra (Office Technology)
Chris (Office Technology)
John (Office Technology)
Lane Schawb (Office Technology)
Mary Ann Flowers (Business Office)
Demitrice Tolliver (Job Placement)

Lay Offs (10)

Emily C. Jackson (Micro Enterprise)
Kimberly Fredricks (Physical Therapy)
Debbie Miller (Physical Therapy)
Tony Griffin (TRACKS)
Ron Shuford (TRACKS)
Leona Robinson (TRACKS)
Josh Wingard (TRACKS)
Kim Myers (TRACKS)
Glenda Mahone (Cafeteria)
male employee(Cafeteria)

Retirements (7)

Susan McKim (Director/Administrator)
Larry Lewis (Interim Adminstrator)
Linda Wingard (Business Office)
Essie Richardson (Business Office)
Debbie Hurst (Business Office)
Larry Johnson (Administrator)
Charles Frazier (Evaluations Director)

Terminations (3)

Caleb Duberry (Evaluations)
Cynthia Swiggett (Office Technology)
Monica Abron (Business Office



*Creating solutions, changing lives*

*Services for children and adults
with disabilities in Central Alabama*

**Susan McKim**
Executive Director

Easter Seals

**Central Alabama**
2125 East South Boulevard
Montgomery, Alabama 36116-2454
334-288-0240
FAX 334-288-7171

Letter of Recommendation
September 25, 2006

To Whom It May Concern,

I was a co-worker of Ms. Emily Jackson for the past two years here at Easter Seals Central Alabama. Ms. Jackson always demonstrated professionalism in her job as a Microenterprise Specialist and maintained a consistently positive attitude. It was a pleasure to work with someone as caring as Emily and I would certainly recommend her for other professional level positions such as the one she was doing here at Easter Seals.

Sincerely,

*Ed Collier*

Ed Collier
Program Coordinator

Autauga • Barbour • Bullock • Butler • Conecuh • Coosa • Crenshaw • Elmore • Lowndes • Macon • Montgomery • Pike

Vocational Rehabilitation Service



Alabama Department of
# REHABILITATION SERVICES

Exhibit +



**Bob Riley**
GOVERNOR

**Steve Shivers**
COMMISSIONER

October 13, 2006

Dear Mr. Shivers:

I would like to take this opportunity to make a recommendation for Ms. Emily Carolyn Jackson. I feel that Ms. Jackson would be a good asset at this job. Ms. Jackson is a hard worker and is dependable.

Please feel free to contact me if you have any further questions or if I can be of any further assistance in this consideration. My office hours are Monday through Friday, 7:30 to 4:30. My contact number is (334) 566-2491. Thank you very much for your time.

Sincerely,

Lisa Nonnenmann
Vocational Rehabilitation Counselor

*PROVIDING SERVICES TO ALABAMIANS WITH DISABILITIES*

518 S. Brundidge Street ■ Troy, AL 36081 ■ 334-566-2491 ■ 1-800-441-7608
■ Fax: 334-566-9415 ■ www.rehab.state.al.us

# APPRAISAL FORM

| | |
|---|---|
| Name **Emily Jackson**<br>Title **Micro-enterprise Specialist**<br>Rater Name **Larry Johnson**<br>Rater Title **Administrator**<br>Department **ACE Grant** | **Rating Scale Key**<br>1. Fails to meet job requirements<br>2. Essentially meets job requirements<br>3. Fully meets job requirements<br>4. Meets job requirements with distinction<br>5. Exceeds job requirements |

