IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EMILY C. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv315-MEF |
| | ) | (WO) |
| EASTER SEALS CENTRAL ALABAMA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

The pro se plaintiff, Emily Jackson ("Jackson"), a former employee of Easter Seals Central Alabama ("Easter Seals"), brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), alleging that she was discriminated against on the basis of her race (African-American) and sex when she was terminated from her employment.

Now pending before the court is the defendant's motion to dismiss. (Doc. No. 7.) The court has reviewed the defendant's motion and concludes that the motion should be denied.

**II. STANDARD OF REVIEW**

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232 (1974). "The issue is not whether a plaintiff will ultimately prevail

but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id*. "Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Id.*

In appraising the sufficiency of the complaint, courts follow the well-established rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)(footnote omitted); *see also Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967). The threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

### III. DISCUSSION

Easter Seals asserts that this case should be dismissed because Jackson has failed to allege facts demonstrating a prima facie case of discrimination. Specifically, Easter Seals argues that Jackson can prove no set of facts which would satisfy the four-part circumstantial evidence test set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The defendant contends that, because Jackson alleges that her position was subsequently filled by an "independent contractor," Jackson cannot demonstrate under the facts of this case that she was replaced by an "employee" of Easter Seals.

The Supreme Court in *McDonnell Douglas, supra*, created the now familiar framework for the burden of production and order of presentation of proof to analyze circumstantial evidence of discrimination. *See Nix v. WCLY Radio/Rahall Communications*, 738 F.2d 1181, 1184 (11th Cir. 1984). To establish a *prima facie* case of wrongful discharge, a plaintiff must prove that (1) she belongs to a protected class; (2) she was discharged; (3) she was replaced by an individual outside the protected class; and (4) she was qualified for the position held. *Coutu v. Martin County Bd. of County Comm'rs*, 47 F. 3d 1068, 1073 (11th Cir. 1995); *Jones v. Gerwens*, 874 F.2d 1534 (11th Cir. 1989). In this case, Jackson alleges that she was replaced by an individual outside her protected class. The court therefore concludes that, at this stage of the proceedings, Jackson has pled sufficient facts in support of her wrongful termination claim. Put another way, the court cannot conclude at this juncture that replacement by an independent contractor as opposed to another employee is insufficient as a matter of law to satisfy the plaintiff's *prima facie* case. Consequently, the defendant's motion to dismiss should be denied.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to dismiss (Doc. No. 7) be DENIED.

It is

ORDERED that the parties shall file any objections to the said Recommendation on or before June 12, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or

general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of May, 2007.

                                            /s/Charles S. Coody
                                            CHARLES S. COODY
                                            CHIEF UNITED STATES MAGISTRATE JUDGE