IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMILY JACKSON, ) | |
| ) | |
| Plaintiff ) | Civil Action No. 2:07cv315-MEF |
| ) | |
| v. ) | |
| ) | |
| EASTER SEALS CENTRAL ALABAMA ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S AMENDED ANSWER TO
### PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT

Comes now Defendant Easter Seals Central Alabama ("Easter Seals" or "Defendant") and answers the allegations asserted in the attachment to the Application Under Section 706 (f) of Civil Rights Act of 1964 and the Motion to Amend Complaint filed by Plaintiff Emily C. Jackson, *pro se* ("Jackson" or "Plaintiff"). Any allegations not expressly admitted herein are denied.

### Background

On March 30, 2007, Plaintiff filed a pleading titled "Application Under Section 706 (f) of Civil Rights Act of 1964" with the United States District Court for the Northern District of Alabama. In this filing, Plaintiff requested that the Court waive the prepayment of fees, costs, or security and appoint an attorney to represent her in this matter. Plaintiff attached to this Application a copy of her Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") setting forth her allegations.. Although Plaintiff has not filed her claims in the form of a Complaint as contemplated by the Federal Rules of Civil

Procedure, Defendant will, for the purposes of this Amended Answer, treat Plaintiff's EEOC Charge as her initial Complaint and will respond to each sentence separately.[1]

On May 15, 2007, Plaintiff filed a Motion to Amend Complaint. On June 11, 2007, the Court granted Plaintiff's motion to amend. For the purposes of responding to Plaintiff's latest allegations, Defendant will treat Plaintiff's Motion to Amend Complaint as the actual Amended Complaint and respond to each paragraph set forth there in.

Defendant responds to the allegations contained in Plaintiff's Complaint and Amended Complaint.

### Plaintiff's Complaint (EEOC Charge dated November 10, 2006)

1. I began work with Respondent on September 14, 2004 as a Micro Enterprise Specialist. My job duties included assessing entrepreneur opportunities for individuals with disabilities in order to start a business. I would provide counseling and guidance. I would conduct management training seminars, provide technical assistance in the development of a feasible business plan. I would operate and maintain electronic and manual data bases and prepare written business and administrative reports. At all times, I performed my job duties in at least a competent manner.

**Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint.**

2. Respondent funds the program in which I was employed through federal grants. The grant is based upon salaries paid to employees in the program by Respondent. I, along with my co-worker, Cassandra Cooper (black) were the two full-time Micro Enterprise Specialists in the program by September, 2006.

**Defendant admits the federal grant at issue was based in part on salaries for Program employees. Defendant admits the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.**

3. On or about April 26, 2006 Larry Lewis, interim administrator, and Dr. Susan McKim met with us to inform us that the Micro Enterprises Program was going to end in September, 2006, but that they would be seeking a no cost extension to sustain the program for one more year, as originally scheduled.

---

[1] Due to the atypical manner in which the initial Complaint and Amended Complaint have been submitted/formatted and in effort ensure that Defendant's Amended Answer is as clear as possible, Defendant has set forth each of Plaintiff's allegations in this Amended Answer and responded to each separately.

2

**Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.**

4.      On August 15, 2006, while I was out on funeral leave, Mr. Lewis left a letter on my desk that said that my position would be ending on September 29, 2006 and that efforts to extend the program has failed.

**Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.**

5.      On September 12, 2006, Ms, Debbie Lynn, Administrator, called a meeting with me and Ms. Cooper and said the program was going to be extended for six months, but there was a problem with funding the full time positions. I asked to work part-time.

**Defendant admits that on or about September 12, 2006, Debbie Lynn, Defendant's Administrator, met with Plaintiff and Ms. Cooper and informed them that a six month extension had been secured for the ACE Microenterprises Program. Defendant further admits that, because the program was extended for only six months (and not the entire year as first requested), the Defendant was required to submit a revised budget for the Program. Defendant denies the remaining allegations contained paragraph 5 of Plaintiff's Complaint.**

6.      On September 18, 2006, Ms. Lynn told me that while the program was going to be extended for six more months, that my position had been eliminated and that the grant would only allow for one full time Micro Enterprise Specialist so that Ms. Cooper would be retained.

**Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.**

7.      On Monday, September 25, 2006, Ms. Cooper submitted her letter of resignation, the same day as my last day at work. I used four vacation days; therefore, my last day was officially September 29, 2006. On this day, when I picked up my paycheck, I asked the Administrative Assistant, Eileen Bennett, if the program was going to continue since Ms. Cooper was leaving, and she told me that the program was going to end.

**Defendant admits that Ms. Cooper resigned on September 25, 2006. Defendant further admits that Plaintiff's last day at work was September 25, 2006. Defendant admits that Plaintiff used a combination of vacation time and unpaid leave between September 25 and September 29. Defendant is currently without sufficient information to admit or deny the**

3

**remaining allegations contained in paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.**

8.     On Monday, October 2, 2006, Bill Hanes (wm) was hired as a full time Micro Enterprise Specialist, taking my position.  He had been employed with Respondent in Talledega. He was allowed to assume my position when his own was eliminated.

**Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.**

9.     Upon information and belief Mr. Hanes is being paid more money that I was.  I believe the difference in pay is because it is based on the fact that he is a white male, and I am a black female.

**Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint. Unlike Plaintiff, who was a salaried employee of Defendant with various benefits, Mr. Haynes was an independent contractor who received no benefits and was responsible for his own expenses (other than travel reimbursement).**

10.    I believe I have been discriminated against because of my gender, female, and my race, black, in violation of Title VII of the Civil Rights Act of 1964. Hanes' position was eliminated, not mine, yet he was allowed to take my position while my employment was terminated.

**Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.**

### Plaintiff's Amended Complaint

1.     Based on recent information received by Plaintiff, Defendant's Attorney conducted a board meeting and invited Easter Seals Board Members, Staff, and Employees. During the board meeting Defendant's Attorney made false and defamatory words concerning Plaintiff.  Defendant's Attorney made an oral statement at the board meeting that Plaintiff had filed a discrimination case against Defendant.

**Defendant admits that the Board of Directors was informed at a Board meeting that Plaintiff had filed a lawsuit alleging that the Defendant discriminated against her on the basis of her race and sex.  Defendant denies the remaining allegations contained in paragraph 1 of Plaintiff's Amended Complaint.**

2.     Recent information also revealed that Defendant's Attorney stated that Plaintiff's first attorney refused to represent her because she did not have a case against Defendant.  This

statement is absolutely false and defamatory.  Plaintiff relieved her attorney from the case after he expressed concerns about money, time, and a trial jury.

**Defendant denies the allegations contained in paragraph 2 of Plaintiff's Amended Complaint.**

3.   Recent information also revealed that Defendant's Attorney stated that Plaintiff had another attorney.  This statement is also false.  Plaintiff does not have an attorney because she cannot afford one.

**Defendant denies the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.**

4.   Recent information further revealed that Defendant's Attorney stated that Plaintiff blamed Defendant for her personal debt.  This statement by Defendant is defamatory, false, and slanderous.  Plaintiff never blamed Defendant for her debt.  Plaintiff's debt is a result of medical bills from previous critical illnesses and surgeries, student loans from graduate school, and debt from taking care of her family.  Plaintiff and her family suffered a financial hardship as a result of the stock market crash which caused depletion of family member's retirement.

**Defendant denies the allegations contained in paragraph 4 of Plaintiff's Amended Complaint.**

5.   Recent information also revealed that Defendant's Attorney stated that Defendant offered Plaintiff the job.  Defendant never offered Plaintiff the job.  Defendant only gave Plaintiff letters regarding budget cuts and her employment ending as a result of these budget issues.

**Defendant denies the allegations contained in paragraph 5 of Plaintiff's Amended Complaint.**

6.   Based on these false, defamatory, and slanderous statements that recent information revealed and based on those submitted to the Court in writing, Plaintiff is asking the Court to add charges of defamation and slander and publication in a false light to the original complaint against Defendant.  Oral statements by Defendant's attorney at a recent board meeting and those submitted to the Court in writing are harmful, highly offensive, intentional, negligent, and reckless.

**Defendant denies the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.**

7.   Plaintiff is also asking the Court to add disparate treatment to the charges.  Defendant treated others differently than they treated Plaintiff.  Defendant permitted other employees to give recommendations for its decision making process, but would not acknowledge Plaintiff's recommendations.  Defendant attended memorial services for other employees' family members and would not attend memorial service for Plaintiff's family member.  Defendant also

collected monies from employees and gave birthday parties for others, but never did the same for Plaintiff. Based on Defendant repeatedly making differences between Plaintiff and others, Plaintiff claims disparate treatment.

