IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMILY C. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  2:07cv315-MEF |
| ) | (WO) |
| EASTER SEALS CENTRAL ) | |
| ALABAMA, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

On May 11, 2007, the pro se plaintiff, Emily Jackson ("Jackson"), filed a motion to amend her complaint with claims of defamation, slander, and publication in a false light against the defendant. (Doc. No. 8.) On June 11, 2007, this court granted Jackson's motion. (Doc. No. 13.) On June 13, 2007, the defendant filed a motion to dismiss these state law claims. (Doc. No. 14.) On June 19, 2007, this court ordered Jackson to show cause why her claims should not be dismissed. (Doc. No. 15.) Jackson filed a response to this court's order on June 21, 2007. (Doc. No. 16.)

Now pending before the court is the defendant's motion to dismiss. (Doc. No. 14.) The court has reviewed the defendant's motion and concludes that the motion to dismiss the defamation, slander, and publication claims should be granted.

**II. STANDARD OF REVIEW**

"When a federal court reviews the sufficiency of a complaint, before the reception of

any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232 (1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id*. "Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Id.*

In appraising the sufficiency of the complaint, courts follow the well-established rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)(footnote omitted); *see also Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967). Although the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim, *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir.1985) (quotation omitted), a court nonetheless may dismiss a complaint on a dispositive issue of law when "no construction of the factual allegations will support the cause of action," *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F .2d 1171, 1174 (11th Cir.1993).[1]

---

[1] *See also Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 U.S. 1955 (2007) (Appearing to abrogate the "no set of facts" statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ("The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.")

## III. DISCUSSION

Easter Seals asserts that Jackson can prove no set of facts in support of her defamation, slander, and publication claims which would entitle her to relief. In her amendment to her complaint, Jackson alleges that Michael Rountree, counsel for the defendant, made the following defamatory statements during a May 2, 2007, board meeting:

- She filed a discrimination case against the defendant.

- Her first attorney refused to represent her because she "did not have a case" against the defendant.

- She is currently represented by an attorney.

- She blames the defendant for her personal debt.

- The defendant offered her a job.

(Doc. No. 8.)

Alabama recognizes two forms of slander: (1) slander per se and (2) slander per quod. "The former may be established only under certain narrow circumstances: 'Slander per se is actionable if it imputes to the plaintiff an indictable offense involving infamy or moral turpitude.'" *Marshall v. Planz*, No. Civ. A. 97-T-793-S, 1998 WL 473062, *1 (M.D. Ala. July 22, 1998) (quoting *Anderton v. Gentry*, 577 So. 2d 1261, 1263 (Ala. 1991). "Slander per quod, by contrast, 'is a communication to a third person of a defamatory statement subjecting the plaintiff to disgrace, ridicule, odium, or contempt although not imputing the commission of a crime involving infamy or moral turpitude.'" *Id*. Words "actionable per quod" are "'only actionable in consequence of extrinsic facts showing circumstances under

3

which they were said or the damages resulting to slandered party therefrom.'" *Marshall*, 1998 WL 473062 at *1 (quoting *Brown v. W.R.M.A. Broadcasting Co.*, 238 So. 2d 540, 542 (Ala. 1970)). *See also Ex parte Crawford Broadcasting Co.*, 904 So. 2d 221, 225 (Ala. 2004) "Under Alabama law, where slander per quod is alleged, the plaintiff must allege and prove special damages as an element of the cause of action." *Marshall*, 1998 WL 473062 at *1 (citations omitted).

In this case, the challenged statements do not impute to Jackson an indictable offense involving infamy or moral turpitude. Thus, Jackson has failed to allege facts demonstrating slander per se. This court also concludes that Jackson can prove no set of facts in support of her slander per quod claim which would entitle her to relief. Jackson has failed to allege any facts demonstrating that the defendant published false and defamatory statements which subjected her to disgrace, ridicule, odium, or contempt or that the defendant's actions caused her to suffer special damages.

To the extent Jackson asserts a claim that the defendant published her name in a false light, this court likewise concludes that her claim is due to be dismissed. Under Alabama law, "[t]o establish false light invasion of privacy, a plaintiff must show (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Horne v. Russell Co. Comm'n*, 379 F.Supp.2d 1305, 1342 (M.D. Ala. 2005). It is clear that Jackson can prove no set of facts demonstrating that Easter Seals published statements which placed her in a false light or that

4

the defendant had knowledge of, or acted in reckless disregard as to, the falsity of the publicized matter.

Based on the foregoing, this court concludes that, with respect to her claims of publication in a false light, defamation, and slander, Jackson has failed to state a claim upon which relief may be granted. Consequently, the defendant's motion to dismiss Jackson's state law claims should be granted pursuant to FED.R.CIV.P. 12(b)(6).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that, to the extent the defendant moves to dismiss Jackson's defamation, slander, and publication claims, the motion to dismiss be GRANTED. (Doc. No. 14.)

It is

ORDERED that the parties shall file any objections to the said Recommendation on or before July 23, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 10th day of July, 2007.


                                  /s/Charles S. Coody
                             CHARLES S. COODY
                             CHIEF UNITED STATES MAGISTRATE JUDGE