IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EMILY C. JACKSON, )
)
Plaintiff )
)
v. ) CIVIL ACTION NO. 2:07cv315-MEF
)
EASTER SEALS OF )
CENTRAL ALABAMA, )
)
Defendant. )

**Objection to Recommendation**

Emily C Jackson, plaintiff, files written objections to Recommendation (Doc. No. 22) regarding defendant's motion to dismiss Jackson's defamation, slander, and publication claims. Plaintiff believes that there are omissions and errors in the Recommendation but that they are oversights, inadvertent, and unintentional.

1. Plaintiff claims that there are omissions in the Recommendation under Section I. Introduction (Doc. No.22). On page 1, paragraph 1, the omission is that on June 11, 2007, the defendant's motion to dismiss the plaintiff's amended complaint was OVERRULED and that the defendant's motion to dismiss and/or strike the plaintiff's amended claims of defamation and slander were filed **untimely** and DENIED (Doc. No. 15). The court also noted that during oral arguments on May 29, 2007, the defendant stated that he planned to file written objections to plaintiff's amended complaint, but no written objections had been filed (Doc. No. 13 & Doc. No. 15). The plaintiff also noted in her Answer to Judges Order that the defendant's written objection was filed **untimely** (Doc. No. 16). Also, defendant failed to file a motion to the court to request an extension.

2. Plaintiff also claims that there are errors and omissions in the Recommendation under Section III. Discussion, page 3, paragraph 1 (Doc. No. 22). In plaintiff's Answer to Judges Order (Doc. No. 16), plaintiff listed the following defamatory statements as one statement, "She filed a discrimination case against the defendant and her first attorney refused to represent her because she 'did not have a case against the defendant.'" Listing these statements separately makes the first part of the statement true. Listing these statements as one statement makes the statement false and defamatory.

3. Another omission on page 3, paragraph 1, of the Recommendation under Section III. Discussion (Doc. No. 22) is that plaintiff claims that Michael Rountree, counsel for the defendant, during an open board meeting on or around May 2, 2007 announced that plaintiff was a very dishonest person. Another omission is that defense counsel announced that plaintiff elected to leave Easter Seals after being notified that the ACE Grant had ended. These statements are absolutely false. They are also attempts by defense counsel and defendant to slander plaintiff's good name and reputation.

4. On page 3, paragraph 2, of the Recommendation under Section III. Discussion (Doc. No. 22), plaintiff's amended complaint of defamation and slander is recognized under "slander per quod." Plaintiff submitted a list of one board member and six employee's names, telephone numbers, and home or work addresses of Easter Seals and the Alabama Department of Rehabilitation Services. The board member and the employees attended the open board meeting on or about May 2, 2007 and can verify the statements of slander made against plaintiff

2

by Michael Rountree, defense counsel, on behalf of the defendant, Easter Seals Central Alabama (Doc. No. 16).

5. On page 4, paragraph 2, of the Recommendation under Section III. Discussion (Doc. No. 22), it notes that "Jackson asserts a claim that the defendant published her name in a false light." It also notes that Jackson could not prove that Easter Seals published false statements against her, and that defendant did not act recklessly.

6. Conversely, plaintiff submitted written evidence and explanations to the court, in her amended complaint (Doc. No. 8) and evidence (Doc. No. 10), regarding each false statement that defense counsel made against her as well as damages that resulted from these false statements. Defense counsel announced in its board meeting that plaintiff elected to leave Easter Seals, that plaintiff resigned, and that plaintiff blamed Easter Seals for her six figure debt. His sole purposes for making these false statements against plaintiff was to discredit her claims of racial and gender discrimination, ruin her good reputation and name, and publish or announce her in a false light.

7. In plaintiff's Answer to Judges Order (Doc. No. 16), plaintiff submitted a copy of an Involuntary Unemployment Claim Form that Debbie Lynn, Easter Seals Administrator, signed for plaintiff, which verified that plaintiff did not resign. By defendant and defense counsel publishing the statement that plaintiff resigned in their motions to the court, they are publishing false information and statements. In other words, the statements are false, defamatory, and slanderous.
Based on the omissions and errors that were inadvertently made in the

3

Recommendation (Doc. No. 22), plaintiff files this written objection to the dismissal of her defamation, slander, and publication claims. In plaintiff's attempt to settle her claims against defendant, out of court, plaintiff requested information regarding Easter Seals Central Alabama Board Meeting which was held on or around May 2, 2007 in the event that defendant chose not to settle. Plaintiff requested a copy of the attendance roster, audio tape, and written minutes of the board meeting. By submitting this information, defendant would have proven that defense counsel did not commit defamation, slander, and publication claims against plaintiff. However, defendant has not submitted this information to plaintiff, and consequently, defendant has prevented plaintiff from gathering important information needed to conduct discovery of evidence. A copy of plaintiff's letter to defendant dated June 14, 2007, a copy of the certified mail receipt, and a copy of the green return receipt, signed by Michael W. Rountree, counsel for defendant, are included in attachments.

