**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **EMILY JACKSON,** | ) | |
| | ) | |
| **Plaintiff** | ) | **Civil Action No. 2:07cv315-MEF** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EASTER SEALS CENTRAL ALABAMA** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE
RECOMMENDATION OF THE MAGISTRATE JUDGE**

Comes now Defendant Easter Seals Central Alabama ("Easter Seals" or "Defendant") and submits its Response to the Plaintiff's Objections to the Recommendation of the Magistrate Judge (Doc. No. 23). In support of the Recommendation of the Magistrate Judge dated July 10, 2007 (Doc. No. 22), the Defendant states as follows:

For the sake of brevity, Defendant will not repeat the analysis set forth the Magistrate Judge's Recommendation, but states in support of the Recommendation that Defendant is entitled to have Plaintiff's claim(s) for defamation, slander, and publication in false light dismissed as a matter of law because: (1) the alleged statements are attorney-client communications regarding matters related to this lawsuit and, therefore, are absolutely protected by the attorney-client privilege and/or other privilege afforded under Alabama law; (2) the Plaintiff has failed to allege statements published by Defendant that were defamatory and subjected the Plaintiff to "disgrace, ridicule, odium or contempt." *Marshall v. Planz,* 1998 WL 473062, *1 (M.D. July 22, 1998)(quoting *Anderton v. Gentry,* 577 So.2d 1261, 1263 (Ala. 1991);

1

and, (3) Plaintiff has failed to present any evidence that she incurred any special damages as a direct result of the alleged defamatory statements. For each of these reasons, as discussed more fully below, Plaintiff's claims fail as a matter of law and are due to be dismissed.

## I.    THE ALLEGED DEFAMATORY STATEMENTS ARE PROTECTED BY ABSOLUTE AND/OR CONDITIONAL PRIVILEGE[1]

Alabama recognizes an absolute privilege for communications made during judicial proceedings. *Borden v. Clement,* 2001 U.S.Dist. LEXIS 4613, * 14-15 (N.D.Ala. 2001); *Mead Corp. v. Hicks,* 448 So.2d 308 (Ala. 1983); *Webster v. Byrd,* 494 So.2d 31, 33-34 (Ala. 1986). Protected by an absolute privilege are "slanderous statements made by parties, counsel, or witnesses in the course of judicial proceedings." A recognized by Alabama courts:

> In questions falling within this absolute privilege the question of malice has no place. However malicious the intent, or however false the charge may have been, the law, from considerations of public policy, and to secure the unembarrassed and efficient administration of justice, denies to the defamed party any remedy through an action for libel or slander. This privilege, however, is not a license which protects every slanderous publication or statement made in the course of judicial proceedings. It extends only to such matters as are relevant or material to the litigation, or, at least, it does not protect slanderous imputations plainly irrelevant and impertinent, voluntarily made, and which the party making them could not reasonably have supposed them to be relevant.

*Walker v. Majors,* 496 So. 2d 726, 729 (Ala. 1986) quoting *O'Barr v. Feist,* 296 So.2d 152, 157 (Ala. 1974). In *Majors*, the Alabama Supreme Court held that even defamatory statements made before a lawsuit is filed are absolutely privileged if the statements are relevant or material to the contemplated lawsuit and facts and issues relevant to her claims. *Id.; Barnett v. Mobile County Personnel Bd.*, 536 So.2d 46 (Ala. 1988).

---

[1] "Whether a defamatory statement is privileged is a question of law." *Webster v. Byrd,* 494 So.2d 31, 33-34 (Ala. 1986).

In the instant case, each and every one of Plaintiff's alleged defamatory statements are directly related to this lawsuit and were made by the attorney for the Defendant to the Defendant's Board of Directors.[2]  Clearly, under these circumstances, the communications at issue are afforded absolute protection under Alabama law.

Further, even if, for some reason, the Court were to determine that the alleged statements were not absolutely privileged, these statements would still be subject to the conditional privilege provided for by Alabama law.  In Alabama, the doctrine of conditional privilege provides:

> Where a party makes a communication, and such communication is prompted by duty owed either to the public or to a third party, or the communication is one in which the party has an interest, and it is made to another having a corresponding interest, the communication is privileged, if made in good faith and without actual malice. The duty under which the party is privileged to make the communication need not be one having the force of legal obligation, but it is sufficient if it is social or moral in its nature and defendant in good faith believes he is acting in pursuance thereof, although in fact he is mistaken.

*Webster v. Byrd,* 494 So. 2d 31, 36 (Ala. 1996) quoting *Willis v. Demopolis Nursing Home, Inc*., 336 So.2d 1117, 1120 (Ala. 1996).

Here, counsel for Defendant, Mr. Rountree, also served as a member of the Board of Directors ("Board") for Defendant Easter Seals.  At the May 2, 2007 Board meeting during which Plaintiff alleges Mr. Roundtree made the allegedly defamatory statements, Mr. Rountree was advising the Board, as its attorney, of the existence and nature of Plaintiff's lawsuit.  As such, Mr. Rountree's communications were necessary to advise the Board of legal claims pending against the Defendant and were made without malice.  Under these circumstances, even if Mr. Rountree's statements were not absolutely protected by the attorney-client privilege and/or the privilege for communications about judicial proceedings afforded by Alabama law, then

---

[2] Plaintiff's allegations regarding what Mr. Rountree said at the May 2007 Board meeting are wholly inaccurate and misleading.  Nonetheless, even if Plaintiff's allegations were accurate (which they are not), her claims are due to be dismissed because the statements were not published, are not defamatory, are privileged communications and did not result in special damages to Plaintiff.

these statements were certainly conditionally privileged and Plaintiff has not (and cannot) presented any evidence that Mr. Rountree was acting with actual malice and not speaking in good faith. Consequently, Plaintiff's claims for defamation, slander and false light are due to be dismissed.

