IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EMILY C. JACKSON,           )
                            )
    Plaintiff               )
                            )
v.                          )     CIVIL ACTION NO. 2:07cv315-MEF
                            )
EASTER SEALS OF             )
CENTRAL ALABAMA,            )
                            )
    Defendant.              )

**Motion for Summary Judgment**

Plaintiff, Emily C Jackson, files this motion for a summary judgment in her wrongful termination, racial discrimination, and gender discrimination claims against defendant, Easter Seals Central Alabama, for the following reasons:

1. Plaintiff initially filed this case with the US District Court Alabama Middle District on April 11, 2007 (Document 2). Plaintiff only filed additional motions with the court when she believed that her rights were continually violated by defendant (Documents No. 8, No. 10, No. 16, and No. 23).

2. On June 14, 2007, plaintiff attempted an out-of-court settlement by notifying defendant by U.S. Postal Service Certified Mail # 7006 0100 0003 6639 7136 which was addressed to defendant's defense counsel, Michael W. Rountree. In this notice, plaintiff requested a response from defendant within 30 days. However, defendant did not respond until August 24, 2007, when defendant's defense counsels, Robin A. Adams and Stephen E. Brown of Maynard, Cooper, and Gale PC, mailed written objections to plaintiff by U.S. Postal Service Certified Mail # 7006 3450 0003 6762 2957.

3. Additionally, in defendant's written objection, defense counsel requested a release of plaintiff's medical records. Plaintiff's sole purpose for filing her claim of wrongful termination was due to her Civil Rights being violated by Easter Seals Central Alabama; and, her medical records have no relevance to the case. Also, plaintiff's medical records have no bearing on defendant violating her Civil Rights. Furthermore, plaintiff does not wish to make her medical records accessible to defendant, defense counsels, and the public, as they contain personal, private, and sensitive information which is patient-physician privilege. Therefore, plaintiff **exercises her rights** under Title II of the Health Insurance Portability and Accountability Act of 1996, the Administrative Simplification provisions, and **refuses to sign the authorization and release for her medical information.** See Exhibits Q1-5.

4. On June 29, 2007, Chief U.S. District Court Judge Mark E. Fuller made a final Order, Judgment, and Decree accepting Chief Magistrate Judge Charles S. Coody's recommendation that **plaintiff pled sufficient evidence to support her wrongful termination claim against defendant** (Document No. 21). Thereafter, defendant had 30 days to appeal, however, defendant has not filed any appeals or written objections to this final Order, Judgment, and Decree (Document No. 21). Also, defendant has had legal representation since notification that this discrimination case was filed with the Equal Employment Opportunity Commission on November 10, 2006, and has added two additional attorneys since June 25, 2007 (Document No. 18).

5. Plaintiff was initially represented by Attorney David Arendall, on a contingency basis, but after receiving her "Right-to-Sue Letter," she was not able to pay for his time and service. Thereafter, plaintiff sought legal counsel from six other attorneys who were not able to represent her due to caseloads and/or retainer fees. Therefore, plaintiff's attempts to obtain an attorney were not successful. Since plaintiff does not have the financial resources to obtain legal counsel, she is representing herself, and is highly vulnerable to attacks on her character and to invasions of privacy to her medical and financial records, which, the disclosure of her financial records were required in her motion for appointment of counsel (Document No.1).

At this juncture, plaintiff does not wish to prolong this case and over burden the court and its staff with additional court proceedings and costs, when evidence and facts to support a wrongful termination claim against defendant have already been submitted by plaintiff to the court, and have already been ruled by Chief U.S. District Court Judge Mark E. Fuller as sufficient. Plaintiff also waives the 90-day period allowed for claimants without representation for discovery of evidence. Plaintiff, therefore, files a motion for a summary judgment to settle her claims against Easter Seals Central Alabama for wrongful termination, racial discrimination, and gender discrimination.

*Emily C. Jackson* (signature)

Emily C. Jackson

605 Wesley Drive

Montgomery, AL 36111

(334) 288-4675

## Certification of Service

I, Emily C. Jackson, do hereby certify on this 7<u>th</u> day of September 2007 that the information contained in this correspondence to the court is accurate and true to the best of my abilities, and that I have submitted a copy of this document by the United States Postal Service Regular Mail to the following:

Robin A. Adams, One of the Attorneys for Defendant
Easter Seals Central Alabama
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Habert Plaza
Birmingham, Alabama 35203

Stephen E. Brown, One of the Attorneys for Defendant
Easter Seals Central Alabama
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Habert Plaza
Birmingham, Alabama 35203

*Emily C. Jackson* (signature)
Emily C. Jackson



**MAYNARD COOPER & GALE PC**
ATTORNEYS AT LAW

**Robin Adams**
DIRECT: (205) 254-1105
EMAIL: radams@maynardcooper.com

EXHIBIT Q-1

August 24, 2007

**VIA CERTIFIED MAIL**

Ms. Emily Jackson
605 Wesley Drive
Montgomery, AL 36111

    Re:    **Emily Jackson v. Easter Seals Central Alabama**
            **Case Number: 2:07cv315-MEF**

Dear Ms. Jackson:

    Enclosed, please find the Defendant Easter Seals Central Alabama's ("Easter Seals" or "Defendant") first discovery Requests, Notice of your deposition, HIPAA Release and release for records from the Social Security Administration.

    Please provide written and signed responses and documents responsive to Defendant's discovery Requests within thirty (30) days. Additionally, please sign and return the HIPAA and Social Security Administration releases as soon as possible so that we can forward them to the appropriate entities.

