**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **EMILY JACKSON,** | ) | |
| | ) | |
| **Plaintiff** | ) | **Civil Action No. 2:07cv315-MEF** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EASTER SEALS CENTRAL ALABAMA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION FOR CONSENT PROTECTIVE ORDER

Defendant Easter Seals Central Alabama ("Defendant" or "Easter Seals"), by and through its undersigned counsel, hereby moves the Court to approve and enter the attached Consent Protective Order which has been agreed upon by the parties. This Motion seeks to protect the parties' interests in the confidentiality of certain proprietary, confidential and sensitive documents as set forth in the parties' Consent Protective Order ("Consent Protective Order"), which is attached to Defendant's Motion as Exhibit A. The parties have agreed to the terms of the Consent Protective Order in order to maintain the confidentiality of information produced or obtained in this action and respectfully request the Court to approve and enter the Order.

Respectfully submitted,

/s/Robin A. Adams
One of the Attorneys for Defendant,
Easter Seals Central Alabama

OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2007, a copy of the foregoing was filed electronically. A copy of this motion has been served to Plaintiff (pro se) on this date by placing a copy in the U.S. Mail (certified) with adequate postage attached and addressed as follows:

Emily Jackson
605 Wesley Drive
Montgomery, Al. 36111

/s/ Robin A. Adams_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EMILY JACKSON,                          )
                                        )
          Plaintiff                     )          Civil Action No. 2:07cv315-MEF
                                        )
v.                                      )
                                        )
EASTER SEALS CENTRAL ALABAMA,           )
                                        )
          Defendant.                    )

## CONSENT PROTECTIVE ORDER

The parties hereto having consented through their respective attorneys to the entry of this Protective Order in order to protect the confidentiality of certain information and to facilitate discovery, IT IS HEREBY ORDERED THAT:

1.     This Order shall govern all documents produced by Plaintiff Emily Jackson ("Plaintiff" or "Jackson"), Defendant Easter Seals Central Alabama ("Defendant" or "Easter Seals"), and information/documents provided by third parties responding to subpoenas or other requests for information from a party regarding this case. Furthermore, this Order shall govern all information derived from such documents and copies, excerpts or summaries thereof.

2.     The following documents shall be designated as confidential and subject to this Protective Order:

    (a)     Plaintiff's federal and state income tax returns;

    (b)     Plaintiff's medical records;

    (c)     any document from the personnel, employment, medical or payroll file of any employee or former employee of Defendant, including, but not limited to, wage and salary information and other compensation documents; and

(d)    any other documents which a party in good faith designates as "confidential."

3.    Such confidential documents shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose and shall not be disclosed to any other person or third party other than:

(a)    Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above-entitled action;

(b)    Plaintiff and Defendant, but only as set out in paragraph 4 below;

(c)    The Court, persons employed by the Court working on this litigation, and jurors or prospective jurors;

(d)    Court reporters at the proceedings in this action;

(e)    Experts or consultants retained or consulted by the parties, but only as set out in paragraph 4 below; and

(f)    Deponents, trial witnesses and potential deposition witnesses, but only as set out in paragraph 4 below.

4.    Prior to making such disclosure of any confidential documents or information pursuant to paragraph 3, the party or counsel for a party in this action shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, may only be used for the purpose set forth in this Protective Order.    Additionally, each person to whom disclosure of confidential documents and information is permitted shall be shown a copy of this Order and shall be specifically advised by the party or counsel for the party that this Order applies to, and is binding upon such individual.

5.    After the conclusion of this matter as to all parties, each confidential document shall be maintained by counsel under seal and shall not be disclosed to

any other person or third party other than as is necessary for any issue arising from and concerning this litigation.

6.    Nothing in this Order shall prevent a party from any use of his/her/its own confidential documents.

7.    The inadvertent or unintentional disclosure of any confidential information, shall not be construed to be a waiver, in whole or part, of Plaintiff's or Defendant's claims of confidentiality, either as to the specific confidential information disclosed or as to other related information.

8.    Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

9.    Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as confidential pursuant to this Consent Protective Order shall be returned to the producing party or destroyed in lieu of return. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated "confidential," so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be confidential and subject to this Protective Order.

10.    The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

IT IS SO ORDERED.

_____
Circuit Judge

AGREED AND ACCEPTED:

BY: _Emily C. Jackson_
Emily Jackson
Plaintiff

BY: _Robin A. Adams_
Robin A. Adams
One of the Attorneys for
Defendant Easter Seals Central
Alabama

OF COUNSEL:
Maynard, Cooper & Gale, P.C.
1900 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000