IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMILY JACKSON, ) | |
| ) | |
| Plaintiff ) | Civil Action No. 2:07cv315-MEF |
| ) | |
| v. ) | |
| ) | |
| EASTER SEALS CENTRAL ALABAMA, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S
### REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant Easter Seals Central Alabama (hereinafter referred to as "Easter Seals" or "Defendant"), by and through its counsel of record, and submits its objections and responses to Plaintiff's Request for Production of Documents ("Discovery Request(s)") in the above-styled action in the order set forth herein as follows:

### I. GENERAL OBJECTIONS

Defendant objects to each and every individual discovery request on each and all of the following grounds:

1.  Defendant's objections to Plaintiff's discovery requests are made without waiver of, or prejudice to, any additional objections Defendant may make.

2.  All such objections are hereby expressly preserved, as is the right to move for a protective order.

3.  Defendant reserves all objections as to the admissibility at trial of any information provided.

4.      The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation only and for no other purpose.

5.      Defendant objects to each and every discovery request to the extent that the information called for, if any, was obtained and prepared in anticipation of litigation or for trial and Plaintiff has made no showing that he has substantial need for the materials in the preparation of their case and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. Defendant further objects to each and every discovery request to the extent that the information called for, if any, is privileged and is not discoverable under the Federal Rules of Civil Procedure or otherwise.

6.      Defendant objects to each and every discovery request to the extent that the information called for, if any, is protected from discovery by the attorney/client privilege, work product doctrine or any other applicable privilege, protection or immunity.

7.      Defendant objects to each and every discovery request to the extent that they seek to vary the obligations imposed upon Defendant under the Federal Rules of Civil Procedure.

8.      Defendant objects to each and every discovery request to the extent that they seek information that is not relevant to the claims in this action or reasonably calculated to lead to the discovery of admissible evidence.

9.      Defendant objects to each and every discovery request to the extent that they seek information that is equally available to Plaintiff and the burden on Plaintiff to obtain the requested information is no greater than the burden on Defendant.

10.     Defendant objects to each and every discovery request to the extent that they are vague, overly broad, oppressive, designed to harass Defendant, unduly burdensome and

expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

11. Defendant objects to each and every discovery request to the extent that they seek an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted.

12. Formal discovery is not completed in this action. Therefore, Defendant specifically reserves the right to supplement its answers and responses to Plaintiff's discovery requests upon the completion of discovery.

13. Defendant objects to each and every discovery request to the extent they ask for confidential and private information regarding individuals who are not parties to this lawsuit.

## II. SPECIFIC OBJECTIONS AND RESPONSES

Without waiving its General Objections and specifically asserting each General Objection as to each and every discovery request propounded to it by Plaintiff, Defendant provides the following objections to the individually numbered requests as follows:

1. 2004-2006 Purchase Orders and Vouchers identifying requests for business expenses: equipment, supplies, training, travel, etc. withdrawn from the ACE Grant.

**RESPONSE: Defendant objects to this request to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this case.**

2. 2004-2006 Purchase Orders and Vouchers identifying requests for business expenses: equipment, supplies, training, travel, etc. withdrawn from the TRACKS Grant.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this case.

3. The ACE Grant Extension Contract October 1, 2006 to March 31, 2007.

**RESPONSE:** Defendant objects to this request to the extent that it is vague, ambiguous and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this case. Without waiving these objections and/or the foregoing General Objections, Defendant will produce documents evidencing the grant extension for ACE Microenterprises Program, to the extent that such documentation exists.

4. Easter Seals Central Alabama, 2125 E. South Boulevard, Montgomery, AL 36616:

    a) May 2007 Board Meeting Attendance Roster, Minutes, and audio tape;

    b) Proof of Professional Liability Insurance Company, Policy Number and amount of coverage, agent's name, address and telephone number.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses at issue in this matter. Additionally, Defendant objects to this request to the extent that it seeks information and/or documentation that is protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege, protection and/or immunity.

5. Bill Hanes' credentials and Business Plans:

    a) Independent Contract Agreement;

    b) Business License;

c) Proof of Employer Identification Number;

d) Proof of Professional Liability Insurance Company, Policy Number and amount of coverage, agent's name, address and telephone number;

e) Business Plans developed by Hanes between October 2006 and March 31, 2007;

f) Names and telephone numbers of Alabama Department of Rehabilitation Services Counselors who Hanes assisted with business plan development for their Vocational Rehabilitation Clients who were referred to Easter Seals ACE Micro Enterprise Program from October 1, 2006 to March 31, 2007.

**RESPONSE: Defendant objects to this request to the extent that it is overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses at issue in this matter. Without waiving these objections and/or the foregoing General Objections, Defendant will produce a copy of the contract for services for the period of October, 2006 through March 31, 2007 between Bill Haynes and Defendant.**

_____
Stephen E. Brown
Robin A. Adams
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203

*Counsel for Defendant*
*Easter Seals Central Alabama*

## CERTIFICATE OF SERVICE

This is to certify that I have this day, the 24th day of August, 2007, served the foregoing pleading by placing the same in U. S. Mail with sufficient postage attached on:

Emily Jackson
605 Wesley Drive
Montgomery, Al. 36111

_____
OF COUNSEL