IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMILY JACKSON, ) | |
| ) | |
| Plaintiff ) | Civil Action No. 2:07cv315-MEF |
| ) | |
| v. ) | |
| ) | |
| EASTER SEALS CENTRAL ALABAMA ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S FIRST INTERROGATORIES
AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Easter Seals Central Alabama ("Easter Seals" or "Defendant"), pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, hereby propounds its first interrogatories and first request for production of documents to be responded to by Plaintiff **Emily Jackson** within the time prescribed by the Federal Rules of Civil Procedure.

I.    **DEFINITIONS AND INSTRUCTIONS FOR RESPONDING TO DISCOVERY REQUESTS.**

1.    "Defendant" refers inclusively and/or individually to Easter Seals, its directors, employees, agents, representatives, and predecessors.

2.    "Plaintiff" refers to **Emily Jackson**.

3.    "Document" refers to any documents or things within the scope of Rule 34(a) of the Federal Rules of Civil Procedure.

4.    "Complaint" refers to the complaint filed by plaintiff, including any subsequent amendments thereto.

5.    "And" means "or," and vice versa.

6.    "All" means "any," and vice versa.

7. "You" or "your" refers to plaintiff.

8. "Date" means the day of the month, the month, and the year. If only the approximate date is known or available, please state the approximate date and indicate that it is the approximate date.

9. "Person" refers to individual(s), corporation(s), partnership(s), proprietorship(s), and state or federal agencies, departments or entities.

10. "Identify," when referring to person(s) means that a name, current address and current telephone number should be given.

11. "Identify," when referring to document(s), means that the date, author, recipient, and subject matter of the document(s) should be given.

12. The production requests refer to documents in the possession, custody, or control of plaintiff and/or in the possession, custody, or control of plaintiff's representatives, agents, or attorneys.

13. Unless otherwise indicated, the interrogatories and production requests refer to the time, place, and circumstances of the occurrences described in the complaint and any amendments thereto.

14. Each discovery request should be responded to separately; however, a document which is responsive to more than one production request may, if the relevant portion is so marked or indexed, be produced and referred to in either a prior or later response to a production request.

15. Each production request refers to documents that are either known by plaintiff to exist or that can be located or discovered by reasonably diligent efforts of plaintiff.

16. Each interrogatory refers to information that is either within plaintiff's knowledge or that can be located or discovered by the reasonably diligent efforts of plaintiff.

17. Please note that plaintiff is under a continuing duty, pursuant to Rule 26(e), to seasonably supplement discovery responses. The interrogatories are submitted to the plaintiff for answers made under oath in light of information and beliefs of the plaintiff, but plaintiff is hereby advised of the responsibility to provide supplemental answers to these interrogatories if at any time the answers are not complete or are inaccurate in some way. Supplemental answers, if any, are to be provided in writing, under oath and served upon the undersigned counsel of record for Defendant.

18. In the event that any information is withheld under a claim of privilege, provide the following information for all documents related to or reflecting the information for which a claim of privilege is asserted:

    (a) the place, date and manner of recording or otherwise preparing the document;

    (b) the name and title of sender, and the name and title of recipient of the document;

    (c) a summary of the contents of the document;

    (d) the identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

    (e) the identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the date(s) of said communication, and the employer and title of said person at the time of said communication;

    (f) a statement of the basis on which the privilege is claimed; and

    (g) the identity and title, if any, of the person or persons supplying your attorney with the information requested in subsections (a) through (e), above.

19. Production may be accomplished by mailing the requested documents, or legible photocopies thereof, to the undersigned counsel for Defendant.

## II.   INTERROGATORIES.

1. Please describe whether you have ever been involved in or a party to any litigation (whether judicial or administrative) other than the case at hand, whether you have ever sued or been sued and if so, the identity, circumstances and outcome of that litigation.

2. Identify each company or person by whom you have been employed at any time in the ten (10) years preceding your employment with Easter Seals and in the time since your discharge from Easter Seals, as well as any self-employment, and provide the following information:

   (a) The dates of each employment;

   (b) The duties and responsibilities of each position held; and

   (c) Your level of compensation at each job.

   (d) The reasons that you left each job and whether you left voluntarily.

