IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EMILY C. JACKSON,               )
                                )
        Plaintiff               )
                                )
v.                              )      CIVIL ACTION NO. 2:07cv315-ME
                                )
EASTER SEALS OF                 )
CENTRAL ALABAMA,                )
                                )
        Defendant.              )

**Response To Defendant's Request For Discovery**

Plaintiff, Emily C. Jackson, files this response to defendant's request for

discovery as required by the U.S. District Court For The Middle District Of Alabama,

Scheduling Order of September 11, 2007, "all requests for discovery and all responses to

discovery requests, except copies of depositions, shall be filed with the court" (Document

No. 30)

1) **Request:** On August 24, 2007, defendant mailed its first discovery request asking

   for plaintiff's **i)** signature on a HIPAA Release Form **ii)** signature on a Social

   Security Records Release Form, and **iii)** scheduled date for a deposition and any

   and all communications that plaintiff intends to introduce regarding claims against

   defendant during the scheduled deposition.

   a. **Response #1:** Plaintiff initially refused to sign the HIPAA and SSA

      release forms because she felt that this request was an invasion of her

      privacy.  Also, the release forms noted that she had the right to refuse to

      sign.  However, after the September 11, 2007 Scheduling Conference,

      plaintiff was informed by the Magistrate Judge that she could not refuse to

sign the medical and SSA release forms and that she must cooperate with defense counsels.

b. **Response #2**: On September 12, 2007 defense counsels resubmitted the HIPPA Release and Social Security Records Release Forms and plaintiff signed and returned these releases to defense counsels by fax. Also, on September 14, 2007 plaintiff mailed these releases to defense counsels Robin A. Adams and Stephen E. Brown to ensure that they received the original copies of the requests. On September 12, 2007, Defense counsels also submitted a copy of the Personal Service Agreement between Easter Seals Central Alabama and William D. Haynes which plaintiff had requested in her initial discovery request. Since the medical and SSA release forms and the Agreement between defendant and Mr. Haynes are protected under the Protective Order, plaintiff has not filed these protective documents with the court. However, upon request by the U.S. Chief District Court and Magistrate Judges, plaintiff will immediately provide these documents to them.

c. **Response #3**: At this juncture, plaintiff is unable to schedule a deposition and submit all communications that she intends to introduce regarding her claims against defendant because she has not completed all discovery and depositions with her witnesses. During the September 11, 2007 Scheduling Conference, defense counsel Stephen E. Brown requested more time to conduct discovery due to the holidays and scheduling, and the Magistrate Judge gave him until January 30, 2008 as the deadline for

2

all discovery requests and responses. When all discovery and depositions are completed, plaintiff will be able to schedule her depositions with defense counsels and bring all communications that she intends to introduce before the January 30, 2008 deadline (Document No. 30).

d. **Response #4:** Also enclosed in the August 24, 2007 request, defense counsels submitted written objections to plaintiff's initial written request for discovery dated June 14, 2007. This request was an attempt by plaintiff to settle claims against defendant. However, defendant did not respond until August 24, 2007 when these written objections to plaintiff's requests for discovery were mailed to plaintiff.

e. **Response #5:** On September 17, 2007, plaintiff resubmitted her request for 14 discovery items. On September 20, 2007, plaintiff revised her request for 14 discoveries because she omitted two of defendant's employees' names. Both requests for discovery were filed with the court on September 28, 2007 and mailed to defense counsels Robin A. Adams and Stephen E. Brown.

f. **Response #6:** Of the 14 discovery requests that plaintiff made to defendant, she has received two. Firstly, plaintiff has received a copy of the Personal Service Agreement between Easter Seals Central Alabama and William D. Haynes as noted in Response #2 above. Secondly, on September 29, 2007, plaintiff received a copy of the Subrecipient Grant Agreement between the Alabama Department of Economic And Community Affairs and Easter Seals Central Alabama dated March 12,

