IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMILY JACKSON, ) | |
| ) | |
| Plaintiff ) | Civil Action No. 2:07cv315-MEF |
| ) | |
| v. ) | |
| ) | |
| EASTER SEALS CENTRAL ALABAMA ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR COURT INTERVENTION

Comes now Defendant Easter Seals Central Alabama ("Easter Seals" or "Defendant") and submits the following Response to the Plaintiff's Emergency Motion for Court Intervention (Doc. No. 42).

On October 10, 2007, defense counsel Robin Adams and Steve Brown contacted Plaintiff to discuss outstanding discovery issues and the claims remaining in the case. Upon receiving the call, Plaintiff indicated that she was on her way to church, but that she could spend a few minutes discussing these issues before she left. In effort to open lines of communication, defense counsel informed Plaintiff that they had received her motion for scheduling order compliance and had filed its earlier discovery requests and responses with the court. Defense counsel further explained that it had not originally filed these documents because they were served on August 24, 2007 which was prior to the entry of the September 11, 2007 scheduling order directing the parties to file discovery requests and responses. At that time, Ms. Adams noted that in the future, if there were things that Plaintiff thought that Defendant was obligated to do but had not yet

done, the parties should discuss it first to see if the matter could be resolved short of court intervention.

Ms. Adams then inquired when Defendant would receive Plaintiff's responses to its First Requests for Production and Interrogatories which were served on August 24, 2007. (Doc. No. 40). Plaintiff became extremely defensive and repeatedly stated that she had not received any discovery requests from Defendant and, therefore, there were no outstanding responses due to the Defendant. Mr. Brown tried to direct Plaintiff's attention to her October 4, 2007 Motion for Scheduling Order Compliance she had filed with the Court in which she stated that "<u>Defendant's request for discovery dated August 24, 2007 ….have not been filed with the court</u>." (Doc. No. 38). In response, Plaintiff continued to insist that she had not received any discovery requests and refused to allow defense counsel to opportunity to explain their concerns or otherwise discuss the matter. In a final attempt to point Plaintiff to her inconsistent statement in her own pleadings, Mr. Brown attempted to interrupt Plaintiff to explain that the interrogatories Defendant was currently referring to were the same "discovery requests" that Plaintiff had referenced in her October 4th motion to the Court and that Plaintiff must have received these "discovery requests" in order to have referenced them on October 4.[1] Plaintiff countered by stating that she would not be interrupted, adamantly denying that she had received Defendant's discovery requests and unilaterally ending the phone call by hanging up on defense counsel.

---

[1] Mr. Brown was not "yelling, badgering or harassing" Plaintiff. To allow for both attorneys to participate in the call, the call to Plaintiff was on speaker phone. Mr. Brown only raised his voice (but was far from yelling) so that Plaintiff could hear him across the desk on the speaker phone when he was trying to direct Plaintiff's attention to the inconsistent statement in her own pleading and in effort to alleviate what appeared to be either pure confusion or complete denial on her part.

Unsure of whether Plaintiff was simply incorrect, confused or lying, defense counsel resent the discovery responses by overnight delivery on October 10th with a letter requesting that Plaintiff call defense counsel back so that other issues could be discussed.[2]

Throughout this litigation, counsel for Defendant has made every effort to be cordial and patient with Plaintiff and to explain the discovery process and related legal procedures. Contrary to Plaintiff's allegations to the Court, defense counsel certainly has not harassed or "ganged up on" the Plaintiff. At the same time, Plaintiff has filed a lawsuit and with that comes obligations and responsibilities for communicating and working with opposing counsel so that discovery can be conducted and any miscommunications and minor disputes can be discussed and resolved without court intervention. The Defendant is not responsible for, and certainly should not be punished for, the fact that Plaintiff is proceeding with this suit without counsel and appears to become easily stressed and upset with the discovery process and her lack of full understanding of the rules and procedures with which she must comply.

Respectfully submitted,

Dated: October 15, 2007

/s/Robin Adams
Stephen E. Brown
Robin A. Adams
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203

---

[2] On October 11, 2007 Plaintiff filed a Motion for Emergency Court Intervention. The next morning at 4:59 a.m., Plaintiff called defense counsel and left a message stating that she had received the discovery requests in the mail, had filed a motion for court intervention and was going to the doctor later that day because she had a headache and "flu like" symptoms, but that she would call defense counsel on Monday to discuss the remaining issues regarding her case. On Saturday, October 13, 2007, at Plaintiff left a message for defense counsel stating that she was cancelling the Monday phone call since the Court had scheduled a status conference for October 18, 2007.

*Counsel for Defendant*
*Easter Seals Central Alabama*

### CERTIFICATE OF SERVICE

This is to certify that I have this day, the 15th day of October, 2007, served the foregoing pleading by placing the same in U. S. Mail with sufficient postage attached on:

Emily Jackson
605 Wesley Drive
Montgomery, Al. 36111

/s/ *Robin Adams*
OF COUNSEL