IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EMILY JACKSON, | ) | |
| | ) | |
| **Plaintiff** | ) | **Civil Action No. 2:07cv315-MEF** |
| | ) | |
| v. | ) | |
| | ) | |
| EASTER SEALS CENTRAL ALABAMA, | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant Easter Seals Central Alabama (hereinafter referred to as "Easter Seals" or "Defendant"), by and through its counsel of record, and submits its objections and responses to Plaintiff's Second Request for Production of Documents ("Discovery Request(s)") in the above-styled action in the order set forth herein as follows:

### I. GENERAL OBJECTIONS

Defendant objects to each and every individual discovery request on each and all of the following grounds:

1.      Defendant's objections to Plaintiff's discovery requests are made without waiver of, or prejudice to, any additional objections Defendant may make.

2.      All such objections are hereby expressly preserved, as is the right to move for a protective order.

3.      Defendant reserves all objections as to the admissibility at trial of any information provided.

4.     The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation only and for no other purpose.

5.     Defendant objects to each and every discovery request to the extent that the information called for, if any, is protected from discovery by the attorney/client privilege, work product doctrine or any other applicable privilege, protection or immunity.

6.     Defendant objects to each and every discovery request to the extent that they seek to vary the obligations imposed upon Defendant under the Federal Rules of Civil Procedure.

7.     Defendant objects to each and every discovery request to the extent that they seek information that is not relevant to the claims in this action or reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses in this matter.

8.     Defendant objects to each and every discovery request to the extent that they seek information that is equally available to Plaintiff and the burden on Plaintiff to obtain the requested information is no greater than the burden on Defendant.

9.     Defendant objects to each and every discovery request to the extent that they are vague, overly broad, oppressive, designed to harass Defendant, unduly burdensome and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

10.     Defendant objects to each and every discovery request to the extent that they seek an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted.

11.    Formal discovery is not completed in this action. Therefore, Defendant specifically reserves the right to supplement its answers and responses to Plaintiff's discovery requests upon the completion of discovery.

## II. SPECIFIC OBJECTIONS AND RESPONSES

Without waiving its General Objections and specifically asserting each General Objection as to each and every discovery request propounded to it by Plaintiff, Defendant provides the following objections to the individually numbered requests as follows:

1.    September 2006 Easter Seals Central Alabama (ESCA) Staff Meeting: Attendance Roster & Written Minutes.

**RESPONSE:  Without waiving its General Objections, Defendant will produce copies of the attendance roster and meeting minutes for the September 2006 staff meeting, to the extent such documentation exists.**

2.    October 2006 Easter Seals Central Alabama (ESCA) Staff Meeting: Attendance Roster & Written Minutes.

**RESPONSE:  Defendant objects to this Request to the extent it is overly broad, not reasonably limited in time, and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this matter.**

3.    May 2007 ESCA Board Meeting: Attendance Roster & Written Minutes.

**RESPONSE:  Defendant objects to this Request to the extent it is overly broad, not reasonably limited in time, and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this matter. Additionally, Defendant objects to this request to the extent it seeks information and/or documentation that is**

protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege, protection and/or immunity.


    4.     August 2007 ESCA Board Meeting: Attendance Roster & Written Minutes.

**RESPONSE:  Defendant objects to this Request to the extent it is overly broad, not reasonably limited in time, and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this matter.  Additionally, Defendant objects to this request to the extent it seeks information and/or documentation that is protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege, protection and/or immunity.**


    5.     ACE Grant Requisition & Purchase Order dated approximately October 25, 2005, for the purchase of 10 Dell Computers & Printers.

**RESPONSE:  Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome and in no way calculated to lead to evidence relevant to the claims and/or defenses in this matter.  Plaintiff's only remaining claims in this case are that her employment with the Alabama Customized Employment (ACE) Micro Enterprise Program ("Program"), administered by the Defendant and financed by grant monies received through the Alabama Department of Economic and Community Affairs ("ADECA"), was ended because of her gender and her race.  Defendant denies Plaintiff's allegations and asserts that after Defendant was informed that it would receive limited funding to extend the Program for an additional six months, Plaintiff decided not to continue her employment with Defendant on a full-time basis.  When the remaining Micro Enterprise (female, black) specialist resigned the week before the six-month extension**

began, Defendant was forced to seek the assistance of an independent contractor with whom it had previously contracted with to perform similar work. Obviously, information regarding the purchased computers the year prior to the end of the original grant is entirely irrelevant to the claims at issue in this case.

