IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 OCT 18 A 8: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| EMILY C. JACKSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv315-ME |
| | ) | |
| EASTER SEALS OF | ) | |
| CENTRAL ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO DEFENDANT'S FIRST INTERROGATORIES
AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff, Emily C. Jackson, files this response to defendant's first interrogatories and first request for production of documents which she received on October 11, 2007:

**II. Interrogatories**

1. "Please describe whether you have ever been involved in or a party to any litigation (whether judicial or administrative) other than the case at hand..."

    a. Plaintiff was involved in a claim and an appeal on her onset date. Plaintiff's appeal was granted and her onset date was changed to reflect the first date that she became critically ill. Plaintiff has submitted documents to defense counsels which explain and verify this claim.

    b. Plaintiff filed service connected disability claims and her claims and appeals were denied. Plaintiff has submitted documents to defense counsels which explain and verify these claims, appeals, and denials.

c.  Plaintiff received an overpayment and filed a request for a waiver. Plaintiff's requests and appeals were denied. Plaintiff has submitted documents to defense counsels which explain and verify this matter.

d.  Plaintiff purchased involuntary unemployment insurance to pay her loan in the event that she was involuntarily unemployed. When plaintiff was involuntarily unemployed, she filed her insurance claim, but was denied due to her eligibility for disability income. Plaintiff has submitted documents to defense counsels which explain and verify this matter.

e.  Plaintiff took her vehicle to her auto dealer and was informed by the service manager that the last service shop caused damages to her vehicle. Plaintiff contacted the owner of the service shop and attempted to resolve this matter, but was unsuccessful. Plaintiff later filed a claim; and, when the new service shop owner responded, plaintiff was informed that the old owners were at fault. Plaintiff then withdrew her claim and took no further action. Plaintiff has submitted documents to defense counsels which explain and verify this matter.

f.  Plaintiff filed an employment claim regarding a position that she applied for and the hiring results. Plaintiff did not pursue claim further when she was notified that the employer sought an applicant that was more qualified. Plaintiff has submitted documents to defense counsels which explain and verify this matter.

2.  "Identify each company or person by whom you have been employed at any time in the ten years preceding your employment with Easter Seals and in the time since your discharge from Easter Seals."

   a.  Plaintiff has submitted copies of cover letters, resumes, job applications, website application receipts, business proposals, and contracts to defense counsels which describe and verify employment dates, duties, responsibilities, compensation, and reasons for leaving.

3.  "State whether you have ever been terminated from a position other than your separation from defendant and if so, identify the employers who terminated you, the circumstances surrounding those terminations and the reasons given for your termination."

   a.  Plaintiff has <u>never been terminated</u> from any positions that she has held in her entire career and work history.

4.  "Describe in detail all damages and losses you allegedly suffered as a result of defendant's alleged actions."

   a.  Plaintiff has recalculated her total damages based on her W-2 Forms, 1099 Forms, and the Personal Services Agreement between Easter Seals Central Alabama and William D. Haynes that defense counsels mailed to her on October 1, 2007.  Plaintiff has submitted her W-2 Forms, 1099 Forms, Income Tax Returns, and EEOC Form to defense counsels.

   b.  Plaintiff has prepared a written summary report of Compensatory, Punitive, and Pecuniary Damages which list the total damages that she

3

suffered. Plaintiff has also provided notes, explanations, and violations on the report. Plaintiff has submitted this information to defense counsels.

    c. Plaintiff has prepared a "Compensatory Damages" spread sheet explaining her direct monetary losses and has also submitted this information to defense counsels.

5. "State whether you are <u>currently being treated or have been treated since you began your employment with Defendant</u> by any physician, psychologist, psychiatrist or counselor. If so, please identify the name of each medical care provider, where he or she practices, the condition(s) for which such provider has provided treatment, which medications have been prescribed in the course of treatment, and discuss in detail the extent of treatment and dates of treatment."

    a. Plaintiff's medical information is protected under the Protective Order; therefore, she has not filed this information with the court (Document No. 34). Plaintiff will prepare a separate list of her medical provider's names, office locations, conditions, and medications and will mail this confidential information to defense counsels.

    b. Plaintiff has complied with defense counsels request for her medical information dating back 8 years, and has signed and mailed HIPAA Release and Social Security Administration Records Release Forms to defense counsels. Therefore, authorization has been given to defense counsels to obtain information from plaintiff's medical records as noted on medical release forms.

