IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 OCT 26  P 4: 47
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| EMILY C. JACKSON, | ) |
| Plaintiff | ) |
| v. | ) CIVIL ACTION NO. 2:07cv315-MEF |
| EASTER SEALS OF CENTRAL ALABAMA, | ) |
| Defendant. | ) |

**Plaintiff's Response To Defendant's Reply
To Plaintiff's Answer To Defendant's Discovery Request**

Plaintiff, Emily C. Jackson, files this response to defendant's reply to her answer to defendant's discovery requests (Document Number 43).

1. Plaintiff's deposition which was requested by defendant had not been scheduled as of the October 18, 2007 9:00 a.m. Status Conference.

   **Response:** Plaintiff and defense counsels discussed scheduling dates immediately following the Status Conference and mutually agreed to communicate with each other by phone to schedule plaintiff's deposition. Attorney Robin A. Adams contacted plaintiff by phone on October 18, 2007 at 2:13 p.m. and left three tentative dates for plaintiff's deposition. Plaintiff immediately returned the call and accepted the first available date which was November 13, 2007 at 9:00 a.m. at the Law Offices of Maynard, Cooper & Gale, 100 North Union Street, Suite 650, Montgomery, Alabama 36104. Attorney Adams confirmed this date by mailing scheduled deposition notice to plaintiff and filing this document with the court. Plaintiff also asked if she

could conduct defendant's deposition on the same date as her scheduled deposition. Attorney Adams stated that defendant's deposition would have to be on another date.

2. Plaintiff's Discovery Request. On behalf of defendant, defense counsels stated that "plaintiff's discovery requests were irrelevant to the claims at issue in this lawsuit." Defense counsels also stated that they have filed written objectives to plaintiff's discovery request and that they have "submitted responsive information and documents where the requests are reasonably calculated to lead to evidence relevant to the claims and/or defenses." **Response:** Plaintiff has made specific statements in her claims of discrimination against defendant, Easter Seals Central Alabama, and has determined that her discovery requests are absolutely relevant to the claims in her lawsuit against defendant. Plaintiff has revised her first discovery request and has mailed copies of her revised discovery request to defense counsels. (Document Numbers 35). In an effort to clarify the relevance and reasonable calculations in plaintiff's claims against defendant, plaintiff has provided defense counsels with responses and explanations regarding the relevance of each request as follows:

   i.) September 2006 Easter Seals Central Alabama (ESCA) Staff Meeting: Attendant Roster & Minutes. **Response:** Plaintiff needs information regarding the ACE Micro Enterprise Program, funding availability, and staffing requirements of micro enterprise specialists that was discussed in the Staff Meeting in the presence

2

of Easter Seals Central Alabama employees. Attendance roster and Staff Meeting Minutes exist and are routine, administrative procedures readily available in Easter Seals Staff Meeting File.

ii.) October 2006 Easter Seals Central Alabama (ESCA) Staff Meeting: Attendance Roster & Minutes. **Response:** Plaintiff needs information regarding the ACE Micro Enterprise Program, funding availability, and selection of William D. Haynes that may have been discussed in the Staff Meeting in the presence of Easter Seals Central Alabama employees. Attendance roster and staff meeting minutes are specific requests and are not overly broad as indicated in defendant's response. Attendance roster and staff meeting minutes are routine, administrative procedures and are readily available in Easter Seals Staff Meeting Minutes File.

iii.) May 2007 ESCA Board Meeting: Attendance Roster & Written Minutes. **Response:** Plaintiff needs information regarding Easter Seals Central Alabama's financial status, the ACE Micro Enterprise Program, funding availability, and staffing requirements that may have been discussed in the presence of Easter Seals Central Alabama Board Members. Attendance roster and Board Meeting Minutes are specific requests and are not overly broad as indicated in defendant's response. Attendance roster and Board Meeting Minutes are routine administrative procedures and are readily available in Easter Seals Board Meeting Minutes File.

iv.) August 2007 ESCA Board Meeting: Attendance Roster & Written Minutes. **Response:** Plaintiff needs information regarding Easter Seals Central Alabama's financial status, the ACE Micro Enterprise Program, funding availability, and staffing requirements that may have been discussed in the presence of Easter Seals Central Alabama Board Members. Attendance roster and Board Meeting Minutes are specific requests and are not overly broad as indicated in defendant's response. Attendance roster and Board Meeting Minutes are routine administrative procedures and are readily available in Easter Seals Board Meeting Minutes File.

v.) ACE Grant Requisition & Purchase Order dated approximately October 25, 2005, for the purchase of 10 Dell Computers & Printers. **Response:** Plaintiff needs information regarding the ACE Micro Enterprise Program, funding availability, and funding requirements. This request is specific and not overly broad as indicated in defendant's response. Requisitions and purchase orders are also readily available in Easter Seals Central Alabama Database and in its Business Office. Additionally, <u>plaintiff never resigned</u> and <u>never notified defendant that she did not want to continue her employment at Easter Seals</u>. Also, defendant was never forced to seek an independent contractor because plaintiff was already working in the ACE Micro Enterprise Program when defendant terminated her. Therefore, plaintiff was readily

