IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EMILY JACKSON, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 2:07cv315-MEF |
| | ) | |
| v. | ) | |
| | ) | |
| EASTER SEALS CENTRAL ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST INTERROGATORIES TO DEFENDANT**

COMES NOW Defendant Easter Seals Central Alabama (hereinafter referred to as "Easter Seals" or "Defendant"), by and through its counsel of record, and submits its objections and responses to Plaintiff's First Interrogatories to Defendant ("Discovery Request(s)") in the above-styled action in the order set forth herein as follows:

**I. GENERAL OBJECTIONS**

Defendant objects to each and every individual discovery request on each and all of the following grounds:

1. Defendant's objections to Plaintiff's discovery requests are made without waiver of, or prejudice to, any additional objections Defendant may make.

2. All such objections are hereby expressly preserved, as is the right to move for a protective order.

3. Defendant reserves all objections as to the admissibility at trial of any information provided.

4.      The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation only and for no other purpose.

5.      Defendant objects to each and every discovery request to the extent that the information called for, if any, is protected from discovery by the attorney/client privilege, work product doctrine or any other applicable privilege, protection or immunity.

6.      Defendant objects to each and every discovery request to the extent that they seek to vary the obligations imposed upon Defendant under the Federal Rules of Civil Procedure.

7.      Defendant objects to each and every discovery request to the extent that they seek information that is not relevant to the claims in this action or reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses in this matter.

8.      Defendant objects to each and every discovery request to the extent that they seek information that is equally available to Plaintiff and the burden on Plaintiff to obtain the requested information is no greater than the burden on Defendant.

9.      Defendant objects to each and every discovery request to the extent that they are vague, overly broad, oppressive, designed to harass Defendant, unduly burdensome and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

10.     Defendant objects to each and every discovery request to the extent that they seek an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted.

11. Formal discovery is not completed in this action. Therefore, Defendant specifically reserves the right to supplement its answers and responses to Plaintiff's discovery requests upon the completion of discovery.

## II. SPECIFIC OBJECTIONS AND RESPONSES

Without waiving its General Objections and specifically asserting each General Objection as to each and every discovery request propounded to it by Plaintiff, Defendant provides the following objections to the individually numbered interrogatories as follows:

1. Did Easter Seals Central Alabama Interim Administrator and CEO notify its Board Members after receiving the letter dated April 26, 2006 from the Alabama Department of Economic and Community Affairs (ADECA) regarding the ending of the ACE Grant for the Micro Enterprise Program? If yes, when were the Board Members notified? If no, please explain your reasons.

**RESPONSE**: **Defendant objects to this request to the extent it is irrelevant and not reasonably calculated to lead to evidence relevant to the claims and/or defenses in this case. Without waiving its objections, Defendant states that on July 26, 2006 its Board of Directors were notified that the ACE Grant funding Micro Enterprises Program would end on September 2006 and that ESCA was trying to work with ADECA or ADRS to secure funding for an extension. Defendant further states that it also notified Plaintiff of the information contained in the April 26, 2006 letter.**

2. Did Easter Seals Central Alabama Administrator, Interim Administrator and/or CEO notify its Board Members after receiving the letter dated August 15, 2006 from the Alabama Department of Economic and Community Affairs (ADECA) regarding the ending of the ACE Grant and Micro Enterprise Program? If yes, when were the Board Members notified? If no, please explain your reasons.

**RESPONSE**: **Defendant objects to this request to the extent it is irrelevant and not reasonably calculated to lead to evidence relevant to the claims and/or defenses in this case.**

**Further, Defendant does not know what letter from ADECA to Defendant dated August 15, 2006 that Plaintiff is referring to. Without waiving its objections, Defendant states that its Board of Directors were notified at the July 2006 Board meeting that the ACE Grant funding Micro Enterprises Program would end on September 2006 if the efforts to gain an extension were not successful. The Board of Directors were notified at the October 2006 meeting that the Micro Enterprises Program would be extended until the end of March 2007. On August 15, 2006, Plaintiff was made aware of the information contained in the August 11, 2006 letter from ADECA to Defendant stating that the grant funding the Micro Enterprises program would end on September 29, 2006 and that Defendant had requested an extension, but to date, no response had been received.**

3. Did Easter Seals Central Alabama Administrator notify its Board Members about the September 18, 2006 letter to the plaintiff informing her that her employment would end on September 29, 2006 due to budget cuts from the Alabama Department of Economic and Community Affairs (ADECA)? If yes, when were the Board Members notified? If no, please explain your reasons.

