IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMILY JACKSON, ) | |
| ) | |
| Plaintiff ) | Civil Action No. 2:07cv315-MEF |
| ) | |
| v. ) | |
| ) | |
| EASTER SEALS CENTRAL ALABAMA, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

COMES NOW Defendant Easter Seals Central Alabama (hereinafter referred to as "Easter Seals" or "Defendant"), by and through its counsel of record, and submits its objections and responses to Plaintiff's Third Request for Production of Documents to Defendant ("Discovery Request(s)") in the above-styled action in the order set forth herein as follows:

## I. GENERAL OBJECTIONS

Defendant objects to each and every individual discovery request on each and all of the following grounds:

1.  Defendant's objections to Plaintiff's discovery requests are made without waiver of, or prejudice to, any additional objections Defendant may make.

2.  All such objections are hereby expressly preserved, as is the right to move for a protective order.

3.  Defendant reserves all objections as to the admissibility at trial of any information provided.

4. The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation only and for no other purpose.

5. Defendant objects to each and every discovery request to the extent that the information called for, if any, is protected from discovery by the attorney/client privilege, work product doctrine or any other applicable privilege, protection or immunity.

6. Defendant objects to each and every discovery request to the extent that they seek to vary the obligations imposed upon Defendant under the Federal Rules of Civil Procedure.

7. Defendant objects to each and every discovery request to the extent that they seek information that is not relevant to the claims in this action or reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses in this matter.

8. Defendant objects to each and every discovery request to the extent that they seek information that is equally available to Plaintiff and the burden on Plaintiff to obtain the requested information is no greater than the burden on Defendant.

9. Defendant objects to each and every discovery request to the extent that they are vague, overly broad, oppressive, designed to harass Defendant, unduly burdensome and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

10. Defendant objects to each and every discovery request to the extent that they seek an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted.

11.   Formal discovery is not completed in this action. Therefore, Defendant specifically reserves the right to supplement its answers and responses to Plaintiff's discovery requests upon the completion of discovery.

## II. SPECIFIC OBJECTIONS AND RESPONSES

Without waiving its General Objections and specifically asserting each General Objection as to each and every discovery request propounded to it by Plaintiff, Defendant provides the following objections to the individually numbered requests as follows:

1.   Please submit a copy of Easter Seals Central Alabama Organizational Chart for 2006 and 2007.

**RESPONSE**:  **Without waiving its General Objections, Defendant will produce copies of the 2006 and 2007 Easter Seals Central Alabama Organizational Chart to the extent such documentation exists.**

2.   Please submit a copy of Easter Seals Central Alabama Board Meeting Attendance Roster & Minutes for May 2006, July 2006, September 2006, and November 2006. If Board Meetings were not held during the foregoing months, please submit a copy of its Board Meeting Attendance Roster & Minutes for June 2006, August 2006, and October 2006.

**RESPONSE: Defendant objects to this Request to the extent it is irrelevant, overly broad, not reasonably limited in time and scope, and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this matter. Without waiving its objections, Defendant states that it did not hold Board of Directors' meetings in May, June, August, September or November of 2006. Defendant will produce a copy of the information contained in the Administrator's Report from the October 2006 Board Meeting concerning the Micro Enterprises Program.**

3. Please submit a copy of the April 26, 2006 letter from the Alabama Department of Economic and Community Affairs to Easter Seals Central Alabama regarding the ending of the ACE Grant and Micro Enterprise Program.

**RESPONSE: Defendant will produce a copy of the April 26, 2006 letter from the Alabama Department of Economic and Community Affairs to Defendant to the extent such documentation is in Defendant's possession.**

4. Please submit a copy of Easter Seals Central Alabama September 2006 Monthly Staff Meeting.

**RESPONSE: Without waiving its General Objections, Defendant will produce a copy of its September 2006 Monthly Staff Meeting minutes, to the extent such documentation exists.**

5. Please submit a copy of Easter Seals Central Alabama October 2006 Monthly Staff Meeting.

**RESPONSE: Without waiving its General Objections, Defendant has produced a meeting minutes regarding its October 2006 Monthly Staff Meeting.**

