IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMILY C. JACKSON,       ) | |
| ) | |
| Plaintiff       ) | |
| ) | |
| v.       ) | CIVIL ACTION NO. 2:07cv315-MEF |
| ) | |
| EASTER SEALS OF       ) | |
| CENTRAL ALABAMA,       ) | |
| ) | |
| Defendant.       ) | |

**RESPONSE TO COURT SCHEDULING ORDER**

COMES NOW, Emily C. Jackson, the plaintiff in the above-captioned case, and files this response to the September 11, 2007 Court Scheduling Order which requires all responses to discovery requests to be filed with the Court by January 30, 2008 (Document No.30).

The plaintiff has obtained the enclosed information from the Social Security Administration Office, 2450 Presidents Drive, Montgomery, Alabama 36116, pursuant to her December 28, 2007 Subpoena. Plaintiff will file any additional information from the Social Security Administration by the scheduling deadline.

_____
Emily C. Jackson, Pro Se

Enclosures

Emily C. Jackson

605 Wesley Drive

Montgomery, AL 36111

(334) 288-4675

## Certificate of Service

I, Emily C. Jackson, do hereby certify on this 14th day of January 2008 that the pleadings in the foregoing are accurate and true to the best of my abilities, and that I have submitted a copy of this document by the United States Postal Service Regular Mail to the following:

Robin A. Adams, Esq.
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

Stephen E. Brown, Esq.
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

_Emily C. Jackson_
Emily C. Jackson, Pro Se

January 14, 2008

Roy S. Bradford, Operations Supervisor
Social Security Administration
2450 Presidents Drive
Montgomery, AL 36116

EXHIBIT - 1

Re: SS# ~~~~~~~~ Civil Case 2:07cv315-MEF;
    Subpoena Requesting Statement and Incident Report

Dear Mr. Bradford:

Thank you very much for providing your written statements dated January 4, 2008 and January 11, 2008 in response to the above subpoena. After speaking with you on January 9, 2008, I thought about the conversation that I had with Ms. Joyce when she called me on December 11, 2007 to notify me that Mary Ralley, Representative from Maynard, Cooper, & Gale, PC, Law Office, was trying to get me to come in and copy my Social Security File. Ms. Joyce and I spoke twice on this date and at length about this incident. During my conversation with Ms. Joyce, I did express that I did not want Maynard, Cooper, & Gale, PC to have my records at first, but I also stated that when I went to court I was told by the Magistrate Judge that I had to release my records, and I did so by signing a consent and release form.

In order to clear up the mistake about whether I wanted Maynard, Cooper, & Gale, PC to obtain my records, I immediately reported to the Social Security Office on January 9, 2008 and signed a new Consent for Release of Information as you noted in your statement dated January 11, 2008.

In the above subpoena, I also asked for an Incident Report, which on January 9, 2008 you explained to me to be a report of fraud. I strongly believe that Mary Ralley, Representative of Maynard, Cooper, & Gale, P.C., committed fraud when she tried to obtain a copy of my records by falsely telling Ms. Joyce "that they had no local office and asked Ms. Joyce to ask Ms. Jackson to come in and copy the file." Maynard, Cooper, & Gale, P.C., does have a local office, and it is located in the RSA Building, 100 N. Union Street, Suite 650, Montgomery, Alabama 36104.

I understand fraud to be any deceptive, falsity, and misrepresentation of information, and Mary Ralley, Representative of Maynard, Cooper, & Gale, P.C., provided false information to Ms. Joyce and the Social Security Administration when she stated that they did not have a local office in an attempt to try to get me to obtain my own records for them. There was no need to do this because they do have a local office and I had already signed a Consent for Release of Information on September 13, 2007. For the above reasons, I believe that an <u>Incident Report from the Social Security Administration</u> is needed as part of my request in my December 28, 2007 Subpoena, and I need a copy of this report.

