IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EMILY JACKSON, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 2:07cv315-MEF |
| | ) | |
| v. | ) | |
| | ) | |
| EASTER SEALS CENTRAL ALABAMA | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S SECOND INTERROGATORIES TO PLAINTIFF

Defendant Easter Seals Central Alabama ("Easter Seals" or "Defendant"), pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, hereby propounds its Second Interrogatories to be responded to by Plaintiff **Emily Jackson** within the time prescribed by the Federal Rules of Civil Procedure.

I. **DEFINITIONS AND INSTRUCTIONS FOR RESPONDING TO DISCOVERY REQUESTS.**

1. "Defendant" refers inclusively and/or individually to Easter Seals, its directors, employees, agents, representatives, and predecessors.

2. "Plaintiff" refers to **Emily Jackson**.

3. "Document" refers to any documents or things within the scope of Rule 34(a) of the Federal Rules of Civil Procedure.

4. "Complaint" refers to the complaint filed by plaintiff, including any subsequent amendments thereto.

5. "And" means "or," and vice versa.

6. "All" means "any," and vice versa.

7.  "You" or "your" refers to plaintiff.

8.  "Date" means the day of the month, the month, and the year. If only the approximate date is known or available, please state the approximate date and indicate that it is the approximate date.

9.  "Person" refers to individual(s), corporation(s), partnership(s), proprietorship(s), and state or federal agencies, departments or entities.

10. "Identify," when referring to person(s) means that a name, current address and current telephone number should be given.

11. "Identify," when referring to document(s), means that the date, author, recipient, and subject matter of the document(s) should be given.

12. The production requests refer to documents in the possession, custody, or control of plaintiff and/or in the possession, custody, or control of plaintiff's representatives, agents, or attorneys.

13. Unless otherwise indicated, the interrogatories and production requests refer to the time, place, and circumstances of the occurrences described in the complaint and any amendments thereto.

14. Each discovery request should be responded to separately; however, a document which is responsive to more than one production request may, if the relevant portion is so marked or indexed, be produced and referred to in either a prior or later response to a production request.

15. Each production request refers to documents that are either known by plaintiff to exist or that can be located or discovered by reasonably diligent efforts of plaintiff.

16. Each interrogatory refers to information that is either within plaintiff's knowledge or that can be located or discovered by the reasonably diligent efforts of plaintiff.

17. Please note that plaintiff is under a continuing duty, pursuant to Rule 26(e), to seasonably supplement discovery responses. The interrogatories are submitted to the plaintiff for answers made under oath in light of information and beliefs of the plaintiff, but plaintiff is hereby advised of the responsibility to provide supplemental answers to these interrogatories if at any time the answers are not complete or are inaccurate in some way. Supplemental answers, if any, are to be provided in writing, under oath and served upon the undersigned counsel of record for Defendant.

18. In the event that any information is withheld under a claim of privilege, provide the following information for all documents related to or reflecting the information for which a claim of privilege is asserted:

   (a) the place, date and manner of recording or otherwise preparing the document;

   (b) the name and title of sender, and the name and title of recipient of the document;

   (c) a summary of the contents of the document;

   (d) the identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

   (e) the identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the date(s) of said communication, and the employer and title of said person at the time of said communication;

   (f) a statement of the basis on which the privilege is claimed; and

   (g) the identity and title, if any, of the person or persons supplying your attorney with the information requested in subsections (a) through (e), above.

19. Production may be accomplished by mailing the requested documents, or legible photocopies thereof, to the undersigned counsel for Defendant.

## II.    INTERROGATORIES.

1. Please provide all contact information you have regarding Cassandra Cooper's whereabouts. This request includes, but is not limited to, any information regarding her current location, address, telephone number (home, cell, office, etc.), email address, current place of employment or business and/or any other means or methods by which we could contact her.

2. Please state the last time you had any contact with Cassandra Cooper and describe in detail when, where and how this communication took place and describe, in detail, what was discussed.

Respectfully submitted,

_/s/ Robin A. Adams_
Stephen E. Brown
Robin A. Adams
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203

*Counsel for Defendant*
*Easter Seals Central Alabama*

## CERTIFICATE OF SERVICE

    This is to certify that I have this day, the 18th day of January, 2008, served the foregoing pleading by placing the same in U. S. Mail with sufficient postage attached on:

Emily Jackson
605 Wesley Drive
Montgomery, Al. 36111

_____
OF COUNSEL