IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMILY JACKSON, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>EASTER SEALS CENTRAL ALABAMA, )<br>)<br>Defendant. ) | Civil Action No. 2:07cv315-MEF |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
SECOND REQUEST FOR INTERROGATORIES
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant Easter Seals Central Alabama, by and through its counsel of record, and submits its responses to Plaintiff's Second Request for Interrogatories and Fifth Request for Production of Documents as follows:

**I. GENERAL OBJECTIONS**

Defendant objects to each and every individual discovery request on each and all of the following grounds:

1.  Defendant's objections to Plaintiff's discovery requests are made without waiver of, or prejudice to, any additional objections Defendant may make.

2.  All such objections are hereby expressly preserved, as is the right to move for a protective order.

3.  Defendant reserves all objections as to the admissibility at trial of any information provided.

4. The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation only and for no other purpose.

5. Defendant objects to each and every discovery request to the extent that the information called for, if any, is protected from discovery by the attorney/client privilege, work product doctrine or any other applicable privilege, protection or immunity.

6. Defendant objects to each and every discovery request to the extent that they seek to vary the obligations imposed upon Defendant under the Federal Rules of Civil Procedure.

7. Defendant objects to each and every discovery request to the extent that they seek information that is not relevant to the claims in this action or reasonably calculated to lead to the discovery of evidence relevant to the claims and defenses in this matter.

8. Defendant objects to each and every discovery request to the extent that they seek information that is equally available to Plaintiff and the burden on Plaintiff to obtain the requested information is no greater than the burden on Defendant.

9. Defendant objects to each and every discovery request to the extent that they are vague, overly broad, oppressive, designed to harass Defendant, unduly burdensome and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

10. Defendant objects to each and every discovery request to the extent that they seek an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted.

11.     Formal discovery is not completed in this action. Therefore, Defendant specifically reserves the right to supplement its answers and responses to Plaintiff's discovery requests upon the completion of discovery.

## II. SPECIFIC OBJECTIONS AND RESPONSES

Without waiving its General Objections and specifically asserting each General Objection as to each and every discovery request propounded to it by Plaintiff, Defendant provides the following objections to the individually numbered requests for production as follows:

### INTERROGATORIES

1. Did plaintiff resign from her position as a micro enterprise specialist during her employment with the defendant, Easter Seals Central Alabama? Yes or No. If yes, please explain how, when, and where plaintiff resigned.

**RESPONSE**: **Without waiving its objections, Defendant states that on September 11, 2006 Plaintiff submitted a letter to Ms. Lynn stating that since the Micro Enterprise Program had not been granted an extension, she needed time to transition into a new career. Therefore, she noted that her last of day of work would be September 25, 2006 and requested leave for the days of September 26 – 29. Plaintiff later explained to Ms. Lynn that she had started her own private consulting business and was going to focus her efforts on that pursuit. On September 12, 2006, Ms. Lynn, Ms. Cooper and Plaintiff had a meeting to discuss the news that Defendant would be receiving a no-cost extension for the Micro Enterprise Program, but the funding would be less than originally expected. At this meeting Plaintiff indicated that her letter of September 11, 2006 would stand. Ms. Cooper, on the other hand, stated that she wanted to continue with the Program full-time for the remaining six months. Later, Plaintiff inquired about the possibility of working for the Program on a part-time basis – 4 hours per day, 2 days per week. At the time, based on the**

anticipated demands of the Program Defendant did not believe that Plaintiff working part-time was a workable arrangement. Therefore, Ms. Cooper stayed on in a full-time capacity as the sole Micro Enterprise specialist. On September 25, Ms. Cooper submitted her resignation, which was a complete surprise to Defendant, but an event Plaintiff both knew about and anticipated. Despite Plaintiff's knowledge that Defendant now had a vacancy for a full-time Micro Enterprise specialist, Plaintiff <u>never</u> inquired about or expressed any interest in the full-time position. Based on previous conversations with Plaintiff, Defendant was under the distinct impression that Plaintiff was not interested in a full-time position with Defendant because she wanted to focus on her personal consulting business. Had Defendant understood that Plaintiff was interested in a full-time position for the six-month extension period, the position would have gone to Plaintiff.

2. Did the defendant receive a written statement from the plaintiff with the inscription, "I resign?" Yes or No.

**RESPONSE**: See Defendant's response to Interrogatory No. 1.

3. Did the defendant receive a written statement from the plaintiff with the inscription, "I am resigning?" Yes or No.

**RESPONSE**: See Defendant's response to Interrogatory No. 1.

4. Did the defendant receive a written statement from the plaintiff with the inscription, "I am resigning to start my own business?" Yes or No.

**RESPONSE**: See Defendant's response to Interrogatory No. 1.

5. Did the defendant receive a written statement from the plaintiff with the inscription, "I am resigning to start my own consulting business?" Yes or No.

**RESPONSE:  See Defendant's response to Interrogatory No. 1.**

6. Did Debbie Lynn, Administrator, Easter Seals Central Alabama, notify the plaintiff in writing that her position as a micro enterprise specialist and her employment with the defendant would end on September 29, 2006 due to budget cuts from ADECA? Yes or No. If yes, when was the plaintiff notified.

