IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMILY C. JACKSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07cv315-MEF |
| ) | |
| EASTER SEALS OF ) | |
| CENTRAL ALABAMA, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR INTERROGATORIES AND FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, Emily C. Jackson, the plaintiff in the above-captioned case, and files this response to defendant's objections and responses. The defendant, Debbie Lynn, has provided false, inaccurate, and incomplete statements in her objections and responses to plaintiff's second request for interrogatories and fifth request for production of documents as follows:

### Interrogatories

1. In Interrogatory No. 1, Ms Lynn has intentionally provided false, inaccurate, and incomplete statements about plaintiff's letter dated September 11, 2006. Plaintiff wrote this letter to Ms. Lynn to open communications about her employment status because plaintiff had been given two written notices that, due to budget cuts, the ACE Micro Enterprise Program would be ending on September 29, 2006 and that her position would be ending. In paragraph four of the plaintiff's September 11, 2006 letter, she stated verbatim that **"Since I have not been notified that there are any employment opportunities for me here at Easter Seals, I will need time to transition to a new career."** Thereafter, plaintiff asked to use four days of leave for her remaining time and

stated, **"I have enclosed a leave request slip for four hours of annual leave to cover my time from September 26th through September 29th. Therefore, my employment with Easter Seals will officially end, as noted in the letter that I received."** Plaintiff never stated "since the Micro Enterprise Program had not been granted an extension, she needed time to transition into a new career," as Ms. Lynn responded in the first question of plaintiff's second request for interrogatories. Only after Ms. Lynn asked plaintiff what she was going to do, did plaintiff explain that she had started her own management consulting business. Plaintiff further stated that she still needed to work because the business was new and not up and running at full capacity. That is the reason why the plaintiff asked if she could at least work part-time if there was not enough money to pay her full-time. During the September 12, 2006 meeting that Ms. Lynn, Ms. Cooper, and the plaintiff had, Ms. Lynn provided false and inaccurate information about federal funding of the ACE Micro Enterprise Program. On September 11, 2006, Ms. Lynn was well aware that there was enough funding for two full-time micro enterprise specialists per the email communication between Susan McKim and Tammy Farmer because a copy of the ACE Budget was attached to this email. On September 25, 2006, when Cassandra Cooper submitted her letter of resignation, the plaintiff was off work on annual leave. Although Ms. Cooper mentioned that she was going to resign, plaintiff did not know that she had actually resigned until she picked up her pay check on Friday, September 29, 2006. When plaintiff walked into the Business Office, Eileen Bennett, Easter Seals Administrative Assistant, informed her that Cassandra Cooper had resigned. Immediately, plaintiff asked if the Program was going to continue. Mrs. Bennett told the plaintiff that the program was going to end. During plaintiff's two year employment with

2

the defendant, the plaintiff observed Mrs. Bennett to be a trustworthy person, therefore, she had no reason to question the validity of Mrs. Bennett's statements. The plaintiff trusted and believed what Mrs. Bennett had told her about the Program ending; therefore, she had no reason to ask Ms. Lynn about Cassandra Cooper's resignation or about working in a full-time position as a micro enterprise specialist. Plaintiff was not aware that there was a vacancy until October 2, 2006, when William D. Haynes started working in the Micro Enterprise Program. Furthermore, the plaintiff **never** told Ms. Lynn that she was resigning from her position as a micro enterprise specialist.

2. In Interrogatory No. 2, the plaintiff asked the defendant if she had received a written statement from the plaintiff with the inscription, "I resign." Plaintiff asked defendant this question because there is a clear distinction between voluntary resignation and involuntary termination. The defendant responded by stating, "See Defendant's response to Interrogatory No. 1." As plaintiff stated above, the defendant has intentionally provided false, inaccurate, and incomplete statements. The plaintiff has already filed a copy of her September 11, 2006 Letter in her Motion To Amend Complaint, Exhibit A, which was filed on May 11, 2007. The plaintiff also provided a copy of this letter to defense counsels as part of her 681 pages of documents which she submitted to them during the October 18, 2007 Status Conference addressing plaintiff's motion for court intention.

3. In Interrogatory No. 3, the plaintiff asked the defendant if she had received a written statement from the plaintiff with the inscription, "I am resigning." Plaintiff asked defendant this question because there is a clear distinction between voluntary resignation and involuntary termination. The defendant responded again by stating, "See

3

Defendant's response to Interrogatory No. 1. Plaintiff pleads that by defendant referring to Interrogatory No. 1, defendant is referring to Mrs. Lynn's intentional false, inaccurate, and incomplete statements.

4. In Interrogatory No. 4, the plaintiff asked the defendant if she had received a written statement from the plaintiff with the inscription, "I am resigning to start my own business." Plaintiff asked defendant this question because there is a clear distinction between voluntary resignation and involuntary termination. The defendant responded again by stating, "See Defendant's response to Interrogatory No. 1. Plaintiff pleads that by defendant referring to Interrogatory No. 1, defendant is referring to Mrs. Lynn's intentional false, inaccurate, and incomplete statements.

5. In Interrogatory No. 5, the plaintiff asked the defendant if she had received a written statement from the plaintiff with the inscription, "I am resigning to start my own consulting business. Plaintiff asked defendant this question because there is a clear distinction between voluntary resignation and involuntary termination. The defendant responded again by stating, "See Defendant's response to Interrogatory No. 1. Plaintiff pleads that by defendant referring to Interrogatory No. 1, defendant is referring to Mrs. Lynn's intentional false, inaccurate, and incomplete statements.

