IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMILY JACKSON, | ) |
| | ) |
| Plaintiff | ) Civil Action No. 2:07cv315-MEF |
| | ) |
| v. | ) |
| | ) |
| EASTER SEALS CENTRAL ALABAMA, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW Defendant Easter Seals Central Alabama (hereinafter referred to as "Easter Seals" or "Defendant"), and provides the following information in response to Plaintiff's Motion to Compel filed January 30, 2008.

### Responses Regarding Requests for Production:

1. **September 2006 Staff Meeting Attendance Roster and Written Meeting Minutes.** As previously discussed with Plaintiff on multiple occasions, Defendant does not contest that a staff meeting was held on September 18, 2006. Moreover, Defendant has repeatedly agreed to produce a copy of the Attendance Roster and official Meeting Minutes regarding that meeting to the extent such documents can be located. However, as previously explained to Plaintiff in response to her multiple requests, Defendant cannot locate copies of, and therefore cannot produce, said documents.

2. **May 2007 ESCA Board Meeting Attendance Roster and Meeting Minutes.** Plaintiff's employment with Defendant ended on September 29, 2006. The Micro Enterprise Program ended six months later at the end of March 2007. Plaintiff filed this suit against

Defendant on March 30, 2007. Plaintiff's claims of defamation, slander and publication in false light regarding alleged comments made during the May 2007 Easter Seals Board Meeting were dismissed by the Court on August 22, 2007. What was said and who attended the May 2007 Board Meeting (held after Plaintiff filed suit) is completely irrelevant to why Plaintiff did not remain as a full-time employee with the Micro Enterprise Program during its six-month extension. Counsel for Defendant has discussed this Request with Plaintiff on several occasions and, during the last discussion, was assured that Plaintiff was no longer challenging Defendant's objections to this Request.

3. **2007 1099 for William D. Haynes.** In response to Plaintiff's Requests for information regarding 1099s for William D. Haynes, Defendant produced a 2006 1099 for Mr. Haynes' business and explained that it would provide a 2007 1099 for this same entity once it was prepared. Defendant has forwarded this recently prepared document to Plaintiff as supplementation to its previous Responses.

**Responses Regarding Plaintiff's Second Interrogatories and Fifth Request for Production:**

1.(a) As set forth in Defendant's Responses to Plaintiff's Second Interrogatories and Fifth Request for Production, Defendant has produced all non-privileged documents in its possession regarding Plaintiff's separation from employment with Defendant.

1.(b) Since there is no evidence or indication in this case that Defendant "submitted to Plaintiff" a "written offer of employment," Defendant is at a loss as to what Plaintiff is demanding be produced.

**Filing of Specific Objections Only:**

1. Defendant is not entirely clear as to what Plaintiff means by the paragraph under the sub-heading "Filing of Specific Objections Only." Defendant is under the impression based

on the conversations with Plaintiff following the January 14, 2008 hearing and Plaintiff's confirmed receipt of Defendant's Employment Practices Liability Insurance policy, that no remaining issues exist with regard to Plaintiff's request.

Respectfully submitted,

/s/ Robin A. Adams
Stephen E. Brown
Robin A. Adams
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203

*Counsel for Defendant*
*Easter Seals Central Alabama*

## CERTIFICATE OF SERVICE

This is to certify that I have this day, the 8th day of February, 2008, served the foregoing pleading by placing the same in the U. S. Mail with sufficient postage attached on:

Emily Jackson
605 Wesley Drive
Montgomery, Al. 36111

/s/ Robin A. Adams
OF COUNSEL
