IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2008 FEB 11 A 9:39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| EMILY C. JACKSON, | ) |
| Plaintiff | ) |
| v. | ) CIVIL ACTION NO. 2:07cv315-MEF |
| EASTER SEALS OF CENTRAL ALABAMA, | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY
TO PLAINTIFF'S MOTION TO COMPEL**

COMES NOW, Emily C. Jackson, the plaintiff in the above-captioned case and files her response to the defendant's reply to her motion to compel.

1. Plaintiff requested a copy of the **September 2006 Staff Meeting: Attendance Roster and Written Meeting Minutes** because it produces evidence leading to the facts that the plaintiff did not resign and that Debbie Lynn intentionally provided false, inaccurate, and incomplete information to the staff by verbally misrepresenting Federal Grant Funds available between October 1, 2006 through March 31, 2007 for the salaries of two full-time micro enterprise specialists. Also, defendant has admitted that a staff meeting was held on September 18, 2006 and defendant can reproduce minutes from this meeting because there is <u>an audio tape of each staff meeting, including the September 18, 2006 Staff Meeting, which can be transcribed in the event that the written minutes are destroyed or misplaced.</u>

2. Plaintiff requested a copy of the **May 2007 ESCA Board Meeting: Attendance Roster And Written Meeting Minutes** because it produces evidence leading to the facts in her separation/termination which was discussed in detail at this Board Meeting. Also, board members asked specific questions about the plaintiff's separation and responses were provided to them. The defendant is refusing to produce these documents by making reference to the plaintiff's previous claims of defamation, slander and publication in a false light. Plaintiff is fully aware that these charges were dismissed. However, the plaintiff's separation/termination was discussed in detail, and the plaintiff is requesting a copy of the minutes and the attendance roster for the defendant's May 2007 Easter Seals Board Meeting.

3. Plaintiff requested that the defendant file its <u>Specific Objections</u> with the Court because it had omitted this document/page from its January 10, 2008 Court filing. Although defense counsel later mailed the defendant's insurance policy along with its specific objections, they never filed the specific objections with the Court. Since defense counsel stated that "defendant is not entirely clear as to what Plaintiff means by the paragraph under the sub-heading 'Filing Specific Objections Only,' " the plaintiff has filed the missing document for them, which they sub-titled as **"II. SPECIFIC OBJECTIONS AND RESPONSES."** Had this document been filed with defendant's General Objections on January 10, 2008, the plaintiff never would have

told the Magistrate Judge, during the January 14, 2008 Argument, that the defendant objected to her request for its insurance policy.

*Emily C. Jackson*

Emily C. Jackson, Pro Se

Enclosure

3

Emily C. Jackson

605 Wesley Drive

Montgomery, AL 36111

(334) 288-4675

## **Certificate of Service**

I, Emily C. Jackson, do hereby certify on this 11<u>th</u> day of February 2008 that the pleadings in the foregoing are accurate and true to the best of my abilities, and that I have submitted a copy of this document by the United States Postal Service Regular Mail to the following:

Robin A. Adams, Esq.
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

Stephen E. Brown, Esq.
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

*Emily C. Jackson*
Emily C. Jackson, Pro Se

11.  Formal discovery is not completed in this action. Therefore, Defendant specifically reserves the right to supplement its answers and responses to Plaintiff's discovery requests upon the completion of discovery.

## II. SPECIFIC OBJECTIONS AND RESPONSES

Without waiving its General Objections and specifically asserting each General Objection as to each and every discovery request propounded to it by Plaintiff, Defendant provides the following objections to the individually numbered requests for production as follows:

**REQUEST NO. 1:** Request for production of Defendant's Employment Practices Liability Insurance Policy from the National Union Fire Insurance Company of Pittsburgh, PA, which was filed as Defendant's Initial Disclosures and was served to Plaintiff on June 29, 2007.

**RESPONSE: Without waiving its objections, Defendant will produce a copy of the relevant parts of its Not-for-Profit Individual and Organization Insurance Policy including Employment Practices Liability Insurance.**

*/s/ Robin Adams*
Stephen E. Brown
Robin A. Adams
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Phone: 205-254-1000
Facsimile: 205-254-1999

*Counsel for Defendant*
*Easter Seals Central Alabama*