IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMILY C. JACKSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07cv315-MEF |
| | ) |
| EASTER SEALS OF | ) |
| CENTRAL ALABAMA, | ) |
| | ) |
| Defendant. | ) |

**SUPPLEMENT TO MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Emily C. Jackson, the plaintiff, in the above-captioned case, and files a supplement to her motion for a summary judgment in her disparate treatment and wrongful termination claims against the defendant, Easter Seals Central Alabama, based on race and gender discrimination. The plaintiff is filing additional evidence and explanations to support her claim of disparate treatment by showing how the defendant treated her differently than William D. Haynes.

<u>Disparate Treatment: Differences In Treatment Between Haynes And Plaintiff</u>

1. **The defendant offered Mr. Haynes an independent contract for its Micro Enterprise Program, but did not offer the plaintiff this opportunity.**

   <u>*Haynes:*</u> Defendant offered an independent contract to Mr. Haynes from October 1, 2006 through March 29, 2007 after defendant received notification by email on August 31, 2006 that the ACE Grant for the Micro Enterprise Program had been approved for a six-month extension. **See Plaintiff's Exhibits No. 1 and No. 2.**

*Plaintiff:* Defendant did not offer plaintiff an independent contract after being notified that the ACE Grant extension for the Micro Enterprise Program had been approved. Therefore, no written offer of employment or independent contract exists for the plaintiff.

2. **The defendant paid Mr. Haynes a higher salary than the plaintiff for doing the same duties and responsibilities as a micro enterprise specialist.**

   *Mr. Haynes:* Defendant compensated Mr. Haynes at a starting pay rate of $40.00 per hour and an ending pay rate of $40.00 per hour for performing the same job duties and responsibilities as the plaintiff. **See Plaintiff's Exhibits No. 1, No. 3, and No. 4.**

   *Plaintiff:* Defendant compensated the plaintiff at a starting pay rate of $14.42 per hour ($1,153.85 bi-weekly) and an ending pay rate of $14.78 per hour ($1,182.69 bi-weekly) for performing the same job duties and responsibilities as Mr. Haynes. **See Plaintiff's Exhibits No. 5 and No. 6.**

3. **Defendant intentionally sought and hired Mr. Haynes, who lives approximately 200 miles from Easter Seals Central Alabama, and intentionally terminated plaintiff, who lives approximately 2.62 miles from its office. As result, defendant incurred additional travel expenses for Mr. Haynes that it would not have incurred had it retained the plaintiff.**

   *Mr. Haynes:* Mr. Haynes lives approximately 200 miles (2 hours, 16 minutes traveling time) roundtrip, from his home to Easter Seals Central Alabama. Defendant incurred higher travel expenses and paid him to travel 200 miles roundtrip, at least during the first month that he worked under his contract dated

2

October 1, 2006.  **See Plaintiff's Exhibits No. 7 and No. 8.**

*<u>Plaintiff:</u>* Plaintiff lives approximately 2.62 miles (8 minutes traveling time) roundtrip, from her home to Easter Seals Central Alabama. Defendant would not have incurred any travel expenses, but would have eliminated this expense by retaining her in her position as a micro enterprise specialist. **See Plaintiff's Exhibit No. 9.**

4. **Defendant allowed Mr. Haynes to work part-time and denied the plaintiff's request to work part-time.**

*<u>Mr. Haynes:</u>* Defendant allowed Mr. Haynes to work part-time, two days a week, on Mondays and Tuesdays, approximately 5 hrs each day. **See Plaintiff's Exhibits No. 1, No. 3, and No. 4.**

*<u>Plaintiff:</u>* Defendant had a different response to plaintiff when she asked to work part-time. Due to the uncertainty of the plaintiff's employment, and due to Easter Seals Cafeteria, TRACKS Program, and Physical Therapy Program closings between 2004 and 2006, the plaintiff began working on her own management consulting business. As a result, during the September 12, 2006 meeting with Debbie Lynn, Cassandra Cooper, and the plaintiff, <u>when Mrs. Lynn stated that there was a problem funding the full-time micro enterprise specialist's positions and when she asked the plaintiff what she was going to do</u>, the plaintiff informed Mrs. Lynn that she had started her own management consulting business, which was a home-based business. However, she stated that she still needed to work because the business was new and not running at full capacity. Therefore, she asked Mrs. Lynn if she could at least work part-time if there was enough money

