IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMILY C. JACKSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:07cv315-MEF |
| | ) |
| EASTER SEALS OF | ) |
| CENTRAL ALABAMA, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

The plaintiff filed a motion for summary judgment on February 28, 2008, and a supplement thereto on February 29, 2008. (Doc. Nos. 84 & 85.) On February 29, 2008, the defendant filed a motion for summary judgment. (Doc. No. 86.) Accordingly, it is

ORDERED that the cross-motions for summary judgment are to be submitted on the motions, the pleadings, and any documents or other evidence the parties seeking summary judgment have already filed or which the opposing party may wish to file in response on or before March 19, 2008.[1] Any documents or evidence filed after this date will not be considered by the court except in exceptional circumstances.

In responding to a motion for summary judgment, the parties should make specific reference to the following provisions of Rule 56(e), <u>Federal Rules of Civil Procedure</u>:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise

---

[1] This submission is without oral argument. Should the court determine that oral argument is necessary, a hearing date will be scheduled later.

provided for in this rule, must set forth specific facts showing that there is a genuine issue for trial.

A party opposing a motion for summary judgment cannot rely only on the unsworn pleadings but must oppose the motion by filing sworn affidavits that set forth specific facts which demonstrate that there is a genuine issue of material fact for trial in this case.[2] Failure to file sworn affidavits may result in this court accepting the moving party's evidence as the truth.[3]  If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

Failure to follow the requirements of Rule 56 regarding the proper way to oppose a motion for summary judgment may result in an order granting the motion and entry of final judgment  in favor of the moving party without further proceedings.

Done this 4th day of March, 2008.

                    /s/Charles S. Coody
                CHARLES S. COODY
                CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer.  The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

[3] If the party opposing the motion is unable to present, by affidavit, facts essential to justify his opposition, then he must file a sworn statement as to why he is unable to do so.

2