IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMILY C. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07cv315-MEF |
| ) | |
| EASTER SEALS OF ) | |
| CENTRAL ALABAMA, ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENT TO MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Emily C. Jackson, the plaintiff, in the above-captioned case, and files a supplement to her motion for a summary judgment in her disparate treatment and wrongful termination claims against the defendant, Easter Seals Central Alabama, based on race and gender discrimination. The plaintiff is filing additional evidence and explanations to support her claim of disparate treatment by showing how the defendant treated her differently than William D. Haynes.

**Disparate Treatment: Differences In Treatment Between Haynes And Plaintiff**

1. **The defendant offered Mr. Haynes an independent contract for its Micro Enterprise Program, but did not offer the plaintiff this opportunity.**

    *Haynes:* Defendant offered an independent contract to Mr. Haynes from October 1, 2006 through March 29, 2007 after defendant received notification by email on August 31, 2006 that the ACE Grant for the Micro Enterprise Program had been approved for a six-month extension. **See Plaintiff's Exhibits No. 1 and No. 2.**

*Plaintiff:* Defendant did not offer plaintiff an independent contract after being notified that the ACE Grant extension for the Micro Enterprise Program had been approved. Therefore, no written offer of employment or independent contract exists for the plaintiff.

2. **The defendant paid Mr. Haynes a higher salary than the plaintiff for doing the same duties and responsibilities as a micro enterprise specialist.**

   *Mr. Haynes:* Defendant compensated Mr. Haynes at a starting pay rate of $40.00 per hour and an ending pay rate of $40.00 per hour for performing the same job duties and responsibilities as the plaintiff. **See Plaintiff's Exhibits No. 1, No. 3, and No. 4.**

   *Plaintiff:* Defendant compensated the plaintiff at a starting pay rate of $14.42 per hour ($1,153.85 bi-weekly) and an ending pay rate of $14.78 per hour ($1,182.69 bi-weekly) for performing the same job duties and responsibilities as Mr. Haynes. **See Plaintiff's Exhibits No. 5 and No. 6.**

3. **Defendant intentionally sought and hired Mr. Haynes, who lives approximately 200 miles from Easter Seals Central Alabama, and intentionally terminated plaintiff, who lives approximately 2.62 miles from its office. As result, defendant incurred additional travel expenses for Mr. Haynes that it would not have incurred had it retained the plaintiff.**

   *Mr. Haynes:* Mr. Haynes lives approximately 200 miles (2 hours, 16 minutes traveling time) roundtrip, from his home to Easter Seals Central Alabama. Defendant incurred higher travel expenses and paid him to travel 200 miles roundtrip, at least during the first month that he worked under his contract dated

October 1, 2006.  **See Plaintiff's Exhibits No. 7 and No. 8.**

*Plaintiff:* Plaintiff lives approximately 2.62 miles (8 minutes traveling time) roundtrip, from her home to Easter Seals Central Alabama. Defendant would not have incurred any travel expenses, but would have eliminated this expense by retaining her in her position as a micro enterprise specialist. **See Plaintiff's Exhibit No. 9.**

4. **Defendant allowed Mr. Haynes to work part-time and denied the plaintiff's request to work part-time.**

*Mr. Haynes:* Defendant allowed Mr. Haynes to work part-time, two days a week, on Mondays and Tuesdays, approximately 5 hrs each day. **See Plaintiff's Exhibits No. 1, No. 3, and No. 4.**

*Plaintiff:* Defendant had a different response to plaintiff when she asked to work part-time. Due to the uncertainty of the plaintiff's employment, and due to Easter Seals Cafeteria, TRACKS Program, and Physical Therapy Program closings between 2004 and 2006, the plaintiff began working on her own management consulting business. As a result, during the September 12, 2006 meeting with Debbie Lynn, Cassandra Cooper, and the plaintiff, <u>when Mrs. Lynn stated that there was a problem funding the full-time micro enterprise specialist's positions and when she asked the plaintiff what she was going to do</u>, the plaintiff informed Mrs. Lynn that she had started her own management consulting business, which was a home-based business. However, she stated that she still needed to work because the business was new and not running at full capacity. Therefore, she asked Mrs. Lynn if she could at least work part-time if there <u>wasn't enough</u>

