IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMILY C. JACKSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07cv315-MEF |
| | ) |
| EASTER SEALS OF | ) |
| CENTRAL ALABAMA, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE AND SUPPORT FOR
MAGISTRATE JUDGE'S RECOMMENDATION
&
PLAINTIFF'S RESPONSE AND OBJECTION IN PART TO
MAGISTRATION JUDGE'S RECOMMENDATION**

COMES NOW, Emily C. Jackson, the plaintiff, in the above-captioned case, and files her response and support for the Magistrate Judge's Recommendation and response and objection only in part to the Recommendation including her summary of claims against Easter Seals Central Alabama, ("Easter Seals") and conclusion.

### I. Response And Support For Recommendation

1. Plaintiff fully supports the recommendation that the stay of her September 7, 2007, motion for summary judgment be lifted.

2. Plaintiff fully supports the recommendation that the motions for summary judgment filed by her be denied pursuant to Rule 56(c) of the Federal Rules of Civil Procedures. In plaintiff's Motion For Summary Judgment, Supplement To Motion For Summary Judgment, and Opposition To Defendant's Motion For Complete Summary Judgment, she set forth specific facts showing that there is a

genuine issue of material facts for trial. In light of plaintiff's motions and objection to defendant's motion, it is obvious that she did not fully understand Summary Judgment Standard because she clearly demonstrated specific facts showing a genuine issue of material facts for trial. Consequently, she was unclear and unaware that a summary judgment could not be granted when specific facts and material evidence can be presented, proven, and tried. Nonetheless, plaintiff supports this recommendation. (Doc. No's 84, 85 & 96 )

3. Plaintiff fully supports the recommendation that the defendant's motion for summary judgment in respect to her wrongful termination claim should be denied. "The court concludes that Jackson's complaint raises a wrongful termination claim." Plaintiff will continue to support her wrongful termination claim by presenting arguments and evidence which show a genuine issue of material facts for trial and that Easter Seals' reason for terminating her was a pretext for discrimination based on her race and gender. (Doc. No. 102, pp. 12-13, 20-22)

## II. Response And Objection In Part To Recommendation

With all due respect to the Magistrate Judge's Recommendation, plaintiff files this objection to the recommendation that defendant's motion for summary judgment with respect to her disparate treatment claim be granted and that this claim be dismissed for the following reasons:

1. According to the Recommendation, defendant's motion for summary judgment regarding plaintiff's disparate treatment claim was granted "because she has not demonstrated that she is similarly situated to

2

individuals outside her protected class who were treated more favorably than her." Plaintiff's objection to this conclusion is that she was similarly situated with William D. Haynes because Haynes' work status has not been determined by the court that he was an independent contractor. **"Other circumstances lean toward a determination that Haynes was an employee."** (Doc. No. 102, p. 17, ¶ 2; p. 24, ¶ 1).

2. Plaintiff further argues that defendant misclassified Haynes as an independent contractor when he was an employee during the six-month extension, October 1, 2006 through March 31, 2007. Specifically, in plaintiff's May 11, 2007 Motion to Amend, she argued that William D. Haynes was not an independent contractor based on the IRS 20-Factor Analysis. Plaintiff explained that the defendant had **"provided office space"** for Haynes, and had paid for his office rent, utilities, equipment, and supplies. Plaintiff further argued that defendant had scheduled Haynes' **"office hours and controlled his work assignments"** and that Haynes **"was under the principal control of Defendant,"** according to the Micro Enterprise Specialist Job Description attached. (Doc. No. 10, p. 6, ¶ 18, Exs. H18-H19).

3. Also, during this Grant extension period, defendant required that Haynes perform his duties in full compliance with the original ACE Grant, which specifically spelled out the details of the Micro Enterprise (Demonstration) Program and the responsibilities of the micro enterprise specialist. (Doc. No. 10, Ex. H11-H14, H18-H19)