## PART I RATING SCALES FOR MAJOR RESPONSIBILITIES

| | |
|---|---|
| **A. Planning and Scheduling** | RATING   1   2   (3)   4   5 |
| Reviews regulations and guidelines, develops business plans, develops client files and prepares seminars and training programs. Schedules Business Advisory Council | Comments: Ms. Jackson has adjusted very well to this expectation and received positive comments regarding the development of business plans with her clients. |
| **B. Enrollment and Orientation** | RATING   1   2   (3)   4   5 |
| Enrolls and orients clients in the Micro-enterprise programs | Comments: There have been no complaints from participants regarding orientation. Enrollment numbers are on targaret. |
| **C. Micro-enterprise Training** | RATING   1   2   3   (4)   5 |
| Conducts training seminars, provides technical assistance for business plan development and counsels participants for business plan presentation. | Comments: There have been no complaints from program participants regarding training. Actually there have been complements. The Business Advisory Council has been very complementary regarding business plan development. |
| **D. Business Advisory Council** | RATING   1   2   (3)   4   5 |
| Conducts Business Advisory Council Meetings | Comments: Business Advisory Council meetings have been conducted as scheduled. |
| **E. Records Management and Reporting** | RATING   1   2   (3)   4   5 |
| Designs and maintains filing system, stores and retrieves information; prepares a series of reports and distributes to appropriate personnel | Comments: |
| **F. Professional Development** | RATING   1   2   (3)   4   5 |
| Acquires and maintains knowledge and skills through participating in professional improvement activities. | Comments: Ms. Jackson is currently enrolled in graduate school in a Human Resources. |
| **G.**                                PCT. % | RATING   1   2   3   4   5 |
| | Comments: |
| **H.**                                PCT. % | RATING   1   2   3   4   5 |
| | Comments: |

## PART II PERFORMANCE DISCUSSION AND SUMMARY

Does the employee have knowledge, skills, abilities and other qualifications needed for successful job performance?
[ X ] yes   [  ] no    If no, please explain.

---

Describe any specific actions employee needs to take to improve job performance.

Continue course work at Troy University. Continue to work on presentation skills.

---

Summarize this employee's overall job performance as determined in your joint discussion.

Ms. Jackson has adjusted to her job assignment of Micro-enterprise Specialist very well during the introduction period of Sept. 14, 2004/March 14, 2005. She is pleasant to work with and works well with her co-worker. She works well with program participants and responds to supervision very well. Ms. Jackson is very knowledgeable regarding business issues and practices and participates well when performing training activities.

---

**PART III  SIGNATURES**

This report is based on my observation and appraisal knowledge of both the employee and the job.

_____  Date
Supervisor

_____  Date
Reviewer

My signature indicates that I have reviewed this
It does not mean that I agree with the results.

Emily C. Jackson  04/13/05
Employee                                Date

# PERFORMANCE PLANNING WORKSHEET

| | |
|---|---|
| Name: Emily Jackson<br>Title: Micro-enterprise Specialist<br>Rating Period: From 03/14/05 To 03/14/06<br>Rater Name: Larry Johnson<br>Rater Title: Administrator<br>Department: ACE Project | **Signatures**<br>The work behaviors and performance expectations shown below have been reviewed by the employee and supervisor.<br><br>_____<br>Employee                                        Date<br><br>_____<br>Supervisor                                      Date |

## PERFORMANCE EXPECTATIONS FOR WORK BEHAVIORS

| | |
|---|---|
| **A. Planning and Scheduling**<br><br>Reviews regulations and guidelines, develops business plans, develops client files and prepares seminars and training programs. Schedules Business Advisory Council. | **EXPECTATIONS:**<br>Program guidelines will be followed, Center policies and procedures will be followed so that there are few errors. Seminars and training programs will be planned so there are few complaints by program participants. |
| **B. Enrollment and Orientation**<br><br>Enrolls and orients clients in the Micro-enterprise programs. | **EXPECTATIONS:**<br>Program enrollment goals will be met. Orientation will be provided for participants so that there are few complaints. |
| **C. Micro-enterprise Training**<br><br>Conducts training seminars, provides technical assistance for business plan development and counsels participants for business plan presentation. | **EXPECTATIONS:**<br>Training seminars will be conducted so that there are few complaints from program paarticipants. Business plans will be developed and reviewed so that there are few complaints from the Business Advisory Council. |
| **D. Business Advisory Council**<br><br>Conducts Business Advisory Council meetings. | **EXPECTATIONS:**<br>Business Advisory meetings will be conducted on a regular basis to ensure that program goals are met and few complaints from the BAC. |
| **E. Records Management and Reporting**<br><br>Designs and maintains filing system, stores and retrieves information; prepares a series of reports and distributes to appropriate personnel. | **EXPECTATIONS:**<br>Participant files will meet ADECA monitoring requirements so that there are few complaints from ADECA. |
| **F. Professional Development**<br><br>Acquires and maintains knowledge and skills through participating in professional improvement activities. | **EXPECTATIONS:**<br>Will participate in a minimum of one professional development program during report period. |