**Defendant denies the allegations contained in paragraph 7 of Plaintiff's Amended Complaint.**

8.  Defendant continues to make false and defamatory statements against Plaintiff. Defendant claims that Plaintiff's claims are false, incomplete and frivolous, and that Plaintiff is only making claim to harass Defendant. Plaintiff denies these claims made by the Defendant as false and unwarranted. Plaintiff is filing a racial and gender discrimination claim against Defendant because Plaintiff was a full-time employee and well qualified for the micro enterprise specialist position when Defendant eliminated her position and hired a less qualified White male unlicensed and uninsured independent contractor.

**Defendant believes that Plaintiff's claims are without merit, inaccurate and frivolous. Defendant denies the remaining allegations contained in paragraph 8 of the Plaintiff's Amended Complaint.**

9.  Defendant claims that Plaintiff resigned to devote time to her business, Premier Business Consultants, LLC. As noted in the EEOC Charge, Plaintiff did not resign. Enclosed is a letter addressed to Defendant dated September 11, 2006 as evidence that Plaintiff did not resign. In this letter, Plaintiff was responding to a letter dated August 15, 2006 informing her about a problem with funds for the ACE Micro Enterprise Program and her position as a micro enterprise specialist.

**Defendant states that Plaintiff said she was resigning in order to devote time to her business, Premier Business Consultants, LLC. Defendant further states that Plaintiff attached a letter to Defendant dated September 11, 2006 to the Amended Complaint. Defendant denies the remaining allegations contained in paragraph 9 of the Amended Complaint.**

10.  In a letter dated September 18, 2006, Defendant notified Plaintiff that her position of a micro-enterprise specialist had been eliminated. This letter confirms that Plaintiff did not resign, but was terminated by the elimination of her position. Therefore, the statement that the Defendant made in their answer about Plaintiff resigning is totally false and defamatory.

**Defendant admits that per request it provided Plaintiff a letter dated September 18, 2006 stating that "Due to funding cuts by ADECA, the position of micro-enterprise specialist with Easter Seals Central Alabama has been eliminated." Defendant denies the remaining allegations contained in paragraph 10 of Plaintiff's Amended Complaint.**

11.  During the two years that Plaintiff worked for Easter Seals Central Alabama, Defendant went through four administrators due to mismanagement of business operations and misappropriation of federal grant monies. Defendant did not renew grants for programs in a timely manner and Defendant misappropriated funds causing programs to close and employees

6

to lose their jobs in the Cafeteria, TRACKS, and Physical Therapy areas. Enclosed is a copy of Defendant's employee turnover rate which indicates serious problems in management.

**Defendant denies the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.**

12. Based on information contained in the Defendant's accounting records, tens of thousands of dollars were missing and unaccounted for from Defendant's TRACKS Program. Defendant was audited and could not account for the money that was missing. As a result, the Business and Finance Director was given the option to resign or be terminated. Defendant's accounting records from 2004-2006 will confirm that this information is true.

**Defendant denies the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.**

13. As a result of numerous financial problems, poor accounting practices, mismanagement of business operations, and instability at Easter Seals Central Alabama, Defendant's employees started looking for other employment opportunities including Plaintiff who decided to start her own home-based business, Premier Business Consultants, LLC. however, Plaintiff did not plan on quitting her job at Easter Seals until she could replace her income with her business. Plaintiff is currently working towards a self-employment goal and is conducting research and developing training programs for her business.

**Defendant admits that Plaintiff started her own business – Premier Business Consultants. LLC. Defendant is without sufficient information to admit or deny that Plaintiff is currently working towards a self-employment goal and is conducting research and developing training programs for her business and, therefore, denies the same. Defendant denies the remaining allegations contained in paragraph 13 of Plaintiff's Amended Complaint.**

14. Defendant continues to make false and defamatory statements against Plaintiff. Enclosed is letters of recommendation and a performance appraisal to show that Defendant has again made false statements against Plaintiff. Plaintiff assisted Defendant's Micro Enterprise Program with exceeding its projected annual goal of servicing 10 clients over a five year period to servicing 35 clients per year. Defendant used performance and statistical results from the Micro Enterprise Program to request the continuance of the Program. Defendant also reported a full-time micro enterprise salary as part of expenses needed to maintain the ACE Micro Enterprise Program and, therefore, extend the grant through March 2007.