Additionally, defendant's written objection to plaintiff's amended complaint was OVERRULED and defendant's motion to dismiss and/or strike plaintiff's amended complaint was DENIED by the court, and it was noted in the ORDER that defendant filed its written objections **untimely** (Doc. No 15). Defendant <u>failed to file a motion to the court to request an extension</u>. Thereby, defendant forfeited its rights 1) to file written objections, 2) to file written motions, and 3) to appeal. Plaintiff, therefore, pleads to the court to grant her motion in her claims of defamation, slander, and publication (Doc. No. 8) which Michael Rountree, defense counsel for Easter Seals Central Alabama, made against her. Plaintiff also pleads to the court to enforce state and/or federal laws and penalties against defendant for filing untimely.

4

*Emily C. Jackson* (signature)

Emily C. Jackson

605 Wesley Drive

Montgomery, AL 36111

(334) 288-4675

## Certification of Service

I, Emily C. Jackson, do hereby certify on this <u>11th</u> day of July 2007 that the information contained in this correspondence to the court is accurate and true to the best of my abilities, and that I have submitted a copy of this document by the United States Postal Service Regular Mail to the following:

Michael W. Rountree, Counsel for Defendant
Easter Seals Central Alabama
Rountree & Associates, LLC
448 Saint Lukes Drive
Montgomery, Alabama 36117

Robin A. Adams, One of the Attorneys for Defendant
Easter Seals Central Alabama
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Habert Plaza
Birmingham, Alabama 35203

Stephen E. Brown, One of the Attorneys for Defendant
Easter Seals Central Alabama
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Habert Plaza
Birmingham, Alabama 35203

*Emily C. Jackson* (signature)
Emily C. Jackson

5

June 14, 2007

EXHIBIT C-4

Michael W. Rountree, Attorney
Rountree & Associates, LLC
448 Saint Lukes Drive
Montgomery, AL 36117

Dear Mr. Rountree:

I am writing to initiate a private meeting within the next two or three weeks to discuss an out-of-court settlement in Case No. 2:07cv315-MEF, Emily C. Jackson, Plaintiff, v. Easter Seals Central Alabama, Defendant. The reasons why I am considering this option are beneficial to both parties. Settling out of court would save time and money. It would put an end to any further court proceedings and it would eliminate any further court costs. Resolving this case would also reduce total remedies/damages that I am requesting. It would also enable us to request that the case be sealed from public access if the Judge would grant such request.

If the Defendant chooses not to settle out of court, I will need copies of the following information to conduct my discovery of evidence prior to our upcoming case trial date:

1. 2004-2006 Purchase Orders & Vouchers identifying requests for business expenses: equipment, supplies, training, travel, etc. withdrawn from the ACE Grant.

2. 2004-2006 Purchase Orders & Vouchers identifying requests for business expenses: equipment, supplies, training, travel, etc. withdrawn from the TRACKS Grant.

3. The ACE Grant Extension Contract October 1, 2006 to March 31, 2007

4. Easter Seals Central Alabama 2125 E. South Boulevard, Montgomery, AL 36116
   a) May 2007 Board Meeting Attendance Roster, Minutes, & Audio Tape
   b) Proof of Professional Liability Insurance Company, Policy Number & Amount of Coverage, Agent's Name, Address, & Telephone Number

5. Bill Hanes' Credentials & Business Plans
   a) Independent Contract Agreement
   b) Business License
   c) Proof of Employer Identification Number
   d) Proof of Professional Liability Insurance Company, Policy Number & Amount of Coverage, Agent's Name, Address, & Telephone Number
   e) Business Plans Developed by Hanes between October 2006 and March 31, 2007
   f) Names & Telephone Numbers of Alabama Department of Rehabilitation Services Counselors who Hanes assisted with business plan development for their Vocational Rehabilitation Clients who were referred to Easter Seals ACE Micro Enterprise Program from October 1, 2006 to March 31, 2007.

Please contact me at your convenience at (334) 288-4675 to discuss this matter. I look forward to hearing from you soon.

Thank you,

*Emily C. Jackson*
Emily C. Jackson

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

MONTGOMERY AL 36117

| | | |
|---|---|---|
| Postage | $ $0.41 | 0005 |
| Certified Fee | $2.65 | 08 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $4.10 | |
| Total Postage & Fees | $ $9.31 | 06/13/2007 |

Sent To: Michael W. Rountree, Attorney
Rountree & Associates, LLC
Street, Apt. No.; or PO Box No.: 448 Saint Lukes Drive
City, State, ZIP+4: Montgomery AL 36117-7104

PS Form 3800, June 2002        See Reverse for Instructions

7006 0100 0003 6639 7136

EXHIBIT C-5

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Michael W. Rountree, Attorney
Rountree & Associates, LLC
448 Saint Lukes Drive
Montgomery, AL 36117-7104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]   ☒ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery: 6-14-07

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

RESTRICTED DELIVERY

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☒ Yes

2. Article Number: 7006 0100 0003 6639 7136
(Transfer from service label)

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540