## II.    THE ALLEGED STATEMENTS ARE NOT DEFAMATORY

The statements which form the basis of Plaintiff's claims are not defamatory. To establish a claim for defamation under Alabama law, a plaintiff must establish: (1) a false and defamatory statement concerning plaintiff; (2) an unprivileged communication of that statement to a third party;[3] (3) fault amounting to at least negligence on the part of the defendant; and (4) either actionability of statement irrespective of special harm or the existence of special harm caused by publication of the statement. *Chalal v, Northwest Medical Center, Inc.,* 147 F.Supp.2d 1160, 1180 (N.D.Ala. 2000) citing *McCraig v. Talladega Publishing Co.,* 544 So.2d 875, 877 (Ala. 1989) citing Restatement (2d) of Torts §558 (1977); *See also, Wyatt v. BellSouth, Inc*., 998 F.Supp. 1303, 1312 (M.D.Ala. 1998). A defamatory statement is defined as one that subjects the plaintiff to "disgrace, ridicule, odium or contempt." *Marshall v. Planz,* 1998 WL 473062, *1 (M.D. July 22, 1998)(quoting *Anderton v. Gentry,* 577 So.2d 1261, 1263 (Ala. 1991). In this case, assuming *arguendo* that the attorney for the Defendant actually made any of the statements alleged by Plaintiff and these statements were inaccurate, they most certainly do not, as a matter of law, give rise to a claim for defamation and/or slander in light of the undisputed facts that Plaintiff had filed a discrimination lawsuit against the Defendant, at one point was represented

---

[3] Plaintiff also cannot establish that Defendant "published" any of the alleged defamatory statements. As the Alabama Supreme Court held in *Hanson v. New Technology, Inc.,* "[c]ommunications among the managerial personnel of a corporation about the company's business do not constitute a publication." 594 So.2d 96, 100 (Ala. 1992) citing *McDaniel V. Crescent Motors, Inc.,* 31 So.2d 343 (Ala. 1947). As such, the internal communications between the Defendant's attorney (and Board member) and the Board of Directors about a legal matter and related issues were clearly not publications to third persons under Alabama law and, therefore, are not actionable.

by an attorney and filed documents in open court reflecting her personal debt.[4]  Contrary to her objections, Plaintiff's disagreement with the facts and defenses presented by Defendant in response to the inaccurate allegations contained in her pleadings does not and cannot give rise to a claim of defamation under these circumstances.

### III.  PLAINTIFF'S ALLEGED "GENERAL DAMAGES" WILL NOT SUSTAIN AN ACTION FOR SLANDER PER QUOD

It is well settled under Alabama law that "statements which do not impute the commission of a crime involving infamy or moral turpitude require proof of actual damages in order to support a claim for defamation." *Chalal,* 147 F.Supp.2d at 1180 citing *Anderton v. Gentry,* 577 So.2d 1261 (Ala. 1991). Thus, a statement that constitutes slander per quod is actionable only if the plaintiff pleads <u>and</u> proves special damages. *Shook v. St. Bede School,* 74 F.Supp.2d 1172, 1180 (M.D.Ala. 1999) citing *Anderton v. Gentry,* 577 So.2d 1261 (Ala. 1991). "Special damages are the material harms that are the intended result or natural consequence of the slanderous statement, and the general rule is that they are limited to 'material loss capable of being measured in money.'" *Shook v. St. Bede School,* 74 F.Supp.2d 1172, 1180 (M.D.Ala. 1999) citing *Harrison v. Burger,* 103 So. 842, 844 (Ala. 1925) and quoting Restatement (2d) of Torts §575*,* cmt. B, at 198.

Even if the Court were to assume *arguendo* that the statements at issue in this case constitute slander per quod, Plaintiff has neither pled nor offered any proof of special damages resulting directly from the allegedly slanderous communications.  Plaintiff's general claim for back pay damages of $2000 for "Defamation/Slander and Publication in a False Light" and $50,000 in "Pain & Suffering Compensatory Damages" for these claims will not suffice. *See*

---

[4] Contrary to Plaintiff's assertion in her pleading titled, Objections to Recommendation, Plaintiff's Original Complaint and Amended Complaint are devoid of the allegation that Mr. Rountree "announced that plaintiff was a very dishonest person."

*generally, Restatement (2d) of Torts §575,* at 199 cmt. C ("Under the traditional rule, the emotional distress caused to the plaintiff by [her] knowledge that he has been defamed is not special harm; and this is true although the distress results in a serious illness.").  Consequently, she has not (and cannot) establish this element of her defamation claim, and therefore, it is due to be dismissed as a matter of law.

## CONCLUSION

For the foregoing reasons, as well as the reasons and analysis contained in the Recommendation of the Magistrate Judge, Plaintiff's claims for defamation, slander and publication in false light are due to be dismissed.

Respectfully submitted,

/s/ Robin A. Adams
Stephen A. Brown
Robin A. Adams
Attorneys for the Defendant,
Easter Seals Central Alabama
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
205-254-1000
205-254-1999 (fax)
radams@maynardcooper.com

<u>CERTIFICATE OF SERVICE</u>

   This is to certify that I have this day, the 23rd  day of July, 2007, served the foregoing pleading by placing the same in U. S. Mail with sufficient postage attached on:

Emily Jackson
605 Wesley Drive
Montgomery, Al. 36111

        /s/ Robin A. Adams_____
        OF COUNSEL