    I will give you a call for us to discuss possible dates for your deposition that will accommodate the scheduled of both parties.

    Finally, enclosed are Defendant's Responses to your discovery Requests alluded to in your June 14, 2007 letter regarding settlement.

    Please feel free to call me if you have any questions regarding any of these issues.

                                Yours truly,

                                Robin A. Adams

RAA/dsl
Enclosures

cc:    Stephen E. Brown, Esq.

1901 SIXTH AVENUE NORTH   2400 AMSOUTH/HARBERT PLAZA   BIRMINGHAM, ALABAMA 35203-2618   205.254.1000   FAX 205.254.1999

WWW.MAYNARDCOOPER.COM

Ms. Emily Jackson
August 24, 2007
Page No. 2

EXHIBIT-Q2

bc:     Debbie Lynn

MAYNARD COOPER
& GALE PC
ATTORNEYS AT LAW

**Consent for Release of Information**

TO: Social Security Administration

EXHIBIT-Q3

| Emily C. Jackson | 01/11/1962 | ▬▬▬▬▬▬▬ |
|---|---|---|
| Name | Date of birth | Social Security Number |

I authorize the Social Security Administration to release information or records about me to:

| NAME | ADDRESS |
|---|---|
| Robin A. Adams, Esq.<br>Maynard, Cooper & Gale, P.C. | 1901 6th Avenue North; Suite 2400<br>Birmingham, AL 35203 |

I want this information released because:

Requested in pending litigation

Please release the following information:

_____ Social Security Number
_____ Identifying information (includes date and place of birth, parents' names)
_____ Monthly Social Security benefit amount
_____ Monthly Supplemental Security Income payment amount
_____ Information about benefits/payments I received from _____ to _____
_____ Information about my Medicare claim/coverage from _____ to _____
_____ (specify)_____
_____ Medical Records
_XX_ Record(s) from my file (specify) _Any and all records_
_____ Other (specify)_____

I am the individual to whom the information/record applies or that person's parent (if a minor) or legal guardian. I know that if I make any representation which I know if false to obtain information from Social Security records, I could be punished by a fine or imprisonment or both.

Signature: _Refuse to Sign_

(Show signature, names and addresses of two people if signed by mark.)

Date: _____    Relationship: _____

EXHIBIT-Q4

# HIPAA COMPLIANT AUTHORIZATION AND RELEASE
## FOR MEDICAL INFORMATION PURSUANT TO 45 CFR 164.508

To: *Refuse to Sign*

    I hereby authorize the above-named provider, hospital, health plan, institution, firm or corporation (the "Covered Entity") to disclose, upon presentation of this authorization and release, to the law firm of Maynard, Cooper & Gale, P.C., its attorneys, employees, agents and designees and any of their agents or designees, any and all health information concerning **Emily C. Jackson**, including by way of example, but not limited to the following:

    all medical records, investigative files and documents including but not limited to any and all medical records, physicians' records, surgeons' records, x-rays, CAT scans, MRI films, photographs and any other radiological, nuclear medicine or radiation therapy films, pathology materials, slides, tissues, laboratory reports, discharge summaries, progress notes, consultations, prescriptions, pharmacy records, records of drug abuse and alcohol abuse, HIV/AIDS diagnosis or treatment, physicals and histories, nurses' notes, patient intake forms, correspondence, psychiatric records, psychological records, social worker's records, insurance records, consent for treatment, statements of account, bills, invoices or any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis or other information pertaining to and concerning the physical or mental condition of Emily C. Jackson (dob 01/11/62, SSN 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).

    I understand that I may revoke this authorization and release at any time by giving written notice of revocation to the Covered Entity described above, except to the extent that action has already been taken in reliance upon this authorization and release before receipt of the written notice of revocation.

    I understand that the information disclosed under this authorization and release may be subject to redisclosure by the person(s) specified above and may no longer be protected.

    I understand that these insurance records are confidential. I understand that by signing this authorization and release I am specifically allowing the release of any insurance and medical information requested to the person(s) specified above, including any HIV/AIDS and sickle cell anemia diagnosis and treatment records that may be specifically protected by the Department of Veteran Affairs and/or state law or regulations. Drug and alcohol abuse information records are specifically protected by federal and/or state regulations, and by signing this authorization and release I understand that I am also expressly allowing the release of any drug and/or alcohol information records to the person(s) specified above. I also understand that by signing this authorization and release I am specifically authorizing the release of pharmacy and prescription information and records that may be protected by state law or regulations to the person(s) specified above. I also understand that by signing this authorization and release I am specifically authorizing the release of psychiatric records and psychological records, including the records of mental health counselors, that may be protected by state law or regulations to the person(s) specified above.

    I also understand that I have the right to refuse to sign this authorization and release. I understand that the Covered Entity may not condition treatment, payment, enrollment in a health plan or eligibility for benefits

EXHIBIT-Q5

upon my execution of this authorization and release.

    This authorization and release is continuing in nature and is to be given full force and effect to release any and all of the information described above after the date of this authorization and release until the conclusion of the case cited above. This authorization and release also includes the authority to copy any and all such information and to discuss the information with the above designated person(s). A copy of this authorization and release may be used in place of and with the same force and effect as the original.

_Refuse to Sign_        ✗
**Signature**                                   **Date**

Date of Birth: January 11, 1962

Social Security Number: ▮▮▮▮▮▮▮

**YOU ARE ENTITLED TO A COPY OF THIS AUTHORIZATION AFTER YOU SIGN IT.**