3. State whether you have ever been terminated from a position <u>other than your separation from Defendant</u> and if so, identify the employers who terminated you, the circumstances surrounding those terminations and the reasons given for your termination.

4. Describe <u>in detail all damages and losses</u> you allegedly suffered as a result of Defendant's alleged actions.

5. State whether you are currently being treated or have been treated since you began your employment with Defendant by any physician, psychologist, psychiatrist or counselor. If so, please identify the name of <u>each medical care provider</u>, where he or she practices, the condition(s) for which such provider has provided treatment, which medications have been prescribed in the course of treatment, and discuss in detail the extent of treatment and dates of treatment.

6. Identify each expert witness whom you intend to call as a witness at trial. Separately summarize each expert's testimony/opinions and separately provide all background facts, data, studies, surveys, articles etc. on which each expert relies.

7. Describe any attempts to find employment since your separation from Easter Seals, including the names of any prospective employer, the location of any such prospective employment and the position(s) for which you applied or which you sought.

8. Describe and account precisely for each dollar of all income received from any employment or self-employment and the name of each employer or self-employment since your separation from Easter Seals.

9. Describe any attempts to collect unemployment benefits since your separation from Easter Seals, whether such attempts were successful and the amount, if any, you received in benefits.

10. Have you ever filed for bankruptcy of any kind? If so, please provide details relating to the chapter filed under, date(s) of the filing and where such action is/was pending.

11. Please identify each person with knowledge (whether direct or indirect) of any facts regarding this case, whether known by you, your attorney, or anyone else who has acted on your behalf and describe what knowledge about this case each may have, indicating whether a statement was taken from each witness.

### III. PRODUCTION REQUESTS

1. All documents relating to your employment provided by Defendant to you at any time and retained by you, either in the original or by a copy.

2. All documents and things from any source which in any way relate to or support the allegations in contained in the Complaint.

3. All documents of any kind evidencing, referring or relating to expenses and/or damages you are claiming as a result of the claims asserted in the Complaint or which relate to or support the calculation of said damages.

4. All personal diaries, notes, desk calendars, memoranda, audio tapes, video tapes, or other documents assembled or compiled by you from the beginning of your employment with Defendant to the present reflecting any events, happenings, remarks or statements concerning (a) the performance of your work; (b) any employment contract, agreement, arrangement or understanding between you and Defendant; (c) the terms and conditions under which you performed services for Defendant; (d) your compensation; (e) the conduct complained of in the Complaint; (f) encounters, meetings, or conversations with past or present employees, agents, or attorneys of Defendant; (g) any reprimands, suspensions, or disciplinary actions against you in connection with employment; or (h) end of your employment at Easter Seals.

5. All documents consulted or referred to or identified in the course of assembling or deriving the answer to each of the foregoing Interrogatories.

6. Each document and photograph which you anticipate offering for introduction into evidence at the trial of this case.

7. All your income tax returns, both State and Federal, with attachments, for the years 2004-2006 and any quarterly, estimated, or draft returns prepared for 2007.

8. All documents provided by you or on your behalf to Defendant at any time and retained by you or on your behalf, either in the original or by a copy.

9. All documents of any kind evidencing, referring or relating to your separation from Easter Seals.

10. Any and all written statements that you have taken (or anyone has taken on your behalf) from any person concerning the matters alleged in this lawsuit.

11. Please produce any and all applications for employment, resumes or letters of inquiry concerning employment prepared and/or submitted to potential employers during or after your employment with Defendant.

12. Please produce any documents submitted by you or on your behalf to the Equal Employment Opportunity Commission.

13. Please produce any policy manual, handbook, policy guide or other statement of Easter Seals policy provided to you during your employment which is still in your possession or within your control.

Dated: August 24, 2007

Respectfully submitted,

/s/ Robin A. Adams

Stephen E. Brown
Robin A. Adams
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203

*Counsel for Defendant*
*Easter Seals Central Alabama*

## CERTIFICATE OF SERVICE

This is to certify that I have this day, the 24th day of August, 2007, served the foregoing pleading by placing the same in U. S. Mail with sufficient postage attached on:

Emily Jackson
605 Wesley Drive
Montgomery, Al. 36111

_____
OF COUNSEL