3

2007 (referred to as "budgets and amendments") and a copy of an email message from Susan McKim to Tammy Farmer dated October 9, 2006. However, the date of the Agreement and the date of the email message are inconsistent. Also, Susan McKim retired from Easter Seals Central Alabama in January of 2007; therefore, she could not have communicated with Tammy Farmer in March of 2007 from Easter Seals Central Alabama Intranet/Email System. Therefore, plaintiff needs the original Subrecipient Grant Agreement that was signed in October of 2006 which would be consistent with Page 2 of the email message that Susan McKim actually sent to Tammy Farmer on October 9, 2006. Attached is the copy of this email communication, however, the Agreement (referred to as "budget and amendments") is not attached because it is protected under the Protective Order (Document No. 34).

g.  **Response #7:** Plaintiff is still awaiting the remaining 12 discovery requests from defendant which was mailed to defense counsels on September 17, 2007 and September 20, 2007. Plaintiff also filed these requests for discovery with the court and mailed them to defenses counsels on September 28, 2007 (Document No. 35).

Emily C. Jackson, (pro se)

Emily C. Jackson

605 Wesley Drive

Montgomery, AL 36111

(334) 288-4675

## Certificate of Service

I, Emily C. Jackson, do hereby certify on this <u>11</u>[th] day of October 2007 that the

information contained in this correspondence to the court is accurate and true to the best

of my abilities, and that I have submitted a copy of this document by placing the same in

the United States Postal Service Mail System to the following:

**<u>Regular Mail Service</u>**
Robin A. Adams, Esq.
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Habert Plaza
Birmingham, Alabama 35203

**<u>Regular Mail Service</u>**
Stephen E. Brown, Esq.
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Habert Plaza
Birmingham, Alabama 35203

Emily C. Jackson, (pro se)

5



*EXHIBIT - 1*

MAYNARD COOPER
& GALE PC
ATTORNEYS AT LAW

**Robin Adams**
DIRECT: (205) 254-1105
EMAIL: radams@maynardcooper.com

August 24, 2007

**VIA CERTIFIED MAIL**

Ms. Emily Jackson
605 Wesley Drive
Montgomery, AL 36111

Re:   **Emily Jackson v. Easter Seals Central Alabama**
      **Case Number: 2:07cv315-MEF**

Dear Ms. Jackson:

   Enclosed, please find the Defendant Easter Seals Central Alabama's ("Easter Seals" or "Defendant") first discovery Requests, Notice of your deposition, HIPAA Release and release for records from the Social Security Administration.

   Please provide written and signed responses and documents responsive to Defendant's discovery Requests within thirty (30) days. Additionally, please sign and return the HIPAA and Social Security Administration releases as soon as possible so that we can forward them to the appropriate entities.

   I will give you a call for us to discuss possible dates for your deposition that will accommodate the scheduled of both parties.

   Finally, enclosed are Defendant's Responses to your discovery Requests alluded to in your June 14, 2007 letter regarding settlement.

   Please feel free to call me if you have any questions regarding any of these issues.

Yours truly,

Robin A. Adams

RAA/dsl
Enclosures

cc:   Stephen E. Brown, Esq.

1901 SIXTH AVENUE NORTH   2400 AMSOUTH/HARBERT PLAZA   BIRMINGHAM, ALABAMA 35203-2618   205.254.1000   FAX 205.254.1999

WWW.MAYNARDCOOPER.COM

Ms. Emily Jackson
August 24, 2007
Page No. 2


bc:    Debbie Lynn

EXHIBIT - 2

MAYNARD COOPER
& GALE PC
ATTORNEYS AT LAW

*EXHIBIT - 3*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

EMILY JACKSON,                          )
                                        )
      Plaintiff                     )    **Civil Action No. 2:07cv315-MEF**
                                        )
v.                                      )
                                        )
EASTER SEALS CENTRAL ALABAMA,           )
                                        )
      Defendant.                    )

## DEFENDANT'S RESPONSES TO PLAINTIFF'S
## REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant Easter Seals Central Alabama (hereinafter referred to as "Easter Seals" or "Defendant"), by and through its counsel of record, and submits its objections and responses to Plaintiff's Request for Production of Documents ("Discovery Request(s)") in the above-styled action in the order set forth herein as follows:

## I. GENERAL OBJECTIONS

Defendant objects to each and every individual discovery request on each and all of the following grounds:

1.    Defendant's objections to Plaintiff's discovery requests are made without waiver of, or prejudice to, any additional objections Defendant may make.