6.    Easter Seals Central Alabama 2004, 2005, and 2006 Yearly Profit & Loss Statements.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to evidence relevant to the claims and/or defenses at issue in this case. Defendant is a "not for profit" agency. The Program that Plaintiff worked for as a Micro Enterprise Specialist was funded by grant monies awarded by ADECA. Defendant has provided copies of budgets for the Program submitted to ADECA during the time period relevant to Plaintiff's remaining claims.

7.    Annual Salary Summary Reports or Proof of Income for 2004, 2005, and 2006 for the following past and present Easter Seals Central Alabama employees:
    a)    Debbie Lynn
    b)    Larry Lewis
    c)    Susan McKim
    d)    Larry Johnson
    e)    Christy Jarrett
    f)    Linda Wingard
    g)    Charles Frazier
    h)    Ed Collier
    i)    Eileen Bennett
    j)    Alicia Schneider
    k)    Melanie Busch
    l)    Roy Mulkey
    m)    Joyce Owens
    n)    Frankie Thomas
    o)    Richard Bloom

**RESPONSE:  Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and scope, and not reasonably calculated to lead to evidence relevant to the claims and/or defenses at issue in this matter.  Defendant further objects to this Request on the grounds that it seeks personal and confidential information regarding third parties not relevant to this lawsuit. Not one of the fifteen (15) individuals for which Plaintiff seeks income information were similarly situated to Plaintiff or are proper comparators for the purposes of her Title VII claims, thus their salary is completely irrelevant to the claims and defenses in this case.**

8.      A Copy of the ACE Micro Enterprise Program Grant Extension between October 1, 2006 and March 31, 2007.

**RESPONSE:  Defendant has previously responded to this duplicative Request and produced copies of correspondence and budgets prepared for the October 1, 2006 through March 31, 2007 extension to the ACE Micro Enterprise Program.**

9.      William D. Haynes' Resume & College Transcripts.

**RESPONSE:  Defendant objects to this Request to the extent it is overly broad, unduly burdensome, not reasonably limited in time or scope, and not reasonably calculated to lead to evidence relevant to the claims and/or defenses of this parties.  Without waiving its objections, Defendant states that it will produce a copy of Mr. Haynes' resume.**

10.      A List of William D. Haynes' Clients who he provided service to at Easter Seals Central Alabama ACE Micro Enterprise Program between October 1, 2006 and March 31, 2007.

**RESPONSE:  Defendant objects to this Request to the extent it is overly broad, not reasonably limited in time, and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this matter.**

11.    Attendance Roster for Management Training Classes conducted by William D. Haynes at Easter Seals Central Alabama ACE Micro Enterprise Program between October 1, 2006 and March 31, 2007.

**RESPONSE:   Defendant objects to this Request to the extent it is overly broad, not reasonably limited in time, and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this matter.**

12.    A List of names of Vocational Rehabilitation Counselor's who work for the Alabama Department of Rehabilitation Services at 2129 E. South Boulevard who William D. Haynes' worked with during October 1, 2006 and March 31, 2007.

**RESPONSE: :  Defendant objects to this Request to the extent it is overly broad, not reasonably limited in time, and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this matter.**

13.    William D. Haynes' IRS Form 1099 for 2004, 2005, and 2006.

**RESPONSE:   Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time, and not reasonably calculated to lead to evidence relevant to the claims and/or defenses in this matter.  Defendant further objects to this Request to the extent it seeks personal and confidential information regarding a third person who is not a party to this lawsuit.**

14.    Proof of Total Income William D. Haynes received from Easter Seals Central Alabama during October 1, 2006 and March 31, 2007.

**RESPONSE:   Without waiving its General Objections, Defendant will produce information regarding the total amount paid to Mr. Haynes for his services to Defendant from October 1, 2006 through March 31, 2007.**

Stephen E. Brown
Robin A. Adams
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203

*Counsel for Defendant*
*Easter Seals Central Alabama*

## CERTIFICATE OF SERVICE

This is to certify that I have this day, the 16th day of October, 2007, served the foregoing pleading by placing the same in U. S. Mail with sufficient postage attached on:

Emily Jackson
605 Wesley Drive
Montgomery, Al. 36111

OF COUNSEL