6. "Identify each expert witness whom you intend to call as a witness at trial. Separately summarize each expert's testimony/opinions and separately provide all background facts, data, studies, surveys, articles, etc. on which each expert relies."

   a. If there is a trial, plaintiff will call expert witnesses. Information relating to some of plaintiff's expert witnesses is protected under the Protective Order (Document No. 34). Therefore, plaintiff has submitted this information to defense counsels in a separate statement. Also, plaintiff will submit additional expert witness information if and when it becomes available prior to the January 30, 2008 deadline.

7. "Describe any attempts to find employment since your separation from Easter Seals, including the names of any prospective employer, the location of any such prospective employment and the position(s) for which you applied or which you sought."

   a. When plaintiff was notified on April 26, 2006 that her employment was going to end, she began conducting job searches and applied for 32 positions in 2006 and 11 positions in 2007. Plaintiff also conducting 32 self-employment business client searches in 2006 and 78 client searches in 2007. Plaintiff has submitted copies of cover letters, job applications, resumes, website application receipts, business proposal letters, and business contracts to defense counsels.

8. "Describe and account precisely for each dollar of all income received from any employment or self-employment and the name of each employer or self-employment since your separation from Easter Seals."

    a. Plaintiff has submitted her 2004, 2005, and 2006 Federal and State Tax Returns to defense counsels.

    b. Plaintiff has also submitted copies of business contracts from her self-employment to defense counsels.

9. "Describe any attempts to collect unemployment benefits since your separation from Easter Seals, whether such attempts were successful and the amount, if any, you received in benefits."

    a. Plaintiff attempted to collect involuntary unemployment benefits from Triton Insurance Company where she had purchased involuntary insurance to cover her payments on a loan in the event that she was terminated involuntarily. Plaintiff was notified by insurance company that she did not qualify due to her eligibility for disability income.

10. "Have you ever filed for bankruptcy of any kind? If so, please provide details relating to the chapter filed under, date(s) of the filing and where such action is/was pending."

    a. Plaintiff has <u>never filed for bankruptcy</u> of any kind under any chapter.

11. "Please identify each person with knowledge (whether direct or indirect) of any facts regarding this case, whether known by you, your attorney, or anyone else who has acted on your behalf and describe what knowledge about this case each may have, indicating whether a statement was taken from each witness."

a. David Arendall, Attorney, represented plaintiff on a contractual contingency basis. Attorney Arendall filed plaintiff's original discrimination charge with EEOC. After plaintiff received her right to sue letter, Attorney Arendall called plaintiff on March 25, 2007 and expressed his concerns about the time and money that it would cost him to represent her. Since plaintiff could not afford to pay attorney fees, she contacted Attorney Arendall's office on March 26, 2007 and notified his secretary that she would be seeking other legal options.

b. Cassandra Cooper, former employee of defendant, worked with plaintiff in the ACE Micro Enterprise Program. Additionally, Ms. Cooper attended the meeting on September 12, 2006 with plaintiff and Debbie Lynn, Administrator, Easter Seals Central Alabama, regarding the status of the ACE Micro Enterprise Program. Ms. Cooper also attended the staff meeting of September 18, 2006 that was conducted by Debbie Lynn. Ms. Cooper has agreed to be a witness on behalf of plaintiff. Deposition and/or statements are pending.

c. Plaintiff is in the process of contacting witnesses and gathering names of other persons who have knowledge about this case and will submit them to defense counsels as soon as they become available.

### III. Request For Production Of Documents

1. "All documents relating to your employment provided by defendant to you at any time and retained by you, either in the original or by a copy."