4

available and working in her position as a micro enterprise specialist when defendant notified her in writing on April 26, 2006, August 15, 2006, and September 18, 2006 that her position had been eliminated.

vi.) Easter Seals Central Alabama 2004, 2005, and 2006 Yearly Profit & Loss Statements. **Response:** Easter Seals Financial Statements are relevant to its financial status and funding availability which it claimed was limited. These financial statements are not overly broad and are not unduly burdensome because they are readily available in Easter Seals Central Alabama Data Base in the Business Office have been immediately accessible during scheduled or impromptu auditing procedures.

vii.) Annual Salary Summary Reports or Proof of Income for 2004, 2005, and 2006 for the following past and present Easter Seals Central Alabama employees: a) Debbie Lynn, b) Larry Lewis, c) Susan McKim, d) Larry Johnson, e) Christy Jarrett, f) Linda Wingard, g) Charles Frazier, h) Ed Collier, i) Eileen Bennett, j) Alicia Schneider, k) Melanie Busch, l) Roy Mulkey, m) Joyce Owens, n) Frankie Thomas o) Richard Bloom. **Response:** This information is not overly broad, unduly burdensome, and vague as defendant indicated in its response. Plaintiff needs this information to support her statement in her claim of pay discrimination. Also this information is readily available in Easter

5

        Seals Central Alabama Database in the Business Office and has been accessed during annual and impromptu auditing procedures.

viii.) A copy of the ACE Micro Enterprise Program Grant Extension between October 1, 2006 and March 31, 2007. **Response:** This is not a duplicate request. Plaintiff requested the October 2006 Subrecipient Grant Agreement between the Alabama Department of Economic And Community Affairs and Easter Seals Central Alabama. Defendant submitted the March 12, 2007 Agreement with an October 9, 2006 email message from Susan McKim to Tammy Farmer. The date on this email message was inconsistent and could not have been sent by Susan McKim on March 12, 2007 since Mrs. McKim retired from Easter Seals in January of 2007. Plaintiff needs the Subrecipient Grant Agreement dated in October 2006 which provides information on funding availability and salary requirements.

ix.) William D. Haynes' Resume & College Transcripts. **Response:** Defendant has produced a copy of Mr. Haynes' resume. Plaintiff finds that Mr. Haynes' resume is sufficient evidence and withdraws her request for his college transcripts.

x.) A list of William D. Haynes' Clients who he provided service to at Easter Seals Central Alabama ACE Micro Enterprise Program between October 1, 2006 and March 31, 2007. **Response:** This request is not overly broad as defendant indicated in its response.

Plaintiff needs this information to support her statements in her claims against defendant. Also, the ACE Grant required a Monthly and a Quarterly Summary Report for the Micro Enterprise Program. Names and status of Client's enrolled in the Micro Enterprise Program were indicated on this report. Additionally, prior to Mr. Haynes replacing plaintiff, this Summary Report was compiled by plaintiff and prepared by Cassandra Cooper, former Micro Enterprise Specialist, and submitted to the Alabama Department of Economic And Community Affairs, monthly and quarterly.

xi.) Attendance Roster for Management Training Classes conducted by William D. Haynes at Easter Seals Central Alabama ACE Micro Enterprise Program between October 1, 2006 and March 31, 2007. **Response:** This request is not overly broad as defendant indicated in its response. Plaintiff needs this information to support her statements in her claims against defendant. The ACE Grant also requires that this information be provided in the Monthly and Quarterly Summary Report and submitted to the Alabama Department of Economic And Community Affairs.

xii.) A list of names of Vocational Rehabilitation Counselors who work for the Alabama Department of Rehabilitation Services at 2129 E. South Boulevard who William D. Haynes worked with during October 1, 2006 and March 31, 2007. **Response:** This request is

7

not overly broad as defendant indicated in its response. The ACE Grant requires that this information be provided in the Monthly and Quarterly Summary Report and submitted to the Alabama Department of Economic And Community Affairs. Plaintiff needs this information to support her statements in her claims against defendant.

xiii.) William D. Haynes' IRS 1099 for 2004, 2005, and 2006.

**Response:** This information is not overly broad and unduly burdensome as defendant indicated in its response. Easter Seals Central Alabama should have provided IRS 1099 Forms for Mr. Haynes, an independent contractor. This information is readily available in Easter Seals Central Alabama Data Base in the Business Office and has been accessed during annual and impromptu auditing procedures. Plaintiff needs this financial information to support her claims of pay discrimination against defendant.

xiv.) Proof of Total Income William D. Haynes received from Easter Seals Central Alabama during October 1, 2006 and March 31, 2007. Response: Defendant has agreed to produce this information.

Emily C. Jackson, Pro Se

8

Emily C. Jackson

605 Wesley Drive

Montgomery, AL 36111

(334) 288-4675

## Certification of Service

I, Emily C. Jackson, do hereby certify on this <u>26</u> day of October 2007 that the information contained in this correspondence to the court is accurate and true to the best of my abilities, and that I have submitted a copy of this document by the United States Postal Service Regular Mail to the following:

Robin A. Adams, Attorney
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

Stephen E. Brown, Attorney
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

_____
Emily C. Jackson, Pro Se

9