**RESPONSE**: **Without waiving its objections, Defendant states that its Board of Directors is not involved in the day-to-day details involved in administering any of its grant programs and, therefore, would not have been involved with or apprised of the circumstances surrounding the September 18, 2006 letter to Plaintiff.**

4. Did Easter Seals Central Alabama Administrator, Interim Administrator, and CEO meet with its Board Members to discuss the ACE Subrecipient Grant Extension dated in October of 2006 for the October 1, 2006 through March 29, 2007 grant extension period. If yes, when did the Board meet? If no, please explain your reasons.

**RESPONSE**: Without waiving its objections, Defendant states that its Board of Directors was informed that the Micro Enterprises program had been granted a six-month no-cost extension at the October 2006 Board meeting.

5. Did Easter Seals Central Alabama Administrator, Interim Administrator, and CEO meet with its Board Members to discuss hiring William D. Haynes as an independent contractor for the ACE Micro Enterprise Program from October 1, 2006 through March 29, 2007? If yes, when did the Board meet? If no, please explain your reasons.

**RESPONSE**: Defendant objects to this Request to the extent that it is not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this matter. Without waiving its objections, Defendant states that its Board of Directors were not consulted about the decision to contract with Bill Haynes for the six-month extension. However, the Board was informed of the contract with Bill Haynes at the October 2006 Board meeting. The Board of Directors was not involved in the day-to-day details of the Micro Enterprises program, including staffing decisions.

6. Did Easter Seals Central Alabama Administrator schedule a Staff Meeting for September 2006? If no, please explain your reasons.

**RESPONSE**: Without waiving its objections, a staff meeting was scheduled for September 2006.

7. Did Easter Seals Central Alabama Administrator schedule a Staff Meeting for October 2006? If no, please explain your reasons.

**RESPONSE**: Without waiving its objections, a staff meeting was scheduled for October 2006.

8. Did Easter Seals Central Alabama have written Human Resource (HR) Policies in 2006 and 2007? If no, please explain your reasons.

**RESPONSE: Without waiving its objections, Defendant states that it had a personnel handbook in place in 2006-2007.**

9. Did Easter Seals Central Alabama have written Pay Policies in 2006 and 2007? If no, please explain your reasons.

**RESPONSE: Defendant objects to this interrogatory to the extent that it is vague and ambiguous. Defendant does not understand what is meant by "Pay Policies". Without waiving its objections, Defendant states that in 2006-2007 its personnel policies were set forth in its personnel handbook.**

10. Did Easter Seals Central Alabama complete and submit subcontractors' filing requirements to the Equal Employment Opportunity Commission (EEOC) during 2006 and 2007? If no, please explain your reasons.

**RESPONSE: Defendant objects to this interrogatory to the extent it is vague and ambiguous and not reasonably calculated to lead to evidence relevant to the claims and/or defenses of the parties. Defendant does not understand what EEOC filing requirements Plaintiff is referring to.**

11. Did Easter Seals Central Alabama complete and submit subcontractors' filing requirements to the Office of Federal Contract Compliance (OFCC) for the Ace Micro Enterprise Program Grant during 2006 and 2007? If no, please explain your reasons.

**RESPONSE: Defendant objects to this interrogatory to the extent it is vague and ambiguous and not reasonably calculated to lead to evidence relevant to the claims and/or defenses of the parties. Defendant does not understand what OFCCP filing requirements Plaintiff is referring to.**

12.   Did Easter Seals Central Alabama verify and obtain a copy of William D. Haynes' City of Montgomery Business License to operate as an independent contractor for the ACE Micro Enterprise Program Grant in 2006 and 2007? If no, please explain your reasons.

**RESPONSE: Defendant objects to this Request on the grounds that it is wholly irrelevant, and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this matter. Without waiving its objections, Defendant states that it did not request a copy of Mr. Haynes' City of Montgomery business license.**

13.   Did Easter Seals Central Alabama verify and obtain a copy of William D. Haynes' proof of professional liability insurance as an independent contractor for the ACE Micro Enterprise Program in 2006 and 2007? If no, please explain your reasons.