6. Please submit a copy of Easter Seals Central Alabama Human Resource (HR) Policies for 2006 and 2007.

**RESPONSE: Defendant objects to this Request to the extent it is not reasonably calculated to lead to evidence relevant to the claims and/or defenses at issue in this case. Without waiving its objections, Defendant will produce a copy its personnel handbook for 2006-2007.**

7.      Please submit a copy of Easter Seals Central Alabama Pay Policies for 2006 and 2007.

**RESPONSE: Defendant objects to this Request to the extent it is vague, ambiguous and not reasonably calculated to lead to evidence relevant to the claims and/or defenses at issue in this matter.**

8.      Please submit a copy of your receipt and approval notice from the Equal Employment Opportunity Commission (EEOC) for completion of Federal Grant subcontractor's requirements.

**RESPONSE: Defendant objects to this Request to the extent it is vague, ambiguous, not reasonably limited in time and scope and not reasonably calculated to lead to evidence relevant to the claims and/or defenses at issue in this matter. Defendant does not know what EEOC filings Plaintiff is requesting or what Federal Grant subcontractor requirements she is referring to.**

9.      Please submit a copy of your receipt and approval notice from the Office of Contract Compliance (OFCC) for completion of Federal Grant subcontractor's requirements.

**RESPONSE: Defendant objects to this Request to the extent it is vague, ambiguous, not reasonably limited in time and scope and not reasonably calculated to lead to evidence relevant to the claims and/or defenses at issue in this matter. Defendant does not know what OFCCP filings Plaintiff is requesting or what Federal Grant subcontractor requirements she is referring to.**

10.     Please submit a copy of William D. Haynes' City of Montgomery Business License.

**RESPONSE:** Defendant objects to this Request to the extent it is wholly irrelevant and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this matter.

11.  Please submit a copy of William D. Haynes' proof of general and professional liability insurance coverage.

**RESPONSE:** Defendant objects to this Request to the extent it is wholly irrelevant, not reasonably limited in time or scope, and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this matter.

12.  Please submit a copy of Easter Seals Central Alabama Yearly Payroll Summary Report for the years ending 2006 and 2007.

**RESPONSE:** : Defendant objects to this Request to the extent it is overly broad, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of evidence relevant to the claims and/or defenses in this matter. Defendant further objects to this request on the grounds that it seeks personal and confidential information regarding individuals who are not parties in this lawsuit. Defendant has produced information reflecting the compensation budgeted for or paid to individuals who served as Micro Enterprise Specialists for the Micro Enterprise Program for 2006 -2007.

13.  Please submit a copy of William D. Haynes' 1099 for 2006 and 2007.

**RESPONSE:** Without waiving its objections, Defendant has produced a copy of the 1099 issued to Mr. Haynes for 2006. Defendant has not yet prepared 1099s for 2007.

14.     Please submit a copy of Easter Seals Central Alabama 2006 and 2007 Annual Profit and Loss Statements.

**RESPONSE: Defendant objects to this Request on the grounds that it is irrelevant, overly broad, unduly burdensome, not reasonably limited in time, and not reasonably calculated to lead to evidence relevant to the claims and/or defenses in this matter. Without waiving it objections, Defendant is a charitable, not for profit organization.**

15.     Please submit a copy of Easter Seals Central Alabama 2006 and 2007 Year End Balance Sheets.

**RESPONSE: Defendant objects to this Request on the grounds that it is irrelevant, overly broad, unduly burdensome, not reasonably limited in time or scope, and not reasonably calculated to lead to evidence relevant to the claims and/or defenses in this matter. Defendant further objects to this request to the extent that "year end balance sheets" is vague and ambiguous.**

/s/ Robin A. Adams
Stephen E. Brown
Robin A. Adams
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203

*Counsel for Defendant*
*Easter Seals Central Alabama*

## CERTIFICATE OF SERVICE

This is to certify that I have this day, the 3rd day of December, 2007, served the foregoing pleading by placing the same in U. S. Mail with sufficient postage attached on:

Emily Jackson
605 Wesley Drive
Montgomery, Al. 36111

_____
OF COUNSEL

01563790.1