The Social Security Administration and its representatives, Ms. Joyce, and you, Mr. Bradford, have responded in a professional manner throughout this entire incident, and I do not have any complaints against you or your organization. I thank you for your immediate response to my subpoena and for the confidentiality and security that you have given my records/file. If you have any questions about my final request and need to contact me, please call (334) 288-4675.

Sincerely,

Emily C. Jackson

Enclosures

Cc: Operations Manager



EXHIBIT-2

## Social Security Administration

**Refer to:  2:07cv315-MEF**

Atlanta Region

2450 Presidents Drive
Montgomery, AL 36116
334 223 7183
January 11, 2008

Ms. Emily C Jackson
605 Wesley Drive
Montgomery, AL 36111-2519

RE: Civil Case **2:07cv315-MEF**

To Whom It May Concern:

On January 9, 2008, Ms. Jackson contacted this office re the statement she received via subpoena of the conversations with this office between Maynard Cooper & Gale PC, Service Representative and Ms. Jackson. Ms. Jackson stated she disagreed with the last part of the statement which indicated she did not want Maynard Cooper & Gale to receive copies of her file. As previously noted, no written records were made of the conversation and the prior statement was and is correct to the best of both Ms. Joyce's and my memory. Please note that, we serve an average of over 300 clients in this office a day and about 1400 phone calls.

Regardless of the above issues, Ms. Jackson signed a new <u>Consent for Release of Information</u> this date. The new consent authorizes Robin A Adams, Esq. to obtain copies of her records. The file is currently available at the Montgomery AL District Office of Social Security. Ms. Adams may come and copy the folder Monday through Friday 9:00-4:00 PM. The copy cost for her to copy the file is $0.10 per page. Check is preferred.

Sincerely;

Roy S Bradford
Operations Supervisor

cc:



EXHIBIT-3

## Social Security Administration          Atlanta Region

**Refer to:  2:07cv315-MEF**

2450 Presidents Drive
Montgomery, AL 36116
334 223 7183
January 4, 2008

Ms. Emily C Jackson
605 Wesley Drive
Montgomery, AL 36111-2519

RE: Subpoena in a Civil Case **2:07cv315-MEF**

To Whom It May Concern:

In reference to your subpoena cited above, I am providing the following statement:

On November 20, 2007 the Montgomery Alabama District Officer of the Social Security Administration (SSA), received a fax from Maynard Cooper & Gale PC Attorneys at law. That fax contained copies of a certified receipt to Social Security. A copy of a September 14, 2007 letter citing a Consent for Release of Information signed by Ms. Jackson allowing the release of her records, and a copy of that same consent dated 9-13-07. The fax was a follow-up on the original request submitted in 09-date unknown-07. Based on the fax we ordered the file from record storage. On or about December 11, 2007, SSA Service Representative Sheree Joyce received a follow up call from Maynard Cooper and Gale. No written records were made of the conversation, but Ms. Joyce did bring the conversation to my attention. She stated that Maynard Cooper and Gale came across as if they were representing the client. Upon questioning, she stated that they never actually stated that they represented Ms. Jackson. Ms. Joyce advised Maynard Cooper and Gale that if they wanted the file copied quickly that they would need to come do so at the Montgomery SSA office. They stated that they had no local office and asked Ms. Joyce to ask Ms. Jackson to come in and copy the file. Ms. Joyce called Ms. Jackson and Ms. Jackson indicated that Maynard Cooper and Gale did not represent her and that she did not want them to obtain a copy of the file. Her oral statement effectively cancelled the Consent for Release of Information.  Maynard Cooper and Gale were notified that we could not release the file copies without a new Consent for Release of Information.

Sincerely;

Roy S Bradford
Operations Supervisor

cc:

## Consent for Release of Information

EXHIBIT-4

TO: Social Security Administration

FROM: _Emily C. Jackson_  _01/11/1962_  ▓▓▓▓▓▓▓
      Name                Date of Birth      Social Security Number

I authorize the Social Security Administration to release information or records about me to:
_Robin A. Adams, Esq.     1901 6th Avenue North, Suite 2400_
_Maynard, Cooper & Gale, PC   Birmingham, AL 35203_

_____  _____
Name                          Address

I want this information released because: _Requested in pending litigation_

(There may be a charge for releasing information.)