**RESPONSE:  Without waiving its objections, Defendant states that on or about September 18, 2006 Ms. Lynn gave Plaintiff a letter acknowledging that she had received an accepted Plaintiff's resignation.  Plaintiff responded that she could not receive unemployment benefits if the letter reflected that she had resigned.  In effort to assist Plaintiff in any way she could, Ms. Lynn entirely re-wrote the letter with Plaintiff's assistance so that Plaintiff could pursue unemployment benefits if she so chose.**

7. Did Larry F. Lewis, former CEO/Interim Administrator, Easter Seals Central Alabama, notify plaintiff in writing that her position as a micro enterprise specialist and her position with the defendant would end on September 29, 2006 due to budget cuts from ADECA? Yes or No. If yes, when did Mr. Lewis notify plaintiff?

**RESPONSE:  Without waiving its objections, Defendant states that on or about August 15, 2006 Mr. Lewis gave Plaintiff a letter informing her that as of that date, the efforts to extend the Micro Enterprise Program had not been successful and, therefore, the Program would end on September 29, 2006.**

8. Did Debbie Lynn, Administrator, Easter Seals Central Alabama, sign an Involuntary Unemployment Insurance Claim Form for the plaintiff? Yes or No.

**RESPONSE:** Without waiving its objections, Defendant states that at Plaintiff's request, Ms. Lynn signed a claim form for involuntary unemployment insurance completed entirely by Plaintiff.

9. Did Debbie Lynn, Administrator, Easter Seals Central Alabama, offer plaintiff a job after Cassandra Cooper, former micro enterprise specialist, submitted her letter of resignation? Yes or No.

**RESPONSE:** Without waiving its objections, Defendant states that although Plaintiff was aware of the opening for a full-time Micro Enterprise specialist after Ms. Cooper resigned, Plaintiff never inquired about or expressed interest in the full-time position.

10. Did Debbie Lynn, Administrator, Easter Seals Central Alabama, offer plaintiff a job after Cassandra Cooper, former micro enterprise specialist, resigned? Yes or No.

**RESPONSE:** See Defendant's response to Interrogatory 9.

## PRODUCTION OF DOCUMENTS

1. Please provide a copy of a written statement that the plaintiff submitted, which contains the inscription, **"I resign,"** to notify the defendant that she was resigning from her position as a micro enterprise specialist.

**RESPONSE:** Without waiving its objections, Defendant has produced documents provided to Defendant reflecting Plaintiff's written communications with Defendant prior to the end of her employment.

2. Please provide a copy of a written statement that the plaintiff submitted, which contains the inscription, **I am resigning,"** to notify the defendant that she was resigning from her position as a micro enterprise specialist.

**RESPONSE:** See Defendant's response to Request for Production No. 1.

3. Please provide a copy of a written statement that the plaintiff submitted, which contains the inscription, **"I am resigning to start my own business,"** to notify the defendant that she was resigning from her position as a micro enterprise specialist to start her own business.

**RESPONSE:** See Defendant's response to Request for Production No. 1.

4. Please provide a copy of a written statement that the plaintiff submitted, which contains the inscription, **"I am resigning to start my own management consulting business,"** to notify the defendant that she was resigning from her position as a micro enterprise specialist to start her own management consulting business.

**RESPONSE:** See Defendant's response to Request for Production No. 1.

5. Please provide a copy of the defendant's written **Offer of Employment** that was given to the plaintiff after Cassandra Cooper, former micro enterprise specialist, submitted her letter of resignation.

**RESPONSE:** Without waiving its objections, Defendant states that although Plaintiff was aware of the opening for a full-time Micro Enterprise specialist after Ms. Cooper resigned, Plaintiff never inquired about or expressed interest in the full-time position.

6. Please provide a copy of the defendant's written **Offer of Employment** that was given to the plaintiff after Cassandra Cooper, former micro enterprise specialist, resigned.

**RESPONSE:** See Defendant's response to Request for Production No. 5.

SIGNED AS TO INTERROGATORY RESPONSES:

_Debbie Lynn_ (signature)
Debbie Lynn

STATE OF ALABAMA       )
                       )
COUNTY OF MONTGOMERY   )

Debbie Lynn, being first duly sworn on oath, deposes and says that she has read the foregoing responses and that the responses set forth herein, subject to inadvertent or undiscovered errors, are based on and, therefore, necessarily limited by the records, and information still in existence, presently collected and thus far discovered in the course of the preparation of these responses, that she reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available, and that subject to the limitations set forth herein, the said responses are true to the best of her knowledge, information and belief.

Sworn to and subscribed before me on this 29th day of January, 2008

_Mary Ann Raley_ (signature)
Notary Public

My Commission Expires: 09/14/08

/s/ Stephen E. Brown
Stephen E. Brown
Robin A. Adams
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Phone: 205-254-1000
Facsimile: 205-254-1999

*Counsel for Defendant
Easter Seals Central Alabama*

## CERTIFICATE OF SERVICE

This is to certify that I have this day, the 30TH day of January, 2008, served the foregoing pleading by filing with the Court's electronic filing system and by placing the same in the U. S. Mail with sufficient postage attached on:

Emily C. Jackson
605 Wesley Drive
Montgomery, Al. 36111

/s/
OF COUNSEL