6. In Interrogatory No. 6, the plaintiff asked Debbie Lynn if she had notified her about her position ending on September 29, 2006 due to budget cuts from ADECA. Mrs. Lynn, again, has intentionally provided false, inaccurate, and incomplete statements about the events that took place on September 18, 2006. Plaintiff agrees that Mrs. Lynn made the statement that she had received and accepted the plaintiff's resignation, however, immediately after Mrs. Lynn made this statement to the plaintiff, the plaintiff replied, "I

4

did not resign." The plaintiff also emphasized that her letter of September 11, 2006 was not a letter of resignation. When the plaintiff responded, Mrs. Lynn said, "You're Right." Mrs. Lynn then called Eileen Bennett into the office and asked her to rewrite plaintiff's letter of September 18, 2006. Mrs. Lynn also assisted Mrs. Bennett with rewriting plaintiff's letter to ensure that it did not state that the plaintiff had resigned. Also during the September 18, 2006 Staff Meeting, Mrs. Lynn told the Staff that due to budget cuts from ADECA there was only enough money for one full-time micro enterprise specialist, and that Cassandra Cooper would be staying and the plaintiff would be leaving. Ms. Cooper also verified these statements that were made by Mrs. Lynn during her deposition on Tuesday, January 29, 2008. Plaintiff agrees that she told Mrs. Lynn that she had purchased Involuntary Unemployment Insurance Benefits on one of her loans, however, this was not the sole reason why Mrs. Lynn rewrote plaintiff's letter dated September 18, 2006. Mrs. Lynn rewrote plaintiff's letter because the fact is that plaintiff did not resign. Also, if Mrs. Lynn claims that she was assisting the plaintiff in any way she could, she would be providing false information on an employee's personnel records by stating that the plaintiff was terminated due to budget cuts. Additionally, Mrs. Lynn would be assisting the plaintiff with falsely applying for involuntary unemployment insurance benefits. Furthermore, Mrs. Lynn holds an executive office as the Administrator of Easter Seals Central Alabama, and if she had any doubt about whether the plaintiff resigned or not, she should have clarified this with the plaintiff. The truth is that she knew that the plaintiff had not resigned, and that is why she signed the plaintiff's Involuntary Unemployment Insurance Claim Form.

5

7. In Interrogatory No. 7, the plaintiff agrees with the defendant's response that Mr. Lewis gave the plaintiff a letter dated August 15, 2006 informing her that the Micro Enterprise Program would be ending on September 29, 2006.

8. In Interrogatory No. 8, the plaintiff agrees that Mrs. Lynn signed an Involuntary Unemployment Insurance Claim Form. **See Plaintiff's Response to No. 6.**

9. In Interrogatory No. 9, plaintiff disagrees with the defendant's response that she was aware of the opening for a full-time Micro Enterprise Specialist after Ms. Cooper resigned. The plaintiff was not aware that there was an opening until October 2, 2006, when William D. Haynes was hired to work in the Micro Enterprise Program. Also, as plaintiff stated in her response to Interrogatory No. 1, plaintiff believed and trusted Eileen Bennett, Administrative Assistant, when she told her on September 29, 2006 that the Program was going to end. **See Plaintiff's Response to Interrogatory No. 1.**

10. In Interrogatory No. 10, plaintiff asked the defendant if she offered plaintiff a job after Cassandra Cooper resigned. Defendant responds by referring to Interrogatory No. 9 above. **See Plaintiff's Response to Interrogatory No 1 and No. 9.**

### Production Of Documents

1. Plaintiff asked the defendant to produce a copy of a written statement that the plaintiff submitted with the inscriptions, "I resign." Plaintiff asked defendant for this document because it would clarify whether plaintiff resigned or not. Defendant has not produced any such document where the plaintiff stated in writing that she resigned.

2. Plaintiff asked the defendant to produce a copy of a written statement that the plaintiff submitted with the inscriptions, "I am resigning." Plaintiff asked defendant for this

document because it would clarify whether plaintiff resigned or not. Defendant has not produced any such document where the plaintiff stated in writing that she was resigning.

3. Plaintiff asked the defendant to produce a copy of a written statement that the plaintiff submitted with the inscriptions, "I am resigning to start my own business." Plaintiff asked defendant for this document because it would clarify whether plaintiff resigned or not. Defendant has not produced any such document where the plaintiff stated in writing that she was resigning to start her own business.

4. Plaintiff asked the defendant to produce a copy of a written statement that the plaintiff submitted with the inscriptions, "I am resigning to start my own management consulting business." Plaintiff asked defendant for this document because it would clarify whether plaintiff resigned or not. Defendant has not produced any such document where the plaintiff stated in writing that she was resigning to start her own management consulting business.

5. Plaintiff asked the defendant to produce a copy of a written Offer Of Employment that was given to her after Ms. Cooper submitted her letter of resignation. The defendant has not produced any such document verifying an offer of employment because **the defendant never notified the plaintiff that there was a vacancy and the defendant never offered plaintiff a job after Ms. Cooper submitted her letter of resignation.**

6. Plaintiff asked the defendant to produce a copy of a written Offer Of Employment that was given to her after Ms. Cooper resigned. The defendant has not produced any such document verifying an offer of employment because **the defendant never notified the plaintiff that there was a vacancy and the defendant never offered plaintiff a job after Ms. Cooper resigned.**

7

*/s/ Emily C. Jackson*

Emily C. Jackson

605 Wesley Drive

Montgomery, AL 36111

(334) 288-4675

## Certificate of Service

I, Emily C. Jackson, do hereby certify on this 30th day of January 2008 that the pleadings in the foregoing are accurate and true to the best of my abilities, and that I have submitted a copy of this document by the United States Postal Priority Mail to the following:

Robin A. Adams, Esq.
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

Stephen E. Brown, Esq.
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

*/s/ Emily C. Jackson*
Emily C. Jackson, Pro Se

8