3

to pay her full-time. The <u>plaintiff never stated that she was resigning to focus her efforts on her business</u>. During the September 18, 2006 meeting between the plaintiff and Mrs. Lynn, the defendant told the plaintiff that the Grant did not allow for part-time work. Then, on January 30, 2008, when defendant replied to Plaintiff's Second Request For Interrogatories, she responded, **"At the time, based on the anticipated demands of the Program Defendant did not believe that Plaintiff working part-time was a workable arrangement."** Mrs. Lynn's responses on September 12, 2006, September 18, 2006, and January 30, 2008 are all inconsistent with the September 11, 2006 email message and budget between Susan McKim and Tammy Farmer which shows a salary expense of $31,720.56 for 2 Micro Enterprise Specialists from October 1, 2006 through March 31, 2007. Not only did the defendant have enough money to pay one full-time micro enterprise specialist's salary, but it also had enough money to pay two full-time micro enterprise specialist's salaries. Additionally, during the March/April 2006 meeting, the defendant's managers, Larry F. Lewis and Susan McKim made a promise to the plaintiff that she would have a job if their request for a "no cost extension" was approved. Therefore, the plaintiff believed that she would have a job if the Program was extended, and since the Program was extended through March 31, 2007, the remaining amount of the plaintiff's salary (50% of $31,720.56 or $15, 360.28) was available. **See Plaintiff's Exhibits No. 10, No. 11, No. 12, and No. 13.**

Accordingly, plaintiff pleads to the court to allow her to file a supplement to her motion for a summary judgment in her disparate treatment and wrongful termination

claims against the defendant, Easter Seals Central Alabama, based on race and gender. On the matter of disparate treatment, the plaintiff supports her claim by showing the differences that the defendant made between her and William D. Haynes as follows:

i. Defendant offered an independent contract to Mr. Haynes and did not offer this opportunity to the plaintiff.

ii. Defendant paid Mr. Haynes a higher salary per hour than it paid the plaintiff. Specifically, a salary of $40.00 per hour was paid to Mr. Haynes and a salary of $14.42 to $14.78 per hour was paid to the plaintiff for doing the same job as a micro enterprise specialist.

iii. Defendant intentionally sought and hired Mr. Haynes, who lives approximately 200 miles (2 hours, 16 minutes traveling time) roundtrip from his home to Easter Seals Central Alabama, while defendant intentionally terminated plaintiff, who lives approximately 2.62 miles (8 minutes traveling time) roundtrip from her home to defendant's office.

iv. Defendant offered Mr. Haynes part-time work, two days a week, Mondays and Tuesday, approximately 5 hours each day. However, defendant denied plaintiff part-time work by telling her that the Grant didn't allow for part-time work and by telling her that, due to the demands of the Program, defendant didn't believe that it was a workable arrangement.

Based on the foregoing evidence and responses describing the differences that the defendant made between the plaintiff, a Black, African-American, female, and William D. Haynes, a White, Caucasian, male, she pleads that these differences be admitted as evidence in support of her disparate impact claim against the defendant. As a result, the

5

plaintiff files a supplement to her motion for a summary judgment in order to admit this evidence as her burden of proof in her claim of disparate treatment against defendant, Easter Seals Central Alabama, based on race and gender discrimination.

*Emily C. Jackson*
Emily C. Jackson, Pro Se

Emily C. Jackson

605 Wesley Drive

Montgomery, AL 36111

(334) 288-4675

## Certification of Service

I, Emily C. Jackson, do hereby certify on this <u>29</u> day of February 2008 that the information contained in the foregoing is accurate and true to the best of my abilities, and that I have submitted a copy of this document by the United States Postal Service Priority Mail to the following:

Robin A. Adams, Esq.
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

Stephen E. Brown, Esq.
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

*Emily C. Jackson*
Emily C. Jackson, Pro Se

PERSONAL SERVICES AGREEMENT
BETWEEN
EASTER SEALS CENTRAL ALABAMA
AND
WILLIAM D. HAYNES


PLAINTIFF'S EXHIBIT 1

This agreement entered into on October 1, 2006 between Easter Seals Central Alabama, a 501(c)(3) not for profit organization and William D. Haynes, has the following stipulations.