money to pay her full-time. The <u>plaintiff never stated that she was resigning to focus her efforts on her business</u>. During the September 18, 2006 meeting between the plaintiff and Mrs. Lynn, the defendant told the plaintiff that the Grant did not allow for part-time work. Then, on January 30, 2008, when defendant replied to Plaintiff's Second Request For Interrogatories, she responded, **"At the time, based on the anticipated demands of the Program Defendant did not believe that Plaintiff working part-time was a workable arrangement."** Mrs. Lynn's responses on September 12, 2006, September 18, 2006, and January 30, 2008 are all inconsistent with the September 11, 2006 email message and budget between Susan McKim and Tammy Farmer which shows a salary expense of $31,720.56 for 2 Micro Enterprise Specialists from October 1, 2006 through March 31, 2007. Not only did the defendant have enough money to pay one full-time micro enterprise specialist's salary, but it also had enough money to pay two full-time micro enterprise specialist's salaries. Additionally, during the March/April 2006 meeting, the defendant's managers, Larry F. Lewis and Susan McKim made a promise to the plaintiff that she would have a job if their request for a "no cost extension" was approved. Therefore, the plaintiff believed that she would have a job if the Program was extended, and since the Program was extended through March 31, 2007, the remaining amount of the plaintiff's salary (50% of $31,720.56 or $15, 360.28) was available. **See Plaintiff's Exhibits No. 10, No. 11, No. 12, and No. 13.**

Accordingly, plaintiff pleads to the court to allow her to file a supplement to her motion for a summary judgment in her disparate treatment and wrongful termination

4

claims against the defendant, Easter Seals Central Alabama, based on race and gender. On the matter of disparate treatment, the plaintiff supports her claim by showing the differences that the defendant made between her and William D. Haynes as follows:

i. Defendant offered an independent contract to Mr. Haynes and did not offer this opportunity to the plaintiff.

ii. Defendant paid Mr. Haynes a higher salary per hour than it paid the plaintiff. Specifically, a salary of $40.00 per hour was paid to Mr. Haynes and a salary of $14.42 to $14.78 per hour was paid to the plaintiff for doing the same job as a micro enterprise specialist.

iii. Defendant intentionally sought and hired Mr. Haynes, who lives approximately 200 miles (2 hours, 16 minutes traveling time) roundtrip from his home to Easter Seals Central Alabama, while defendant intentionally terminated plaintiff, who lives approximately 2.62 miles (8 minutes traveling time) roundtrip from her home to defendant's office.

iv. Defendant offered Mr. Haynes part-time work, two days a week, Mondays and Tuesday, approximately 5 hours each day. However, defendant denied plaintiff part-time work by telling her that the Grant didn't allow for part-time work and by telling her that, due to the demands of the Program, defendant didn't believe that it was a workable arrangement.

Based on the foregoing evidence and responses describing the differences that the defendant made between the plaintiff, a Black, African-American, female, and William D. Haynes, a White, Caucasian, male, she pleads that these differences be admitted as evidence in support of her disparate treatment claim against the defendant. As a result,

the plaintiff files a supplement to her motion for a summary judgment in order to admit this evidence as her burden of proof in her claim of disparate treatment against defendant, Easter Seals Central Alabama, based on race and gender discrimination.

                                              */s/ Emily C. Jackson*
                                                    Emily C. Jackson, Pro Se

Emily C. Jackson

605 Wesley Drive

Montgomery, AL 36111

(334) 288-4675

## Certification of Service

I, Emily C. Jackson, do hereby certify on this <u>29</u> day of February 2008 that the information contained in the foregoing is accurate and true to the best of my abilities, and that I have submitted a copy of this document by the United States Postal Service Priority Mail to the following:

Robin A. Adams, Esq.
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

Stephen E. Brown, Esq.
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

*Emily C. Jackson*
Emily C. Jackson, Pro Se

7