3

4. On the other hand, the ACE Grant Extension for the period of October 1, 2006 through March 31, 2007, covered budgetary and financial data and was an addendum to the original ACE Grant. According to the ACE Grant Extension-Budget, defendant paid for Haynes' staff travel and conference; rent, utilities, and maintenance; office supplies, postage, software, desktop supplies, books, and training aids; equipment; copier service, lease, connection, and repairs; audit; evaluation; area meeting expenses; professional membership dues; staff development; business insurance; and program evaluation assessment. Since the foregoing identifies specific facts regarding whether Haynes was an employee or an independent contractor, plaintiff continues to argue that he was an employee. (Doc. No. 10, p. 6, ¶ 18, Exs. H3-H8; Doc. No. 84, Exs. 4-5, 10-11, 14-16, 18-20; Doc. No. 85, Ex.10-11; McKim's Decl., Doc. No. 88-6, Ex. B; Doc. No. 96, Exs. 14-21)

5. Plaintiff pleads to the court to reconsider the undisputed evidence that she pled in her Supplement To Motion For Summary Judgment which supports her disparate treatment claim against Easter Seals. In this document Haynes' personal services contract, pay invoices, and travel expense records, and plaintiff's first and last pay stub present material facts that identify how Haynes was treated more favorably than the plaintiff during the six-month ACE Grant Extension. These differentials include contract opportunity, pay, part-time work hours, and travel. In addition, the September 18, 2006 termination letter from

4

          Lynn also presents material fact that plaintiff was adversely affected when Easter Seals terminated her employment on September 29, 2006. (Doc. Nos. 84, Ex. 3, Doc. No. 85, Exs. 1, 3-6, & Doc. No. 96, Exs.1-11)

6.     The Court also raises questions about Haynes' work relationship with Easter Seals Central Alabama as an independent contractor and cites evidence of a "personal services agreement" on one hand. On the other hand, the court states that **"other circumstance lean toward a determination that Haynes was an employee"** including the fact that **"Easter Seals has presented no facts concerning the degree of control and supervision exercised over Haynes."** The court also cited evidentiary materials which illustrate that Haynes basically performed the same job duties and held the same job title as plaintiff; and, that Easter Seals sought a qualified applicant for the micro enterprise specialist position four days before hiring Haynes. **"Given Easter Seals' failure to present any facts concerning the degree of control and supervision exercised over Haynes, this court cannot properly consider Haynes as an independent contractor."** (Doc. No. 10, p. 6, ¶ 18, Exs. H18-H19, Doc. No. 102, pp. 16-17)

7.     Plaintiff shares the same concerns about Haynes' work status as an independent contractor just as the Court does; and, continues to support the Court's reference to evidence showing that Haynes was an employee, held the title of micro enterprise specialist, and performed

the same duties as plaintiff which were regulated by the original ACE Grant during the six-month extension. Moreover, Easter Seals <u>supervised and controlled Haynes' office location and work activities, required that he perform his duties as a micro enterprise specialist pursuant to the ACE Grant, and required that he attend the Annual Workforce Development Division (WDD) Conference Training in Birmingham, AL, October 11-13, 2006,</u> as required by full-time micro enterprise specialists working in the Micro Enterprise Program. The Ace Grant and Haynes' contract, time sheets, pay invoices, travel expense records, and conference training and parking receipts provide undisputed evidence that Haynes was an employee, held the same title of micro enterprise specialist as plaintiff, performed the same duties as a micro enterprise specialist, and attended the required Annual Workforce Development Division Conference as a full-time micro enterprise specialist employee. (Doc. No. 10, Exs. H11-H14, H18-H19; Doc. No. 84, & Doc. No. 85, Exs. 1, 3-6, Doc. No. 96, Exs. 1-11, **Plaintiff's Ex. A-Haynes'** *WDD Conference Training & Parking Receipts and the Micro Enterprise Specialist Job Description)*

8. Since plaintiff agrees with the Court's acknowledgement that evidence shows that Haynes was an employee of Easter Seals, held the same title of micro enterprise specialist, and performed the same job duties as plaintiff, she argues that she was similarly situated with Haynes who was a non-minority Caucasian and male employee. Therefore, **"the**