**Defendant admits that Plaintiff attached two letters of recommendation and a performance evaluation to the Amended Complaint. Defendant further admits that during Plaintiff's employment, the Micro Enterprise Program serviced, to some extent, 35 clients per year. Defendant further admits that it anticipated the expense of employing a Micro-enterprise Specialist in its revised budget for the six month extension of the ACE Micro-enterprise Program. Defendant denies the remaining allegations contained in paragraph 14 of Plaintiff's Amended Complaint.**

15.     Defendant claims that management made a decision to out source their program to an independent contractor due to funding and staffing needs.  Defendant misled the Federal Government into believing that they were going to pay a salary for a full-time micro enterprise specialist when, in fact, they outsourced it to and independent contractor which is contrary to the stipulations of the ACE Grant.  As a result, Defendant violated the agreement in the grant.  Defendant intentionally claimed a full-time salary as an expense in order to obtain grant funding and divert funds in unauthorized areas other than those specified by the ACE Grant.  Grant is approximately 50 pages long.  If the Court requests a copy of the ACE Grant, Plaintiff will promptly submit a copy to the Court.

**Defendant admits that its management made a decision to outsource the ACE Microenterprises Program to an independent contractor due to funding and staffing needs after the Program had received only a six month extension and both of its previously full-time Microenterprise Specialists had resigned. Defendant denies the remaining allegations contained in paragraph 15 of Plaintiff's Amended Complaint.**

16.     Plaintiff claims that the EEOC did not receive all evidence submitted to previous attorney, David Arendall, thereby, the EEOC was unable to make a ruling in favor of Plaintiff.

**Defendant is without sufficient information to admit or deny the allegations contained in paragraph 16 of Plaintiff's Amended Complaint and, therefore, denies the same.**

17.     Defendant claims that the ACE Grant was terminated in its letter dated August 11, 2006.  The ACE Grant was not terminated, but was extended for six months, and this is the time that Defendant could have retained Plaintiff in her position as a micro enterprise specialist since she was currently working in the position and well qualified for the position.  In fact, Plaintiff was better qualified than Bill Hanes, the individual who claim to be an independent contractor.

**Defendant admits that on August 11, 2006, the State of Alabama informed it that the grant funding the ACE Microenterprises Program was terminated as of close of business September 29, 2006. Defendant further admits that later it was informed that the Program had received a six month extension. Defendant denies the remaining allegations contained in paragraph 17 of Plaintiff's Amended Complaint.**

18.     On the contrary, Bill Hanes was not an independent contractor.  Based on the Internal Revenue Service 20-Factor Analysis which determines whether someone is an employee or an independent contractor, Mr. Hanes failed to meet these factors.  Defendant provided office space within Easter Seals Central Alabama and paid Mr. Hanes office rent and utilities.  Defendant also provided equipment and supplies for Mr. Hanes.  Defendant scheduled Mr. Hanes office hours and controlled his work assignments.  Hanes was under the principal control of Defendant.  Since Defendant paid for office rent and utilities, provided office space, provided equipment and supplies, and had the right to direct and control the work assignments for Mr. Hanes, was not an independent contractor by the IRS 20-Factor Test and by its test of the Defendant's right to control the means and details of his work.  Other factors also indicate that Mr. Hanes was not an independent contractor, such as he did not have a business license and he

did not have commercial business insurance. However, Defendant classified him as an independent contractor.

**Defendant states that Bill Haynes was an independent contractor. Defendant denies the remaining allegations contained in Plaintiff's Amended Complaint.**

19.     Defendant continues to make defamatory and false statements against Plaintiff claiming that she resigned. Letters of notification, August 15th and September 18th of 2006, by Defendant to Plaintiff, confirm that Plaintiff did not resign from her position with Defendant, but that Plaintiff's position was eliminated and thereby, Plaintiff was terminated.

**Defendant admits that Plaintiff resigned her employment with Defendant. Defendant denies the remaining allegations contained in paragraph 19 of Plaintiff's Amended Complaint.**

20.     Defendant claims that Plaintiff resigned to start her own business. However, it was the Defendant's mismanagement of business operations, misappropriation of federal funds, and poor accounting procedures that caused its programs to close, employees to lose their jobs, and Plaintiff to seek another career opportunity.