2.    All such objections are hereby expressly preserved, as is the right to move for a protective order.

3.    Defendant reserves all objections as to the admissibility at trial of any information provided.

EXHIBIT-4

4.    The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation only and for no other purpose.

5.    Defendant objects to each and every discovery request to the extent that the information called for, if any, was obtained and prepared in anticipation of litigation or for trial and Plaintiff has made no showing that he has substantial need for the materials in the preparation of their case and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.    Defendant further objects to each and every discovery request to the extent that the information called for, if any, is privileged and is not discoverable under the Federal Rules of Civil Procedure or otherwise.

6.    Defendant objects to each and every discovery request to the extent that the information called for, if any, is protected from discovery by the attorney/client privilege, work product doctrine or any other applicable privilege, protection or immunity.

7.    Defendant objects to each and every discovery request to the extent that they seek to vary the obligations imposed upon Defendant under the Federal Rules of Civil Procedure.

8.    Defendant objects to each and every discovery request to the extent that they seek information that is not relevant to the claims in this action or reasonably calculated to lead to the discovery of admissible evidence.

9.    Defendant objects to each and every discovery request to the extent that they seek information that is equally available to Plaintiff and the burden on Plaintiff to obtain the requested information is no greater than the burden on Defendant.

10.    Defendant objects to each and every discovery request to the extent that they are vague, overly broad, oppressive, designed to harass Defendant, unduly burdensome and

EXHIBIT-5

expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

11.    Defendant objects to each and every discovery request to the extent that they seek an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted.

12.    Formal discovery is not completed in this action. Therefore, Defendant specifically reserves the right to supplement its answers and responses to Plaintiff's discovery requests upon the completion of discovery.

13.    Defendant objects to each and every discovery request to the extent they ask for confidential and private information regarding individuals who are not parties to this lawsuit.

## II. SPECIFIC OBJECTIONS AND RESPONSES

Without waiving its General Objections and specifically asserting each General Objection as to each and every discovery request propounded to it by Plaintiff, Defendant provides the following objections to the individually numbered requests as follows:

1.    2004-2006 Purchase Orders and Vouchers identifying requests for business expenses: equipment, supplies, training, travel, etc. withdrawn from the ACE Grant.

**RESPONSE: Defendant objects to this request to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this case.**

2.    2004-2006 Purchase Orders and Vouchers identifying requests for business expenses: equipment, supplies, training, travel, etc. withdrawn from the TRACKS Grant.

*EXHIBIT - 6*

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this case.

3.      The ACE Grant Extension Contract October 1, 2006 to March 31, 2007.

**RESPONSE:** Defendant objects to this request to the extent that it is vague, ambiguous and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this case. Without waiving these objections and/or the foregoing General Objections, Defendant will produce documents evidencing the grant extension for ACE Microenterprises Program, to the extent that such documentation exists.

4.      Easter Seals Central Alabama, 2125 E. South Boulevard, Montgomery, AL 36616:

    a)      May 2007 Board Meeting Attendance Roster, Minutes, and audio tape;

    b)      Proof of Professional Liability Insurance Company, Policy Number and amount of coverage, agent's name, address and telephone number.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses at issue in this matter. Additionally, Defendant objects to this request to the extent that it seeks information and/or documentation that is protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege, protection and/or immunity.

5.      Bill Hanes' credentials and Business Plans:

    a)      Independent Contract Agreement;

    b)      Business License;

*EXHIBIT-7*

c)    Proof of Employer Identification Number;

d)    Proof of Professional Liability Insurance Company, Policy Number and
      amount of coverage, agent's name, address and telephone number;

e)    Business Plans developed by Hanes between October 2006 and March 31,
      2007;

f)    Names and telephone numbers of Alabama Department of Rehabilitation
      Services Counselors who Hanes assisted with business plan development
      for their Vocational Rehabilitation Clients who were referred to Easter
      Seals ACE Micro Enterprise Program from October 1, 2006 to March 31,
      2007.