7

a.  Plaintiff has filed documents, relating to her employment, with the court and has submitted them to defense counsels.  (Document Numbers 1, 8, 10).

b.  Plaintiff has filed the Alabama Customized Employment (ACE) Grant Package with the court and has submitted this document to defense counsels (Document No. 10).

c.  Plaintiff has filed ACE Micro Enterprise Program Specialist Job Description with the court and has submitted this document to defense counsels (Document No. 10).

d.  Plaintiff has filed the requisition dated December 2, 2005 with the court and has submitted this document to defense counsels (Document No.10).

e.  Plaintiff has filed Purchase Order# 3051 dated December 2, 2005 with the court and has submitted it to defense counsels (Document No. 10).

f.  Plaintiff has submitted Office Depot Online Order#316602027 Statement to defense counsels.

g.  Plaintiff has filed her Performance Planning Worksheet & Appraisal Form 2005 with the court and has submitted these documents to defense counsels (Document No. 10).

h.  Plaintiff cannot locate the April 26, 2006 letter, the first notice from the Alabama Department of Economic And Community Affairs (ADECA), regarding the ending of the Micro Enterprise Program.  Plaintiff will request a copy of this letter from defendant and ADECA.

i.  Plaintiff has filed an email response message from defendant, regarding a grant opportunity for the ACE Micro Enterprise Program dated June 15, 2006, with the court and has submitted this document to defense counsels (Document No. 10).

j.  Plaintiff has filed the August 15, 2006 letter from defendant to plaintiff regarding her employment termination and has submitted this document to defense counsels (Document No. 10).

k.  Plaintiff has filed the September 18, 2006 letter from defendant to plaintiff regarding her employment termination and has submitted this document to defense counsels (Document No. 10).

l.  Plaintiff has submitted the September 28, 2006 letter from Easter Seals Corporate Office regarding her retirement contributions to defense counsels.

m.  Plaintiff has submitted a copy of Easter Seals' Pension Plan & Cafeteria Plan to defense counsels.

n.  Plaintiff has used the October 1, 2006 Personal Services Agreement between Easter Seals Central Alabama and William D. Haynes to recalculate her total damages.

o.  Plaintiff will use the March 12, 2007 Subrecipient Grant Agreement between the Alabama Department of Economic And Community Affairs (ADECA) and Easter Seals Central Alabama that was mailed to her by defense counsels.

    p.  Plaintiff has requested the October 2006 Subrecipient Grant Agreement between ADECA and Easter Seals Central Alabama that was originally attached with the email message from Susan McKim to Tammy Farmer, dated October 9, 2006. Plaintiff is waiting for this October 2006 Subrecipient Grant Agreement from defendant.

2.  "All documents and things from any source which in any way relate to or support the allegations contained in the complaint."

    a.  Items listed in Production Requests No. (1) a thru p above.

    b.  Triton Involuntary Unemployment Insurance Claim Form.

    c.  Documents submitted to all Interrogatories listed above.

3.  "All documents of any kind evidencing, referring or relating to expenses and/or damages you are claiming as a result of the claims asserted in the complaint which relate to or support the calculations of said damages."

    a.  Plaintiff's 2004, 2005, 2006 Federal tax returns.

    b.  Plaintiff's 2004, 2005, 2006 State tax returns.

    c.  Plaintiff's 2004, 2005, 2006 W-2 Forms.

    d.  Plaintiff's 2004, 2005, 2006 1099 Forms.

    e.  Personal Services Agreement between Easter Seals Central Alabama and William D. Haynes.

    f.  October 2006 Subrecipient Grant Agreements between the Alabama Department of Economic And Community Affairs (ADECA) and Easter Seals Central Alabama.

g.  March 12, 2007 Subrecipient Grant Agreement between the Alabama

Department of Economic And Community Affairs and Easter Seals

Central Alabama.

h.  EEOC Form-5 Charge of Discrimination.

i.  OPM Annuitant's Report of Earned Income for 2006.

j.  Social Security Administration Statements.

4.  "All personal diaries, notes, desk calendars, memoranda, audio tapes, video tapes

or other documents assembled or compiled by you from the beginning of your

employment with defendant to the present reflecting any events, happenings,

remarks or statements concerning," plaintiff's work performance, employment

contracts and agreements, terms, work conditions, compensation, conduct,

encounters, meetings, conversations, reprimands, suspensions, disciplinary

actions or employment termination.

a.  Plaintiff has submitted all information relating to her employment with

defendant to the court and to defense counsels.

b.  Plaintiff was never reprimanded, suspended or disciplined by the

defendant.

c.  Plaintiff has prepared a separate statement regarding meetings and

conversations that she had with defendant and has submitted it to defense

counsels.