**RESPONSE: Defendant objects to this Request on the grounds that it is wholly irrelevant and not reasonably calculated to lead to evidence relevant to the claims and/or defenses in this matter. Without waiving its objections, Defendant did not request a copy of Mr. Haynes' proof of professional liability insurance because such documentation is not required by an ACE grant.**

14.   Did Easter Seals Central Alabama verify and obtain a copy of William D. Haynes' proof of general liability insurance as an independent contractor for the ACE Micro Enterprise Program in 2006 and 2007? If no, please explain your reasons.

**RESPONSE: Defendant objects to this Request on the grounds that it is wholly irrelevant and not reasonably limited in time, and is not reasonably calculated to lead to evidence relevant to the claims and/or defenses in this matter.**

15.   Did Easter Seals Central Alabama purchase general and/or professional liability coverage from the ACE Grant for the Micro Enterprise Program in 2006 and 2007? If no, please explain your reasons.

01563882.1

**RESPONSE**: Defendant objects to this Request on the grounds that it is not reasonably calculated to lead to evidence relevant to the claims and/or defenses in this matter. Without waiving its objections, Defendant states that during 2006-2007 it had general liability insurance covering its programs and employees.

16. Did Easter Seals Central Alabama withdraw funds from the ACE Grant to pay for computer software, office equipment, office supplies, training, utilities, and rent expenses for the Micro Enterprise Program between October 1, 2006 and March 31, 2007?

**RESPONSE**: Defendant objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to evidence relevant to the claims and/or defenses in this matter. Without waiving its objections, Defendant states that ACE grant funds were used to pay for expenses related to the Micro Enterprise program.

17. Did Easter Seals Central Alabama withdraw funds from the ACE Grant to pay for computer software, office equipment, office supplies, training, utilities, and rent expenses <u>other than those specified in the ACE Grant for the Micro Enterprise Program</u> between October 1, 2006 and March 31, 2007? If yes, please explain what expenses were withdrawn from the ACE Grant other than those specified for the Micro Enterprise Program and explain reasons.

**RESPONSE**: Defendant objects to this Request on the grounds that it is wholly irrelevant and not reasonably limited in time, and is not reasonably calculated to lead to evidence relevant to the claims and/or defenses in this matter. Without waiving its defenses, Defendant did not use ACE grant funds designated for the Micro Enterprises program to pay for expenses unrelated to the Micro Enterprise program.

18. What are Easter Seals Central Alabama's total net worth, total net assets, and total net liabilities for 2006 and 2007?

**RESPONSE**: Defendant objects to this Request on the grounds that it is irrelevant, overly broad, unduly burdensome, not reasonably limited in time, and not reasonably

calculated to lead to evidence relevant to the claims and/or defenses in this matter. Without waiving it objections, Defendant states that it is a charitable, not for profit organization and, therefore, does not make a "profit."

                                                        _____
Stephen E. Brown
Robin A. Adams
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203

*Counsel for Defendant*
*Easter Seals Central Alabama*

**SIGNED AS TO INTERROGATORY RESPONSES:**

_____
Debbie Lynn

| STATE OF ALABAMA | ) |
| COUNTY OF MONTGOMERY | ) |

Debbie Lynn, being first duly sworn on oath, deposes and says that she has read the foregoing responses and that the responses set forth herein, subject to inadvertent or undiscovered errors, are based on and, therefore, necessarily limited by the records, and information still in existence, presently recollected and thus far discovered in the course of the preparation of these responses, that she reserves the right to make any changes in the responses if it appears at anytime that omissions or errors have been made therein or that more accurate information is available, and that subject to the limitations set forth herein, the said responses are true to the best of her knowledge, information and belief.

Sworn to and subscribed before me on this 3rd day of December, 2007.

_____
Notary Public
My Commission Expires: 01/09/2008

**CERTIFICATE OF SERVICE**

This is to certify that I have this day, the 3rd day of December, 2007, served the foregoing pleading by placing the same in U. S. Mail with sufficient postage attached on:

Emily Jackson
605 Wesley Drive
Montgomery, Al. 36111

_____
OF COUNSEL