Please release the following information:

___ Social Security Number
___ Identifying information (include date and place of birth, parent's names)
___ Monthly Social Security benefit amount
___ Monthly Supplemental Security Income benefit amount
___ Information about benefits/payments, I received from _____ to _____
___ Information about my Medicare claim/coverage from _____ to _____
XX  Records from my file (specify) _All Social Security Records_
    _for Emily C. Jackson_ ▓▓▓▓▓▓▓
___ Other (specify) _____

I am the individual to whom the information/record(s) applies or I am that person's parent (if a minor) or legal guardian. I know that if I make any representation which I know is false to obtain information from Social Security records, I could be punished by a fine or imprisonment or both.

Signature _Emily C Jackson_
Date: _01-09-08_         Relationship _Self_

Witnesses: Name _____   Name _____
           Address: _____   Address: _____

SSA-3388

**Consent for Release of Information**

TO: Social Security Administration

EXHIBIT-5

Emily C. Jackson     01/11/1962     █████████
Name                  Date of birth   Social Security Number

I authorize the Social Security Administration to release information or records about me to:

NAME                                    ADDRESS

Robin A. Adams, Esq.                    1901 6ᵗʰ Avenue North; Suite 2400
Maynard, Cooper & Gale, P.C.            Birmingham, AL 35203

I want this information released because:

   Requested in pending litigation

Please release the following information:

_____ Social Security Number
_____ Identifying information (includes date and place of birth, parents' names)
_____ Monthly Social Security benefit amount
_____ Monthly Supplemental Security Income payment amount
_____ Information about benefits/payments I received from _____ to _____
_____ Information about my Medicare claim/coverage from _____ to _____
_____ (specify)_____
_____ Medical Records
_XX_ Record(s) from my file (specify) _Any and all records_
_____ Other (specify)_____

I am the individual to whom the information/record applies or that person's parent (if a minor) or legal guardian. I know that if I make any representation which I know if false to obtain information from Social Security records, I could be punished by a fine or imprisonment or both.

Signature: _Emily C. Jackson_
(Show signature, names and addresses of two people if signed by mark.)

Date: _09-13-07_     Relationship: _Self_

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

EXHIBIT-6

Middle DISTRICT OF Alabama

EMILY C. JACKSON, Plaintiff

V.

EASTER SEALS CENTRAL ALABAMA, Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:07cv315-MEF

TO: U.S. Social Security Administration
Ms. Joyce, Records Division
2450 Presidents Drive, Executive Park
Montgomery, Alabama 36116-1616

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

**THIS SUBPOENA IS BEING ISSUED AT THE REQUEST OF PLAINTIFF**

"A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law." (Federal Rules of Civil Procedure USC)

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

A written statement explaining the December 11, 2007 telephone conversation between Ms. Joyce, Representative, Social Security Administration, and Mary Ralley, Representative, Maynard, Cooper, & Gale P.C. Law Offices, regarding plaintiff's Social Security Administration File/Records. A copy of Incident Report made by Ms. Joyce to SSA Supervisor.

| PLACE  605 Wesley Drive, Montgomery, Alabama 36111-2519, (334) 288-4675 | DATE AND TIME  1/28/2008 11:59 pm |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  12/28/2007 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kalandra Haynes, Clerk's Office, P.O. Box 711, Montgomery, AL 36101, 334-954-3600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

EXHIBIT-7

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 12/28/2007 | 2450 Presidents Drive, Executive Park Montgomery, Alabama 36116-1616 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Ms. Joyce | U.S. Certified Mail Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Emily C. Jackson | Pro Se |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      12/28/2007
                    DATE

*Emily C. Jackson*
SIGNATURE OF SERVER

605 Wesley Drive, Montgomery, Alabama 36111-2519
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).