In conjunction with the Alabama Customized Employment Grant, Mr. William D. Haynes, a qualified person to provide microenterprise consultation and training, will perform the following activities:
- Conduct a series of seminars and work sessions as needed between October 1, 2006 and March 29, 2007 that will include:
    1. Presentation of core business principles
    2. Research and analysis (concepts, marketing, competition)
    3. Program participant presentation and communication practices
    4. Assisting in development and completion of participants' individual business plans
- Prepare a minimum of four program participants to present their finished business plan to the Easter Seals Central Alabama Advisory Board
- Prepare a case file for each participant with progress notes in support of the project goals of ACE.
- Provide program information as required by the project independent evaluator.
- Prepare a written report outlining accomplishments of the program during the six month time frame of this contract.

Easter Seals Central Alabama, having been charged by the Alabama Department of Economic and Community Affairs with the responsibility to carry out the objectives of the Microenterprise component of the Alabama Customized Employment Grant, will, in consideration of the above outline activities, pay the contractor $40.00 per hour up to but not exceeding 650 hours. This agreement will not exceed $26,000. It is understood that the contractor is not entitled to any Easter Seals Central Alabama employee benefits. This agreement will end March 29, 2007.

This agreement may be terminated by either party with reasonable time notice with our without cause.

_Debbie Lynn_            _William D. Haynes_
Debbie Lynn            William D. Haynes

10/1/06            10/01/2006
Date            Date

EXHIBIT-1

Jackson/ESCA
0001

**Susan McKim**

**From:** Farmer, Tammy [Tammy.Farmer@adeca.alabama.gov]
**Sent:** Thursday, August 31, 2006 8:29 AM
**To:** Susan McKim; dmurray@JCCD.ORG
**Cc:** Walkley, Steve; Hollingsworth, Ken; Lollar, Jimmy
**Subject:** ACE Extension



PLAINTIFF'S EXHIBIT 2

Good Morning,

Good news!!! I received word this morning from Bill Hornsby that we have been approved for the 6 month extension for the ACE grant. This will extend the ending date through March 29, 2007. Please prepare your new budgets and get them to me as soon as possible so that we can modify your current contracts. If you have any questions, please let me know.

Thanks,
Tammy

Jackson/ESCA
0028

**HMS Co**
*Professional Business Services*
William D. Haynes dba HMS Co      Fed Tax #

Munford, Alabama 36268

Phone: (256) -         efax: (425) -
email:

**Bill To:**
Easter Seals Central Alabama
2125 East south Boulevard
Montgomery, Alabama 36116
Phone: (334) - 288 - 0240

# INVOICE

DATE:    November 3, 2006

Invoice No.    63061

For:    Micro Enterprise

**PLAINTIFF'S EXHIBIT 3**

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| Oct/10/2006 | Attended meeting with ESCA and ADRS counselors | 2 | $ 40.00 | $ 80.00 |
| Oct 11-13 | Attended Workforce Development Conference Birmingham | 14 | $ 40.00 | 560.00 |
| Oct 16,17 | Worked ESCA Microenterprise, Montgomery | 10 | $ 40.00 | 400.00 |
| Oct 23,24 | Worked ESCA Microenterprise, Montgomery | 10 | $ 40.00 | 400.00 |
| Oct 30,31 | Worked ESCA Microenterprise, Montgomery | 10 | $ 40.00 | 400.00 |
|  | Total Fees | 46 |  |  |
|  | Travel Reimbursement    (Attached Expense Report) |  |  | 645.75 |

$ 2,485.75

Total

*Thank you for your business*

William D. Haynes
11/06/06

pc: William A. Menchem CPA

Jackson/ESCA
0048

# H M S Co

*Professional Business Development Services*

William D. Haynes, dba HMS    Fed. Tax #

Munford, AL 36268-
Phone:(256)        efax 425-
Email:

**Bill To:**

Easter Seals Central Alabama
2125 East South Boulevard
Montgomery, AL 36116
Phone: (334) 288-0240