question of whether the plaintiff is similarly situated with non-minority employees is critical." Also Haynes was allowed to work part-time hours while Debbie Lynn adamantly denied the plaintiff part-time work hours, **"At the time, based on the anticipated demands of the Program, Defendant did not believe that Plaintiff working part-time was a workable arrangement."** In support of plaintiff's arguments, she has presented undisputed evidence and specific facts showing a genuine issue of material facts for trial regarding her disparate treatment claims against defendant. These undisputed facts include copies of the ACE Budget, copies of Haynes' contract, pay invoices, time sheets, training conference and parking receipts, and copies of plaintiff's pay stubs. Moreover, Haynes was treated more favorably than plaintiff when he was allowed to work part-time and she was denied part-time work hours by Debbie Lynn, Easter Seals Administrator, who stated that Jackson **'working part-time'** would not be a **'workable arrangement'** to meet the demands of the Micro Enterprise Program. Also, in Lynns' Supplemental Declaration, she stated, **"after discussing Ms. Jackson's part-time proposal with Dr. McKim, I determined that, based on the anticipated schedule and needs of the Program...Ms. Jackson's part-time proposal would not be effective or satisfactory for the Program."** However, by Lynn hiring Mr. Haynes to work part-time, his **'working part-time'** was a **'workable arrangement'** and was **'effective or satisfactory for the**

7

**Program.'** Consequently, plaintiff "was subjected to an adverse employment action" when Easter Seals terminated her employment on September 29, 2006. Additionally, Haynes was treated more favorably than the plaintiff when he was paid $40 per hour for performing the same job duties while the plaintiff was paid $14.78 per hour. Furthermore, defendant hiring Haynes resulted in higher travel expenses in comparison to plaintiff. As a result, defendant incurred higher travel expenses to hire Haynes as a micro enterprise specialist than it would have incurred by retaining plaintiff in this same position. (Doc. Nos. 84, Exs. 4-5, 10-11, 14-16, 18-20, Doc. No. 85, Exs. 1, 3-6, 10-13, Doc. No. 96, Exs. 1-11, 102-1, pp. 22-23; Jackson's Dep., pp. 341, 361-364, Lynn's Supp. Dec., p. 4-5, ¶ 9-11, **Plaintiff's Ex. A-Haynes'** *WDD Conference Training & Parking Receipts and the Micro Enterprise Specialist Job Description*)

### III. Summary

Based on the foregoing, plaintiff pleads to this Honorable Court to allow her to present arguments and evidence that show a genuine issue of material facts for trial with respect to the following claims against defendant, Easter Seals Central Alabama, where defendant violated plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), in each of the following counts:

#### Count I

Wrongful Termination based on race discrimination. Defendant's justification for terminating plaintiff on September 29, 2006 was a pretext for discrimination based on

race, and "...**the September 18, 2006, letter...indicates that Lynn's proffer that she was under the impression that Jackson did not wish to continue her employment is not worthy of belief.**" (Doc. No. 102, p. 21)

### Count II

Wrongful Termination based on gender discrimination. Defendant's justification for terminating plaintiff on September 29, 2006 was a pretext for discrimination based on gender, and "...**the September 18, 2006, letter...indicates that Lynn's proffer that she was under the impression that Jackson did not wish to continue her employment is not worthy of belief.**" (Doc. No. 102, p. 21)

### Count III

Disparate Treatment based on race discrimination. Plaintiff establishes a prima facie case for disparate treatment based on race discrimination. Plaintiff argues that she was similarly situated as William D. Haynes because Haynes was not an independent contractor, but was a non-minority, Caucasian and male employee. Plaintiff also argues that Haynes was treated more favorably than her based on his opportunity for a contract, part-time work hours, higher pay, and higher travel expenses. Plaintiff further argues that she suffered an adverse employment action when defendant terminated her on September 29, 2006.

### Count IV

Disparate Treatment based on gender discrimination. Plaintiff establishes a prima facie case for disparate treatment based on gender discrimination. Plaintiff argues that she was similarly situated as William D. Haynes because Haynes was not an independent contractor, but was a non-minority, Caucasian and male employee. Plaintiff also argues

9

that Haynes was treated more favorably than her based on his opportunity for a contract, part-time work hours, higher pay, and higher travel expenses. Plaintiff further argues that she suffered an adverse employment action when defendant terminated her on September 29, 2006.