**Defendant admits that Plaintiff informed Defendant that she was resigning in order to start her own business. Defendant denies the remaining allegations contained in paragraph 20 of Plaintiff's Amended Complaint.**

21.     Plaintiff denies Defendant's claim that she made false statements and/or incomplete claims to the Court. Plaintiff has provided the Court with factual and truthful facts evidence and documentation as requested by the Court regarding her claim against Defendant. Defendant has no evidence that Plaintiff made any false statements.

**No response is required from Defendant regarding paragraph 21 of Plaintiff's Amended Complaint. To the extent a response is required, Defendant denies the allegations contained in paragraph 21 of Plaintiff's Amended Complaint.**

22.     Plaintiff denies Defendant's claim that she is only filing this claim to cause Defendant to incur court and legal expenses and to harass Defendant. Plaintiff is filing this claim because Defendant discriminated against her based on her race, Black, and her gender, female. Defendant knowing and willingly eliminated her position, where she was well qualified and available for the position, and Defendant hired a less qualified White male who is unlicensed and uninsured and who fails to meet the Internal Revenue Service 20 Factor test for determining individuals as independent contractors.

**Defendant admits that its position is that Plaintiff's claims are without merit, inaccurate and frivolous and will cause it to incur litigation related expenses. Defendant denies the remaining allegations contained in paragraph 22 of Plaintiff's Amended Complaint.**

23.     Plaintiff denies Defendant's claim that she elected not to remain with Easter Seals after receiving notice of grant denial.  Plaintiff never elected not to remain with Easter Seals.  Plaintiff only left after receiving notification dated August 14th and September 18, 2006 that her job had been eliminated.

**Defendant states that Plaintiff elected not to remain with the Defendant after receiving notice that the Program's grant would be extended for six months.  Defendant denies the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.**

24.     Defendant claims that Plaintiff did not state what she was entitled to.  Plaintiff satisfied the Prima Facie Case for Racial Discrimination, Gender Discrimination, Publication in a False Light, and Disparate Treatment:  a) Plaintiff is a Black, female; therefore she is a member of two protected classes.  b) Plaintiff was already employed and qualified for the position when the Defendant sought an applicant for the job.  (c) Despite Plaintiff's qualifications, she was rejected and terminated as a result of her job being eliminated.  (d)  After Plaintiff was terminated, the position remained open and Defendant continued to seek an applicant from and individual with, not only Plaintiff's similar qualifications, but also viewer qualifications than Plaintiff.  Plaintiff completely satisfied her claim of defamation, slander, and publication in a false light because Defendant's words against Plaintiff were false, defamatory and slanderous; and, Defendants words were made orally and in writing.  Defendant's publication of false words against Plaintiff was also harmful, highly offensive, intentional, negligent, and reckless.

**Defendant admits that Plaintiff is black and female and that both of these characteristics are protected from discrimination in employment.  Defendant denies the remaining allegations contained in paragraph 24 of Plaintiff's Amended Complaint.**

25.     Plaintiff is, therefore, seeking the following damages from Defendant for (1) Racial Discrimination, (2) Gender Discrimination, (3), Defamation/Slander, (4) Publication in a False Light, and (5) Disparate Treatment in employment which are violations of Title VII of the Civil Rights Act of 1964.  The Civil Rights Act of 1991 permits Plaintiff to seek monetary damages for discrimination.  Plaintiff requests Back Pay Compensatory Damages of $1,000 for each of the above five charges which total $5,000.  Plaintiff requests Pain & Suffering Compensatory Damages of $25,000 for each of the above five charges which total $125,000.  Plaintiff requests Punitive Damages of $25,000 for each of the above five charges which total $125,000.  Plaintiff is asking the Court to consider all of the evidence that has been submitted and to award her total remedies in the amount of $255,000 from Defendant, Easter Seals Central Alabama.

**Defendant denies that it violated Title VII, including unlawfully discriminating against Plaintiff on the basis race or sex.  Defendant further denies that it defamed or slandered Plaintiff.  Defendant also denies that it published information about Plaintiff in false light.  Defendant denies that Plaintiff is entitled to any damages or relief in this action, including, but not limited to, those listed in paragraph 25 of Plaintiff's Amended Complaint.**

10

## **AFFIRMATIVE and ADDITIONAL DEFENSES**

1. Except to the extent expressly admitted above, Defendant denies the material allegations of Plaintiff's Complaint and Amended Complaint and demands strict proof thereof.