**RESPONSE:** **Defendant objects to this request to the extent that it is overly broad,
vague, unduly burdensome and not reasonably calculated to lead to the discovery of
evidence relevant to the claims and/or defenses at issue in this matter. Without waiving
these objections and/or the foregoing General Objections, Defendant will produce a copy of
the contract for services for the period of October, 2006 through March 31, 2007 between
Bill Haynes and Defendant.**

Stephen E. Brown
Robin A. Adams
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203

*Counsel for Defendant*
*Easter Seals Central Alabama*

*EXHIBIT-8*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day, the 24th day of August, 2007, served the foregoing pleading by placing the same in U. S. Mail with sufficient postage attached on:

Emily Jackson
605 Wesley Drive
Montgomery, Al. 36111

OF COUNSEL

$\mathcal{E}$XHIBIT-9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **EMILY JACKSON,** | ) | |
| | ) | |
| **Plaintiff** | ) | **Civil Action No. 2:07cv315-MEF** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EASTER SEALS CENTRAL ALABAMA** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF DEPOSITION

YOU ARE HEREBY NOTIFIED that at **a mutually agreeable time and date**, at the Law Offices of Maynard, Cooper & Gale, 100 North Union Street, Suite 650, Montgomery, Alabama 36104, Defendant will take the deposition of **Emily Jackson**, upon oral examination pursuant to Rule 30 of the Federal Rules of Civil Procedure, before a Notary Public or other officer authorized by law to administer oaths, for the purpose of discovery, or for use as evidence, or for both purposes. Said oral examination will continue from time-to-time until completed.

YOU ARE HEREBY FURTHER NOTIFIED, pursuant to the Federal Rules of Civil Procedure, that deponent Emily Jackson is requested to bring to the deposition for inspection and copying any and all documents regarding any communications with Defendant, and/or any of its employees, agents, or assigns, and any and all documents that deponent or her attorney possesses that they intend to introduce in the trial of this action or will consider introducing in the trial of this action and any and all documents that relate in any way to the claims made in this case.

*EXHIBIT-10*

As used in these requests, the word "documents" means all writing or documents as defined in Rule 34 of the Federal Rules of Civil Procedure and case law under such Rule, including, without limitation, the original or any copy of any notes, records, business records, compilations, correspondence, memoranda (including written memoranda or tapes of telephone conversations, other communications, discussions, agreements and any other acts, transactions or activities), invoices, expense vouchers, reports, forecasts, appraisals, calculations, worksheets, contracts, agreements, pamphlets, receipts, books of account, log books, requisitions, bills, sound recordings, minutes, diaries, bylaws, articles of incorporation, calendars, desk pads, scrap books, notebooks, bulletins, circulars, forms, statements, journals, telegrams, notices, inter-office and intra-office communications, Photostats, microfilms, studies, reports, analyses, messages, comparisons, graphs, charts, summaries, computer printouts, computer tapes or disks, computer programs, films, photographs, video and audio tapes, advertisements, and any other written or graphic matter of any kind including without limitation, any marginal comments appearing on any documents or any other writing, and any materials underlying, supporting or used in the preparation of any documents.

Dated: August 24, 2007

Stephen E. Brown
Robin A. Adams
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203

*Counsel for Defendant*
*Easter Seals Central Alabama*

EXHIBIT-11

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day, the 24th day of August, 2007, served the foregoing pleading by placing the same in U. S. Mail with sufficient postage attached on:

Emily Jackson
605 Wesley Drive
Montgomery, Al. 36111

OF COUNSEL



**MAYNARD COOPER**
**& GALE** PC
ATTORNEYS AT LAW

*EXHIBIT-12*

**Robin Adams**
DIRECT: (205) 254-1105
EMAIL: radams@maynardcooper.com

September 12, 2007

<u>**VIA FACSIMILE TO 334-288-4675**</u>
<u>**AND U.S. MAIL**</u>

Ms. Emily Jackson
605 Wesley Drive
Montgomery, AL 36111

   Re: **Emily Jackson v. Easter Seals Central Alabama**
     **Case Number: 2:07cv315-MEF**