5.  "All documents consulted or referred to or identified in the course of assembling

or deriving the answer to each of the foregoing Interrogatories."

a. Plaintiff has consulted or referred to all documents that she has filed with the court and all documents that she has submitted in the foregoing Interrogatories No. 1) thru 7) and in the foregoing Production Requests No. 1) thru 4). Plaintiff will submit any additional documents to defense counsels prior to January 30, 2008 deadline.

b. Plaintiff has submitted all documents to defense counsels that she has used at this point in time to answer the foregoing Interrogatories and to satisfy the Production Requests. Plaintiff will submit any additional documents to defense counsels prior to January 30, 2008 deadline.

c. Plaintiff is still awaiting 12 discovery requests from defendant and will use these documents to support her claims against defendant.

6. "Each document and photograph which you anticipate offering for introduction into evidence at the trial of this case."

a. If this case goes to trial, plaintiff anticipates offering all evidence that she has filed with the court and has mailed or submitted to defense counsels. Any additional document and photograph that plaintiff anticipates offering into evidence will be submitted to defense counsels before the January 30, 2008 deadline.

7. "All your income tax returns, both State and Federal, with attachments, for the years 2004-2006 and any quarterly, estimated, or draft returns prepared for 2007."

a. Plaintiff has submitted her State and Federal Income Tax Returns for 2004, 2005, and 2006 to defense counsels.

b. Plaintiff has not prepared any draft returns for 2007.

12

    c. Plaintiff has submitted her proof of income to defense counsel for 2007 including Annuity Statements, Social Security Administration Statements, and contracts from her management consulting business.

8. "All documents provided by you or on your behalf to defendant at any time and retained by you or on your behalf, either in the original or by a copy."

    a. Plaintiff has filed all documents that she has retained with the court and has submitted all documents to defense counsels

    b. Documents that are protected under the Protective Order have not been filed with the court, but have been submitted directly to defense counsels.

9. "All documents of any kind evidencing, referring or relating to your separation from Easter Seals."

    a. Plaintiff has filed all documents relating to her separation with the court and has submitted such documents to defense counsels.

10. "Any and all written statements that you have taken (or anyone has taken on your behalf) from any person concerning the matters alleged in this lawsuit."

    a. Plaintiff's has not taken any written statements yet.

    b. Any and all written statements that plaintiff will take will be submitted to defense counsels as soon as plaintiff receives them.

11. "Please produce any and all applications for employment, resumes or letters of inquiring concerning employment prepared and/or submitted to potential employer during or after your employment with defendant."

    a. Plaintiff has submitted the above information relating to potential employment and self-employment to defense counsels.

13

12. "Please produce any documents submitted by you or on your behalf to the Equal

Employment Opportunity Commission."

    a.  Plaintiff has produced all documents submitted to EEOC to defense

    counsels.

13. Please produce any policy manual, handbook, policy guide or other statement of

Easter Seals policy provided to you during your employment which is still in your

possession or within your control."

    a.  Plaintiff has submitted a copy of the ACE Grant to defense counsels.

    b.  Plaintiff has submitted a copy of Easter Seals Retirement Plan to defense

    counsels.

    c.  Plaintiff has submitted a copy of Easter Seals Cafeteria Plan.


                                         Emily C. Jackson, (pro se)

14

Emily C. Jackson

605 Wesley Drive

Montgomery, AL 36111

(334) 288-4675

## Certificate of Service

I, Emily C. Jackson, do hereby certify on this 18<u>th</u> day of October 2007 that the

information contained in this correspondence to the court is accurate and true to the best

of my abilities, and that I have submitted a copy of this document to the following during

the September 18, 2007 Status Conference:

Robin A. Adams, Esq.
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Habert Plaza
Birmingham, Alabama 35203

Stephen E. Brown, Esq.
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Habert Plaza
Birmingham, Alabama 35203

Emily C. Jackson, (pro se)

15