# INVOICE

DATE:         March 31, 2007
INVOICE #     7091
FOR:
Micro enterprise Business Planning


PLAINTIFF'S EXHIBIT
4

| DESCRIPTION | | | | AMOUNT |
|---|---|---|---|---|
| Assistance, advice and teaching and business planning to ADRS consumer clients | | | | |
| Weeks of: | Hours | Rate | | |
| February 4-10 | 12.00 | $40.00 | | 480.00 |
| February 11-17 | 21.50 | $40.00 | | 860.00 |
| February 18-24 | 10.00 | $40.00 | | 400.00 |
| February 25 - Mar. 3 | 7.00 | $40.00 | | 280.00 |
| March 4 - 10 | 18.00 | $40.00 | | 720.00 |
| March 11 - 17 | 16.50 | $40.00 | | 660.00 |
| March 18 - 24 | 19.50 | $40.00 | | 780.00 |
| March 25 - 31 | 27.50 | $40.00 | | 1,100.00 |
| Total | 132 Hours | | | |

Worked with the following participants:

Mr.              , Total 5 hours including visit in Montgomery and by telephone
Mr.              1 hour or less by telephone
Mrs.             8 hours reviewing business plan and preparing written evaluation
Mr.              1 hour or less by telephone and two hours reviewing equipment lists
Mrs.             At least 117 hours over the last two months. Met with her once in
       Worked the remainder on her business plan via phone and internet.

|  | TOTAL | $ | 5,280.00 |
|---|---|---|---|

If you have any questions concerning this invoice, please contact:
Bill Haynes, 256

Thank You For Your Business

Less $225.00 previously overpaid

DWJ

Jackson/ESCA
0059

| EASTER SEALS / CENTRAL ALABAMA | | | | | | | 013132 |
|---|---|---|---|---|---|---|---|
| ---EMPLOYEE--- | | | SOCIAL SEC NO | PAY RATE | PERIOD END | CHECK NO. | |
| Jackson,E | | | | 1153.850 SB | 09/27/04 | 013132 | |
| EARNINGS | HOURS | AMOUNT | YTD | DEDUCTION | AMOUNT | YTD | |
| Regular | | 1,153.85 | 1,153.85 | Federal W/H | 119.78 | 119.78 | |
| | | | | FICA | 68.82 | 68.82 | |
| | | | | MEDICARE | 16.10 | 16.10 | |
| | | | | AL State W/H | 43.55 | 43.55 | |
| | | | | Medical Ins. | 43.80 | 43.80 | |
| | | | | Retirement | 62.50 | 62.50 | |
| | | | | United Way | 12.50 | 12.50 | |
| GROSS EARNINGS: | | 1,153.85 | 1,153.85 | TOTAL DEDUCT: | 367.05 | 367.05 | |
| NET EARNINGS: | | 786.80 | | | | | |



PLAINTIFF'S EXHIBIT 5

EASTER SEALS / CENTRAL ALABAMA

| EMPLOYEE | SOCIAL SEC. NO. | PAY RATE | PERIOD END | CHECK NO. 21313 |
|---|---|---|---|---|
| Jackson, E | | 1,182.690 SB | 9/25/2006 | 021313 |

| EARNINGS | HOURS | AMOUNT | YTD | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|
| Regular | | 887.04 | 20,294.64 | Federal W/H | 148.56 | 2,668.77 |
| Vacation | | 118.27 | 783.53 | FICA | 73.33 | 1,385.94 |
| Sick | | 177.40 | 1,275.09 | Medicare | 17.15 | 324.12 |
| | | | | AL State W/H | 45.75 | 865.03 |
| | | | | Christmas Clb | 50.00 | 1,000.00 |
| | | | | Courtesy Club | 12.00 | 24.00 |
| | | | | Retirement | 0.00 | 1,145.28 |
| | | | | United Way | 0.00 | 230.58 |