## IV. Conclusion

Based on the plaintiff's support of the Magistrate Judge's Recommendation: Section VI. Conclusion Nos. 1, 2, and 4, the plaintiff pleads to the court to allow her to support her claims of wrongful termination against defendant, Easter Seals Central Alabama, by presenting arguments and evidence for trial that demonstrate that defendant's justification for terminating her was as a pretext for race and gender discrimination. Plaintiff further pleads that her arguments and evidence support her wrongful termination claims and demonstrate a genuine issue of material facts for trial.

In regards to the plaintiff's objection in part to the Magistrate Judge's Recommendation: Section VI. Conclusion No. 3, she argues that she was similarly situated with Haynes, he was a non-minority, Caucasian and male employee, and he was treated more favorably than her. Plaintiff also argues that she was subjected to an adverse employment decision as a result of Easter Seals terminating her employment on September 29, 2006. Moreover, plaintiff claims that she has established a prima facie case for disparate treatment based on race and gender discrimination.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedures, plaintiff has presented material facts and undisputed evidence to the Court which support her disparate treatment claims, and these material facts and evidence cannot be decided in a summary judgment: the original ACE Grant, the ACE Subrecipient Grant Agreement (Extension);

Haynes' contract, time sheets, pay invoices, travel pay records, conference training and parking receipts, office location *(housed in the Micro Enterprise Office, where plaintiff worked, at Easter Seals Central Alabama's principal business location, 2125 East South Boulevard, Montgomery, AL 36116, and under the principal control and supervision of defendant)*, and Haynes' work activities *(controlled and supervised by defendant pursuant to the ACE Grant & Extension, and Easter Seals Central Alabama Employee Handbook)*; plaintiffs pay stubs; and the Micro Enterprise Specialist Job Description. Defendant also failed to **"make specific reference to the following provisions of Rule 56(e) Federal Rules of Civil Procedure"** in its response to plaintiff's motion and supplemental motion for summary judgment. (Doc. 90, p. 1, ¶ 3, p. 2, ¶ 2)

Based on the plaintiff's arguments, material facts, undisputed evidence, and satisfaction of the **"prima facie case of disparate treatment under Title VII…,"** the defendant's motion for summary judgment with regards to plaintiff's disparate treatment claims should not be granted. In light of the foregoing arguments, material facts, and undisputed evidence, plaintiff prays to this Honorable Court to reverse its determination that granted the defendant's motion for summary judgment and dismissed her disparate treatment claim, and allow her to demonstrate specific facts which show a genuine issue of material facts for trial with respect to her disparate treatment claims against Easter Seals Central Alabama. (Doc. Nos. 1, 10, 84, 85, 90, 96, 102, p. 22-23)

*Emily C. Jackson*
Emily C. Jackson, Pro Se

Enclosures
**Exhibit A:** Copies of Haynes' Workforce Development
Division Conference Training & Parking Receipts and
the Micro Enterprise Specialist Job Description

Emily C. Jackson

605 Wesley Drive

Montgomery, AL 36111

(334) 288-4675

## Certification of Service

I, Emily C. Jackson, do hereby certify on this 13th day of May 2008 that the information contained in the foregoing is accurate and true to the best of my abilities, and that I have filed a copy of this document with the United States District Court For The Middle District of Alabama, and that I have submitted a copy by the United States Postal Service Priority Mail to the following:

Robin A. Adams, Esq.,
One of the Attorney's For
Easter Seals Central Alabama
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

Stephen E. Brown, Esq.,
One of the Attorney's for
Easter Seals Central Alabama
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

*Emily C. Jackson*
Emily C. Jackson, Pro Se

12

# Exhibit A



Jackson/ESCA
0054



Jackson/ESCA
0055



RECEIPT 52665

RECEIVED FROM William D. Haynes
Address Easter ___
For Doctor ___ Ireland ___
DOLLARS $200.00
PAID 200.00
BY Mary S. Harvey

BJCC
PARKING DECK

Fee Computer Number:            2
Cashier:              HOYLE ID #2
Transaction Number:           103
Entered:       10/13/06 08:07 AM
Exited:        10/13/06 01:00 PM
Rate:                      RATE A
Total Fee:                  $5.50
Cash:                       $5.50

         THANK YOU

Jackson/ESCA
0056

# JOB DESCRIPTION

EXHIBIT H-18 

IDENTIFICATION

Job Title: Micro-enterprise Specialist
Department: Program Management
Location: CAESRC