2. Plaintiff's Complaint and Amended Complaint and/or the separate and several Counts thereof fail to state a claim against Defendant upon which relief may be granted.

3. In order to avoid waiver, Defendant states that some of Plaintiff's claims are barred, in whole or in part, under the applicable statute of limitations and/or are untimely.

4. Defendant is not liable for any of the alleged actions of its agents, servants and/or employees committed outside the scope of their employment.

5. To the extent any alleged misconduct was perpetrated by any supervisor or any other employee of Defendant towards Plaintiff, it was done: without the authority, knowledge, approval or ratification of Defendant; in conflict and in violation of Defendant's policies; solely for purposes not related to employment with Defendant; and outside the course and scope of their employment.

6. Defendant denies that Plaintiff's sex and/or race was a motivating factor in any employment decision. Nevertheless, Defendant preserves all affirmative defenses under 42 U.S.C. 2000e-5(g)(2)(B)(i)-(ii).

7. Plaintiff's claims are barred, in whole or in part, by the Alabama employment "at will" doctrine.

8. Any award of punitive damages to Plaintiff would be an unconstitutional denial of the Defendant's right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and/or the Constitution of the State of Alabama.

9. Plaintiff cannot recover punitive or liquidated damages because Defendant at all relevant times made a good faith effort to comply with all applicable anti-discrimination statutes and any discriminating actions or decisions by its managerial agents were contrary to those good faith efforts.

10. Plaintiff's claims are barred by *res judicata,* laches, waiver, release and/or estoppel.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

12. Any damages suffered by Plaintiff were not caused by any action, conduct, behavior, or incidents for which Defendant could be liable.

13. Without conceding that Defendant has the burden of proof on this issue, Defendant based all actions with regard to Plaintiff in legitimate, good faith, non-discriminatory, business reasons.

14. Plaintiff's claims are barred, in whole or in part, because at all relevant times Defendant had antidiscrimination policies in effect and Plaintiff failed to avail herself of those policies and failed to bring her alleged complaints to Defendant's attention, and Defendant responded promptly and appropriately to any complaints of discrimination or harassment that were brought to its attention with Defendant's policy.

15. All actions taken by Defendant were reasonable based on Defendant's knowledge at the time.

16. Without conceding that Defendant has the burden of proof on this issue, Plaintiff's defamation claim is barred, in whole or in part, to the extent any alleged defamatory statements are true.

17. Without conceding that Defendant has the burden of proof on this issue, Plaintiff's defamation claim is barred, in whole or in part, because the alleged defamatory statements constitute non-actionable opinion.

18. Without conceding that Defendant has the burden of proof on this issue, Plaintiff's defamation claim is barred, in whole or in part, by the doctrines of absolute privilege and qualified privilege.

19. Plaintiff's defamation claim is barred, in whole or in part, because she failed to plead any facts supporting a claim of defamation.

20. Plaintiff's defamation claim is barred, in whole or in part, because there was no publication.

21. Plaintiff's defamation claim is barred, in whole or in part, because Plaintiff suffered no damages caused by the alleged defamatory statements.

22. Plaintiff's defamation claim is barred, in whole or in part, because the alleged defamatory statements were privileged attorney-client communications.

23. At the time of filing this Amended Answer, Defendant has neither commenced nor completed discovery in this cause and respectfully reserves the right to amend its Answer based on discovery of additional information or affirmative defenses as provided by the Court's Scheduling Order or otherwise allowed by the Court.

Respectfully submitted,


/s/ Robin A. Adams
Stephen A. Brown
Robin A. Adams
Attorneys for the Defendant,
Easter Seals Central Alabama
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
205-254-1000
205-254-1999 (fax)
radams@maynardcooper.com


CERTIFICATE OF SERVICE

This is to certify that I have this day, the 25th day of June, 2007, served the foregoing pleading by placing the same in U. S. Mail with sufficient postage attached on:

Emily Jackson
605 Wesley Drive
Montgomery, Al. 36111

/s/ Robin A. Adams
OF COUNSEL