Dear Ms. Jackson,

   I am glad that we were able to reach a mutually agreeable resolution regarding the HIPAA and Social Security records Releases. As we agreed, Defendant Easter Seals Central Alabama ("Defendant" or "Easter Seals") will limit its requests for medical records to the period of January 1999 through the present and will modify the HIPAA Release to specifically reflect that it is not seeking lab results or blood tests. Pursuant to this agreement, enclosed are copies of the revised HIPAA and Social Security records Releases for your signature.

   Additionally, the parties agreed to enter into a Consent Protective Order to be filed with the Court providing certain protections for confidential information and requiring the parties to return or destroy documents designated as "confidential" once this matter has been resolved. After signing the Consent Protective Order enclosed, please return it to me with the Releases so that I can have it filed with the Court as soon as possible.

   I received your message this morning regarding listing the names of each individual to be governed by the Protective Order. As discussed yesterday, we do not expect that there would be any need for widespread disclosure of the information designated as confidential under this Order, but, unfortunately, we are not able to accurately and adequately forecast each specific individual to whom disclosure may need to be made in defending this lawsuit. Nevertheless, I have modified paragraphs 3 and 4 of the Consent Protective Order so that they detail the restrictions on who can see the documents and what the information therein can be used for.

   On a separate note, as we discussed during our call, attached is a copy of the contract for services for the period of October 2006 through March 31, 2007 between Bill Haynes and Defendant, Bates-labeled Jackson/ESCA 0001 for reference. As discussed, I will follow up with

1901 SIXTH AVENUE NORTH 2400 AMSOUTH/HARBERT PLAZA BIRMINGHAM, ALABAMA 35203-2618 205.254.1000 FAX 205.254.1999

WWW.MAYNARDCOOPER.COM

EXHIBIT-13

Ms. Emily Jackson
September 12, 2007
Page 2

my client regarding documentation evidencing the grant extension for ACE Microenterprises Program.

Again, I am pleased that the parties were able to discuss these issues and resolve them without Court intervention.

Please feel free to call me or Steve Brown (205-254-1023) if you have any questions or concerns regarding any of these issues.

Yours truly,

Robin A. Adams

RAA/dsl
Enclosures

cc:    Stephen E. Brown

MAYNARD COOPER
& GALE PC
ATTORNEYS AT LAW

*EXHIBIT-14*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| EMILY JACKSON, | ) | |
| | ) | |
| **Plaintiff** | ) | **Civil Action No. 2:07cv315-MEF** |
| | ) | |
| v. | ) | |
| | ) | |
| EASTER SEALS CENTRAL ALABAMA, | ) | |
| | ) | |
| **Defendant.** | ) | |

## CONSENT PROTECTIVE ORDER

The parties hereto having consented through their respective attorneys to the entry of this Protective Order in order to protect the confidentiality of certain information and to facilitate discovery, IT IS HEREBY ORDERED THAT:

1.    This Order shall govern all documents produced by Plaintiff Emily Jackson ("Plaintiff" or "Jackson"), Defendant Easter Seals Central Alabama ("Defendant" or "Easter Seals"), and information/documents provided by third parties responding to subpoenas or other requests for information from a party regarding this case.  Furthermore, this Order shall govern all information derived from such documents and copies, excerpts or summaries thereof.

2.    The following documents shall be designated as confidential and subject to this Protective Order:

(a)    Plaintiff's federal and state income tax returns;

(b)    Plaintiff's medical records;

(c)    any document from the personnel, employment, medical or payroll file of any employee or former employee of Defendant, including, but not limited to, wage and salary information and other compensation documents; and

EXHIBIT-15

(d)    any other documents which a party in good faith designates as "confidential."