GROSS EARNINGS:   1,182.71   22,353.26         TOTAL DEDUCT:   346.79   7,643.72
NET EARNINGS:      835.92

EASTER SEALS / CENTRAL ALABAMA

| EMPLOYEE | SOCIAL SEC. NO. | PAY RATE | PERIOD END | CHECK NO. 21452 |
|---|---|---|---|---|
| Jackson, E | | 1,182.690 SB | 10/9/2006 | 021452 |

| EARNINGS | HOURS | AMOUNT | YTD | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|
| Regular | | 0.00 | 20,294.64 | Federal W/H | 34.35 | 2,703.12 |
| Vacation | | 421.33 | 1,204.86 | FICA | 26.12 | 1,412.06 |
| Sick | | 0.00 | 1,275.09 | Medicare | 6.11 | 330.23 |
| | | | | AL State W/H | 13.39 | 878.42 |
| | | | | Christmas Clb | 0.00 | 1,000.00 |
| | | | | Courtesy Club | 0.00 | 24.00 |
| | | | | Retirement | 0.00 | 1,145.28 |
| | | | | United Way | 0.00 | 230.58 |

GROSS EARNINGS:   421.33   22,774.59         TOTAL DEDUCT:   79.97   7,723.69
NET EARNINGS:     341.36

PLAINTIFF'S EXHIBIT

PENGAD 800-631-6989

**Sorry!** When printing directly from the browser your map may be incorrectly cropped. To print the entire map, try clicking the **"Printer-Friendly"** link at the top of your results page.





PLAINTIFF'S EXHIBIT 7

| START | | END | 2125 E South Blvd |
|---|---|---|---|
| | Munford, AL 36268- , US | | Montgomery, AL 36116-2409, US |

**Total Est. Time:** 2 hours, 16 minutes

**Total Est. Distance:** 143.44 miles

| Maneuvers | | Distance |
|---|---|---|
| 1: | Start out going WEST on I / toward EASTABOGA RD / CR-5. | 0.1 miles |
| 2: | Turn RIGHT onto EASTABOGA RD / CR-5. | 6.4 miles |
| 3: | Turn RIGHT onto JOHN N WILLIS AVE / CR-5. | 0.3 miles |
| 4: | Merge onto I-20 W via the ramp on the LEFT. | 36.3 miles |
| 5: | Merge onto I-459 S via EXIT 136 toward MONTGOMERY / TUSCALOOSA. | 14.0 miles |
| 6: | Merge onto I-65 S via EXIT 15 toward MONTGOMERY. | 82.3 miles |
| 7: | Take the US-80 E / US-82 exit- EXIT 168- toward US-231 / SOUTH BOULEVARD / US-331. | 0.2 miles |
| 8: | Turn LEFT onto US-80 E / US-82 E / W SOUTH BLVD / AL-21 N / AL-6 S / AL-8 E. | 3.4 miles |
| 9: | Turn LEFT onto MORROW DR. | <0.1 miles |
| 10: | Turn RIGHT onto E SOUTH BLVD. | <0.1 miles |
| 11: | End at **2125 E South Blvd** Montgomery, AL 36116-2409, US | |

**Total Est. Time:** 2 hours, 16 minutes      **Total Est. Distance:** 143.44 miles

# Travel Expense Report

Name: William D. Haynes dba HMS Co
Department: Micro Enterprise
Period: 10/10/2006-10/31/2006
Per Mile Reimbursement: 0.25 .375
Total Reimbursement Due: $520.70