FLSA Status: Non-exempt
Code:
Reports to: Program Director

## JOB SUMMARY

Under direction of the Program Director develops Individualized Employment Plans, assists in planning and executing micro-enterprise program, schedules visits, arrange meetings and coordinate work site visits; assesses client needs, determines appropriate micro-enterprise placements and readiness for proceeding with an entrepreneurial venture, counsels clients, coordinates activities pertaining to client program participation, and confirms appointment dates; provides clients with information pertaining to ACE and the entrepreneurial program. reviews client handbook, policies, procedures and program services; designs and maintains filing system, documents logs, stores information, and retrieves materials, files or documents from files; prepares a series of reports and submits to appropriate personnel; acquires and maintains knowledge and skills through participating in professional improvement activities and willingly performs additional tasks in support of the department's administration as needed or upon request.

## DUTIES AND RESPONSIBILITIES

**A. Planning and Administration** - Reviews laws, regulations and procedures relating to employment of disabled individuals and business practices in Alabama. Arranges and develops Individualized Employment Plans in conjunction with clients. Assists clients in planning and executing the plan. Plans scheduled visits to Alabama's incubator programs and One-Stop Centers throughout the state. Arranges meetings with clients to review monthly progress reports. Coordinates with ACE partners and others to recruit and enroll prospective clients for the ACE program. Coordinates with Job Placement Specialist throughout the state to explore entrepreneurial opportunities and securing documents for program participation.

**B. Intake and Client Services** - Schedules interviews with new clients to discuss services and program options. Assesses individual client needs and determines appropriateness for the program. Periodically visits work sites to check clients' progress. Counsels clients with issues related to the ACE program. Contacts Transportation Department to coordinate transportation to and from appointments. Coordinates with client residential housing facility personnel on mutual issues related to the clients' progress. Coordinates with referring agency on issues related to client needs not provided by ACE. Carries out or recommends disciplinary actions. Confirms and/or arranges appointment dates for clients. Converses with clients to ensure that proper steps are followed and program schedules are carried out. Contacts referring Vocational Rehabilitation Counselors and other ACE partners to coordinate program participant services. Coordinates with Job Coach when needed regarding client job performance and progress. Assists in securing proper tax documents for clients participating in paid areas of training.

## DUTIES AND RESPONSIBILITIES (CONTINUED)

**C. Direct Training for Clients** - Conducts training seminars and individual training for ACE program participants. Maintains client work folders to include referral form, basic intake data and schedule information. Maintains and Updates client folders with information and documents client / staff conferences. Maintains a log of new or prospective client contacts.

D. **Professional Development** - Attends seminars and conferences on business management and rehabilitation of the disabled. Carries out program of personal professional development such as reading professional literature and taking academic classes. Views audiovisual material provided by supervisory staff.

## JOB SPECIFICATIONS

**Knowledges, Skills and Abilities**
Knowledge of principles and concepts of business management, program planning and administration. Knowledge of program management procedures and methods. Knowledge of federal and state laws, regulation and guidelines for Citizens with Disabilities. Knowledge of policies, procedures of basic business practices. Reading skills to comprehend client files, reports, laws, regulations and guidelines and similar moderately complex material. Writing skills to schedule appointments, complete forms and document logs. Math skills to add, subtract, multiply, divide and do simple calculations. Verbal and non-verbal skills to communicate with clients and individuals having special needs by reassurance and listening. Skill to operate fax machine, copier and four function calculator. Supervisory skills to plan and assign work, conduct on the job training, orientation, counsel employees and prepare progress reports. Ability to analyze situations and make sound decisions. Ability to work independently and implement CAESRC policies on Center functions.
Ability to work as a member of a team.

**Credentials and Experience**
Hold a Bachelor's degree in Business Administration or significant success an entrepreneur. Background or experience in working with individuals with physical or mental disabilities perferred.

**Other Characteristics**
Be willing to work non-standard hours, overtime, weekends or holidays if required. Be willing to wear appropriate business attire.

## APPROVALS

| Name | Title | Date |
|------|-------|------|
|      | Administrator |  |
| Name | Title | Date |

\* Note
CAESRC = Central Alabama Easter Seals Rehabilitation Center

C - 7

EXHIBIT H-19