3.    Such confidential documents shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose and shall not be disclosed to any other person or third party other than:

(a)    Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above-entitled action;

(b)    Plaintiff and Defendant, but only as set out in paragraph 4 below;

(c)    The Court, persons employed by the Court working on this litigation, and jurors or prospective jurors;

(d)    Court reporters at the proceedings in this action;

(e)    Experts or consultants retained or consulted by the parties, but only as set out in paragraph 4 below; and

(f)    Deponents, trial witnesses and potential deposition witnesses, but only as set out in paragraph 4 below.

4.    Prior to making such disclosure of any confidential documents or information pursuant to paragraph 3, the party or counsel for a party in this action shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, may only be used for the purpose set forth in this Protective Order.    Additionally, each person to whom disclosure of confidential documents and information is permitted shall be shown a copy of this Order and shall be specifically advised by the party or counsel for the party that this Order applies to, and is binding upon such individual.

5.    After the conclusion of this matter as to all parties, each confidential document shall be maintained by counsel under seal and shall not be disclosed to

*EXHIBIT-16*

any other person or third party other than as is necessary for any issue arising from and concerning this litigation.

6.    Nothing in this Order shall prevent a party from any use of his/her/its own confidential documents.

7.    The inadvertent or unintentional disclosure of any confidential information, shall not be construed to be a waiver, in whole or part, of Plaintiff's or Defendant's claims of confidentiality, either as to the specific confidential information disclosed or as to other related information.

8.    Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

9.    Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as confidential pursuant to this Consent Protective Order shall be returned to the producing party or destroyed in lieu of return. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated "confidential," so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.  This work product shall continue to be confidential and subject to this Protective Order.

10.    The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

IT IS SO ORDERED.

_____

Circuit Judge

*EXHIBIT-17*

AGREED AND ACCEPTED:

BY: *Emily C. Jackson*
     Emily Jackson
     Plaintiff

BY: _____
     Robin A. Adams
     One of the Attorneys for
     Defendant Easter Seals Central
     Alabama

OF COUNSEL:
Maynard, Cooper & Gale, P.C.
1900 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000

EXHIBIT-18

```
        MONTGOMERY  RETAIL OFFICE
          MONTGOMERY, Alabama
               361192500
          0107830502 -0097
09/14/2007    (334)244-7597        12:43:00 PM
─────────────────────────────────────────
              Sales Receipt
Product         Sale  Unit        Final
Description     Qty   Price        Price

BIRMINGHAM AL 35203               $4.60
Zone-2 Priority Mail
2.70 oz.
Delivery Confirmation            $0.65
Label #:    03070020000539754553
                               ========
Issue PVI:                       $5.25

                               ─────────
Total:                           $5.25

Paid by:
Cash                            $20.00
Change Due:                    -$14.75

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000301955372
Clerk: 14

    All sales final on stamps and postage.
    Refunds for guaranteed services only.
        Thank you for your business.
 ******************************************
 ******************************************
        HELP US SERVE YOU BETTER

    Go to: http://gx.gallup.com/pos

       TELL US ABOUT YOUR RECENT
          POSTAL EXPERIENCE

         YOUR OPINION COUNTS
 ******************************************
 ******************************************


             Customer Copy
```

**U.S. Postal Service™ Delivery Confirmation™ Receipt**

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

John A. Adams, Esq.
1901 6th Ave North 2400 Am South Market Plaza
Birmingham, AL 35203

DELIVERY CONFIRMATION NUMBER:
0307 0020 0005 3975 4553

Postmark
Here

SEP 14

**POSTAL CUSTOMER:**
Keep this receipt. For inquiries:
Access internet web site at
*www.usps.com* ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
☑ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel

PS Form 152, May 2002                    (See Reverse)





Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **0307 0020 0005 3975 4553**
Status: **Delivered**

Your item was delivered at 11:27 AM on September 15, 2007 in BIRMINGHAM, AL 35203.

( **Additional Details >** ) ( **Return to USPS.com Home >** )

---

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email. ( **Go >** )

**Track & Confirm**

Enter Label/Receipt Number.