Submitted: 11/06/06
Authorized by: _____

| Date | Description of Expense | Airfare | Lodging | Ground Transportation (Bus, Rental Car, Taxi) | Meals & Tips | Conferences and Seminars | Mileage (Personal Car Only) | Parking | Parking | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/10/2006 | Travel round trip my home to Easter Seals Central Alabama | | | | | | 200  75.00 $32.00 | | | $32.00 |
| 10/11/2006 | Travel round trip my home to Birmingham BJCC for WD Conf | | | | | Paid by ESCA | 90  33.75 $22.50 | $7.00 | | $29.50 |
| 10/12/2006 | Travel round trip my home to Birmingham BJCC for WD Conf | | | | | | 90  33.75 $22.50 | $7.00 | | $29.50 |
| 10/13/2006 | Travel round trip my home to Birmingham BJCC for WD Conf | | | | | | 90  33.75 $22.50 | $5.50 | | $28.00 |
| 10/16/2006 | Travel round trip my home to Easter Seals Central Alabama | | | | | | 200  75.00 $32.00 | | | $32.00 |
| 10/17/2006 | Travel round trip my home to Easter Seals Central Alabama | | | | | | 200  75.00 $32.00 | | | $32.00 |
| 10/23/2006 | Travel round trip my home to Easter Seals Central Alabama | | | | | | 200  75.00 $32.00 | | | $32.00 |
| 10/24/2006 | Travel round trip my home to Easter Seals Central Alabama | | | | | | 200  75.00 $32.00 | | | $32.00 |
| 10/30/2006 | Travel round trip my home to Easter Seals Central Alabama | | | | | | 200  75.00 $32.00 | | | $32.00 |
| 10/31/2006 | Travel round trip my home to Easter Seals Central Alabama | | | | | | 200  75.00 $32.00 | | | $32.00 |
| | | | | | | | Total Mileage Reimbursement: | | Total Reimbursement: | $520.70 |

Submitted By: William D. Haynes   Date: 11/06/06

Fed Tax

626.25        645.75

PLAINTIFF'S EXHIBIT 8

Jackson/ESCA
0053

 **Sorry!** When printing directly from the browser your map may be incorrectly cropped. To print the entire map, try clicking the **"Printer-Friendly"** link at the top of your results page.



An AOL Company

**PLAINTIFF'S EXHIBIT**
9



| | | |
|---|---|---|
| **START** 605 Wesley Dr<br>Montgomery, AL 36111-2519, US | **END** 2125 E South Blvd<br>Montgomery, AL 36116-2409, US | |

**Total Est. Time:** 4 minutes     **Total Est. Distance:** 1.31 miles



| Maneuvers | Distance |
|---|---|
| **START**   1: Start out going EAST on WESLEY DR toward ALAMO DR. | 0.2 miles |
| ➡   2: Turn RIGHT onto PHILPOT LN. | <0.1 miles |
| ⬅   3: Turn LEFT onto E SOUTH BLVD. | 1.0 miles |
| **END**   4: End at **2125 E South Blvd**<br>Montgomery, AL 36116-2409, US | |

**Total Est. Time:** 4 minutes     **Total Est. Distance:** 1.31 miles

http://www.mapquest.com/directions/main.adp?go=1&do=nw&rmm=1&un=m&cl=EN&q...    2/28/2008

# Farmer, Tammy



PLAINTIFF'S EXHIBIT 10

**From:** Susan McKim [smckim@eastersealsca.org]
**Sent:** Monday, September 11, 2006 9:06 AM
**To:** Farmer, Tammy
**Subject:** ACE budget

**Attachments:** 2006-2007 6 month ACE budget.xls

2006-2007 6 month ACE budget.x...

Tammy,

In looking over this budget, we realized that some health insurance costs had been included by mistake. So, I have made the changes and it reduces the overall budget by a small amount. I hope this does not mess anything up for you.

Susan

EXHIBIT - 3

1

Customized Employment Budget
Subrecipient's Name/Address:

Agreement/Project No.:
Modification No.:
Federal ID No:
Contact Person: Susan McKim
Telephone No.: 334-288-0240
Agreement Period: 09/39/2006-03/31/2007
Date:
County Code(s) for this activity  101
House District(s) for this activity  73
Senate District(s) for this activity  25