---



POSTAL INSPECTORS   site map   contact us   government services   jobs   **National & Premier Accounts**
Preserving the Trust   Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use   Privacy Policy



EXHIBIT-20

**Robin Adams**
DIRECT: (205) 254-1105
EMAIL: radams@maynardcooper.com

September 28, 2007

Ms. Emily Jackson
605 Wesley Drive
Montgomery, AL 36111

   **Re:**  **Emily Jackson v. Easter Seals Central Alabama**
       **Case Number: 2:07cv315-MEF**

Dear Ms. Jackson:

   Enclosed are copies of budgets and amendments submitted by Easter Seals Central Alabama's ("Easter Seals") to ADECA regarding the Microenterprise Program's extension contract , Bates-labeled Jackson/ESCA 0002 - 0025.

   We are still awaiting your responses to Defendant's discovery requests which, by my calendar, were due to be served to Defendant the beginning of this week.  Please forward this information as soon as possible so that we may proceed with discovery and scheduling your deposition.  If you anticipate a delay in forwarding this information, please call me so that we can discuss when you expect to provide such responses.

   I have received your most recent discovery requests dated September 20, 2007 and Defendant will provide its written objections and responses in accordance with the Federal Rules of Civil Procedure.

   Please call me if you have any questions.

          Yours truly,

          Robin A. Adams

RAA/dsl
Enclosures

cc:  Stephen E. Brown, Esq.

*Exhibit-21*

**From:** Susan McKim [mailto:smckim@eastersealsca.org]
**Sent:** Monday, October 09, 2006 1:44 PM
**To:** Farmer, Tammy
**Subject:** ACE budget

Tammy,
I have attached the new budget for microenterprise.
Susan

Jackson/ESCA
0002

EXHIBIT-22



```
      MONTGOMERY DOWNTOWN STATION
          MONTGOMERY, Alabama
              361043401
           0107830004 -0095
09/28/2007    (800)275-8777    02:53:34 PM

              Sales Receipt
Product        Sale  Unit        Final
Description     Qty  Price        Price

BIRMINGHAM AL 35203                $1.48
Zone-2 First-Class
Large Env
4.60 oz.
                                ========
 Issue PVI:                        $1.48

Certificate      1   $1.05         $1.05
of Mailing
BIRMINGHAM AL 35203                $1.48
Zone-2 First-Class
Large Env
4.50 oz.
                                ========
 Issue PVI:                        $1.48

Certificate      1   $1.05         $1.05
of Mailing

Total:                             $5.06

Paid by:
Cash                               $6.00
Change Due:                       -$0.94

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clickship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000501151012
Clerk: 21

   All sales final on stamps and postage.
   Refunds for guaranteed services only.
        Thank you for your business.
*******************************************
*******************************************
      HELP US SERVE YOU BETTER

    Go to: http://gx.gallup.com/pos

     TELL US ABOUT YOUR RECENT
          POSTAL EXPERIENCE

        YOUR OPINION COUNTS
*******************************************
*******************************************


          Customer Copy
```

U.S. POSTAGE PAID
MONTGOMERY AL
36104
SEP 28 '07
AMOUNT
$1.05
0000
00090990-33

**CERTIFICATE OF MAILING**
U.S. POSTAL SERVICE
MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE—POSTMASTER

Received From: Eric L. Jackson
Emily L. Jackson
605 Wesley Drive
Montgomery AL 36111-2519

One piece of ordinary mail addressed to:
Robin A. Adams, Esq.
Maynard Cooper Gale PC.
1901 Sixth Ave N 2400 Regions Plaza
Birmingham AL 35203

PS Form 3817, January 2001

U.S. POSTAGE PAID
MONTGOMERY AL
36104
SEP 28 '07
AMOUNT
$1.05
0000
00090661-21

**CERTIFICATE OF MAILING**
U.S. POSTAL SERVICE
MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE—POSTMASTER

Received From: Eric L. Jackson
Emily L. Jackson
605 Wesley Drive
Montgomery AL 36111-2519

One piece of ordinary mail addressed to:
Stephen E. Brown, Esq.
Maynard Cooper Gale PC.
1901 Sixth Ave N 2400 Regions/Herbert P.
Birmingham AL 35203

PS Form 3817, January 2001