**PLAINTIFF'S EXHIBIT 11**

| B. | Program Costs (Items 1-14) | AMOUNT APPROVED | INCREASE | DECREASE | REVISED AMOUNT |
|---|---|---|---|---|---|
| B.1. | Staff Salaries (Itemize/Show %) | | | | |
| | Microenterprise Spec(2) | 31,720.56 | | | 31,720.56 |
| | Program Support Personel | 7,599.19 | | | 7,599.19 |
| | (See Breakdown) | | | | |
| | TOTAL SALARIES: | $ 39,319.75 | $ - | $ - | 39,319.75 |
| B.2. | Total Staff Fringe Benefits | $ 11,759.14 | $ | $ | 11,759.14 |
| B.3. | Staff Travel (Itemize on backup) | | | | |
| | In-State | 3,500.00 | - | | 3,500.00 |
| | Out-of-State | | - | | |
| | TOTAL TRAVEL | $ 3,500.00 | $ - | $ - | 3,500.00 |
| B.4. | Facilities (include rent, utilities, maint. for rental space and show cost per square ft. on backup) | $ 6,588.75 | $ | $ | 6,588.75 |
| B.5. | Communications (telephone, internet, etc.) | $ 1,750.00 | $ | $ | 1,750.00 |
| B.6. | Office Supplies (include postage, software, desktop supplies, etc.) | $ 4,300.00 | $ - | $ | 4,300.00 |
| B.7. | Books & Training/Teaching Aids | $ 1,500.00 | $ - | $ | 1,500.00 |
| B.8. | Equipment (Itemize on backup) | $ | $ - | $ | |
| B.9. | Other: Specify | $ | $ | $ | - |
| | Copier Service, Lease, Connection & Repairs | 2,000.00 | | | 2,000.00 |
| | Audit(Yellow Book and Single) | 3,385.18 | - | | 3,385.18 |
| | Evaluations | 7,500.00 | | | 7,500.00 |

WDD 6/00

EXHIBIT-3X

11. Formal discovery is not completed in this action. Therefore, Defendant specifically reserves the right to supplement its answers and responses to Plaintiff's discovery requests upon the completion of discovery.

## II. SPECIFIC OBJECTIONS AND RESPONSES

PLAINTIFF'S EXHIBIT 12

Without waiving its General Objections and specifically asserting each General Objection as to each and every discovery request propounded to it by Plaintiff, Defendant provides the following objections to the individually numbered requests for production as follows:

### INTERROGATORIES

1. Did plaintiff resign from her position as a micro enterprise specialist during her employment with the defendant, Easter Seals Central Alabama? Yes or No. If yes, please explain how, when, and where plaintiff resigned.

**RESPONSE:** Without waiving its objections, Defendant states that on September 11, 2006 Plaintiff submitted a letter to Ms. Lynn stating that since the Micro Enterprise Program had not been granted an extension, she needed time to transition into a new career. Therefore, she noted that her last of day of work would be September 25, 2006 and requested leave for the days of September 26 – 29. Plaintiff later explained to Ms. Lynn that she had started her own private consulting business and was going to focus her efforts on that pursuit. On September 12, 2006, Ms. Lynn, Ms. Cooper and Plaintiff had a meeting to discuss the news that Defendant would be receiving a no-cost extension for the Micro Enterprise Program, but the funding would be less than originally expected. At this meeting Plaintiff indicated that her letter of September 11, 2006 would stand. Ms. Cooper, on the other hand, stated that she wanted to continue with the Program full-time for the remaining six months. Later, Plaintiff inquired about the possibility of working for the Program on a part-time basis – 4 hours per day, 2 days per week. At the time, based on the

anticipated demands of the Program Defendant did not believe that Plaintiff working part-time was a workable arrangement. Therefore, Ms. Cooper stayed on in a full-time capacity as the sole Micro Enterprise specialist. On September 25, Ms. Cooper submitted her resignation, which was a complete surprise to Defendant, but an event Plaintiff both knew about and anticipated. Despite Plaintiff's knowledge that Defendant now had a vacancy for a full-time Micro Enterprise specialist, Plaintiff never inquired about or expressed any interest in the full-time position. Based on previous conversations with Plaintiff, Defendant was under the distinct impression that Plaintiff was not interested in a full-time position with Defendant because she wanted to focus on her personal consulting business. Had Defendant understood that Plaintiff was interested in a full-time position for the six-month extension period, the position would have gone to Plaintiff.

PLAINTIFF'S EXHIBIT 13

2. Did the defendant receive a written statement from the plaintiff with the inscription, "I resign?" Yes or No.

**RESPONSE:** See Defendant's response to Interrogatory No. 1.

3. Did the defendant receive a written statement from the plaintiff with the inscription, "I am resigning?" Yes or No.

**RESPONSE:** See Defendant's response to Interrogatory No. 1.

4. Did the defendant receive a written statement from the plaintiff with the inscription, "I am resigning to start my own business?" Yes or No.

**RESPONSE:** See Defendant's response to Interrogatory No. 1.